UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DWIGHT J. LOVING<br>U.S. Disciplinary Barracks<br>1300 N. Warehouse Rd.<br>Fort Leavenworth, KS 66027-1363<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>Office of the General Counsel<br>1600 Defense Pentagon<br>Washington, DC 20301-1600<br><br>and<br><br>UNITED STATES DEPARTMENT OF THE ARMY<br>Office of the General Counsel<br>104 Army Pentagon<br>Washington, DC 20310-0104,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq. Plaintiff seeks declaratory, injunctive and other appropriate relief for the release of agency records requested by Plaintiff from the Department of Defense and the Department of the Army.

**Jurisdiction and Venue**

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(E)(iii) as well as

5 U.S.C. §§ 552a(g)(1), 552a(g)(5). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361. In addition, this Court has jurisdiction pursuant to the APA, 5 U.S.C. §§ 701-706. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rules of Civil Procedure 57 and 65.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5). Venue also lies in this district under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the jurisdiction.

### Parties

4. Plaintiff Dwight J. Loving ("Loving") is a court-martial ordered, death sentenced United States Army servicemember. Pursuant to Article 71(a) of the Uniform Code of Military Justice, Loving's death sentence may not be carried out until it has been approved by the President of the United States. On January 23, 2006, the case of *U.S. v. Dwight Loving* was forwarded to the White House for Presidential review. Despite ongoing habeas corpus proceedings, Presidential review has not been stayed by any court and thus the President may approve or alternatively commute Loving's death sentence at any time. Plaintiff is indigent and has been represented by pro bono counsel.

5. Defendant Department of Defense ("DOD") is a Department of the Executive Branch of the United States Government. DOD is an "agency" within the meaning of 5 U.S.C. § 552(f). It has possession of and control over the records sought by Plaintiff.

6. Defendant Department of the Army ("Army") is a Department of the Executive Branch of the United States Government. Army is an agency within the meaning of 5 U.S.C. § 552(f). It has possession of and control over the records sought by Plaintiff.

- 3 -

## STATEMENT OF FACTS

7. On information and belief, it has been almost half a century since the United States military last carried out an execution of a condemned servicemember, early in the Presidency of John F. Kennedy.

8. In April 1989, Loving was convicted of attempted murder, premeditated murder, felony murder, and four specifications of robbery, in violation of Uniform Code of Military Justice ("UCMJ") Articles 80, 118, and 122, 10 U.S.C. §§ 880, 918, and 922, respectively. He was sentenced to death, a dishonorable discharge, and forfeiture of all pay and allowances. Loving's death sentence was appealed and later affirmed by the United States Supreme Court. *Loving v. United States*, 517 U.S. 748 (1996). Extensive further litigation ensued over the next decade. Finally, a petition for writ of habeas corpus was filed in February 2006 with the United States Court of Appeals for the Armed Forces ("CAAF"), requesting that Loving's death sentence be set aside. CAAF Misc. Dkt. No. 06-8006/AR. Oral argument was heard on May 16, 2006 but CAAF has not yet ruled on the petition.

9. On January 17, 2006, a major revision to Army Regulation 190–55 was released which established responsibilities, policy, and procedures for carrying out a sentence of death, as imposed by general courts-martial or military tribunal, per the UCMJ and the Manual for Courts-Martial, United States.

10. Six days later, on January 23, 2006, the case of *U.S. v. Dwight Loving* was forwarded to the White House for Presidential review of Loving's death sentence.

11. Only the President of the United States, as the Commander-in-Chief, can order a court-martial adjudged death sentence to be carried out, in accordance with Article 71(a) of the

Uniform Code of Military Justice. Specifically, Article 71(a) provides this super-sentencing authority of the President:

> If the sentence of the court-martial extends to death, that part of the sentence providing for death may not be executed until approved by the President. In such a case, the President may commute, remit, or suspend the sentence, or any part thereof, as he sees fit. That part of the sentence providing for the death may not be suspended.

10 U.S.C. § 871(a).

12. Following review of a capital case by the United States Supreme Court, pursuant to Rules for Courts-Martial ("R.C.M.") 1204(c)(2) and 1205(b), The Judge Advocate General ("TJAG"), Department of the Army, makes a recommendation to the Secretary of the Army concerning action by the President and that recommendation is transmitted to the President.

13. According to a June 30, 2006 Memorandum ("Memorandum") from Colonel Flora D. Darpino, Chief, Criminal Law, Department of the Army, Office of the Judge Advocate General to Colonel John T. Phelps II, Chief, United States Army Defense Appellate Division, the recommendation of TJAG concerning Plaintiff Loving has already been transmitted to the President for his consideration.

14. The Memorandum alleges that "there is no requirement to give counsel or the accused any documents forwarded to the President in a capital case." Consequently, despite repeated requests, Loving has not been given the opportunity to review, much less comment upon, the recommendation of TJAG to the Secretary of the Army and the President, concerning whether Loving's death sentence should be approved or commuted.

15. Nor has Loving been furnished with copies of any of the other materials required by R.C.M. 1204(c)(2) to be forwarded to the President, including "the decision of the Court of Appeals for the Armed Forces." Loving has been unable to verify whether the President has been provided with CAAF's December 20, 2005 decision in *Loving v. U.S.*, 62 M.J. 235, which

advised that he could file a habeas petition to request that his death sentence be set aside. That habeas petition, now pending before CAAF, argues that the conduct of Loving's trial defense counsel was wholly deficient in failing to adequately investigate mitigation evidence critical to sentencing. Such mitigation evidence, now plainly apparent and presented in the habeas petition, demonstrates Loving's tormented life involving violence and child abuse in his family, drug and alcohol abuse, and a childhood during which he was regularly beaten and even shot four times ("mitigation evidence").

16. Loving has been unable to verify whether the President has been advised of the mitigation evidence, or whether TJAG considered the mitigation evidence in making its recommendation to the President.

## PLAINTIFF'S FOIA/PRIVACY ACT REQUESTS AND DEFENDANTS' FAILURE TO TIMELY COMPLY WITH PLAINTIFF'S REQUESTS

17. By letters dated August 11, 2005, Plaintiff's counsel sent each of DOD's Directorate for Freedom of Information and Army's Office of the Judge Advocate General ("OTJAG") a FOIA/Privacy Act request on behalf of Plaintiff (each, hereinafter, an "initial request") by U.S. first class mail seeking access to the following:

- (a) documents that set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision;

- (b) documents dated between January 1, 1994 and the present discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action;

- (c) documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President;

(d) documents dated January 1, 1994 or later containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted;

(e) documents containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted; and

(f) documents dated January 1, 1994 or later generated within the Department of the Army or the Department of Defense pertaining to PVT Loving's death sentence.

Counsel's initial requests on behalf of Plaintiff included a Form DOJ-361 (Certification of Identity) executed by Plaintiff authorizing the release of information to Plaintiff's counsel.

18.  Plaintiff's initial requests sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) because "failure to obtain these requested records could reasonably be expected to pose an imminent threat to PVT Loving's life."

19.  By letter dated August 26, 2005, Colonel Flora D. Darpino of Army's OTJAG acknowledged receipt of Loving's request and stated that there would be a delay but that the "request will be processed as soon as possible."

20.  By letter dated September 8, 2005, DOD assigned Loving's request as case number 05-F-2296 and granted the request for expedited processing.

21.  On January 31, 2006, counsel for Plaintiff in this Complaint, contacted by telephone Captain Carol Brewer of Army's OTJAG. Upon inquiring about the status of Plaintiff's FOIA/Privacy Act initial request, Plaintiff's counsel in this Complaint was advised by Captain Brewer that Army's OTJAG was in the final stage of reviewing OTJAG materials with about 150 pages remaining to be reviewed. However, Captain Brewer also stated that DOD had indicated they had additional materials for OTJAG to review as well.

22.     By letters dated January 31, 2006 transmitted by facsimile, counsel on behalf of Plaintiff sent each of DOD and Army's OTJAG an administrative appeal (each, hereinafter, an "administrative appeal") for failure to provide a response determination to the respective FOIA/Privacy Act request. In particular, Plaintiff had not received a single document or any other substantive response to the initial requests. The failure to provide a response determination within the statutory time limits was construed as a denial from which Plaintiff appealed. Counsel's administrative appeals on behalf of Plaintiff included a Form DOJ-361 (Certification of Identity) executed by Plaintiff authorizing the release of information to Plaintiff's counsel in this Complaint.

23.     The January 31, 2006 appeal to Army's OTJAG also related to a FOIA/Privacy Act request sent by counsel on behalf of Plaintiff to the U.S. Army Resources and Programs Agency ("USARPA") on August 11, 2005, which was assigned tracking number FA-05-547 and was forwarded to OTJAG, Criminal Law Division, as explained by letter from USARPA dated September 20, 2005. In addition, this appeal to OTJAG related to a FOIA/Privacy Act request sent by counsel on behalf of Plaintiff to the Pardon Attorney, U. S. Department of Justice ("DOJ") on August 11, 2005, which was assigned request no. 2005-33. Subsequently, by letter dated January 26, 2006, DOJ informed counsel for Plaintiff that responsibility had been referred to Army to decide whether to release 80 pages of documents identified by DOJ but that originated with the Army.

24.     By letter dated February 9, 2006, DOD provided 133 pages of significantly redacted material and stated that another 186 pages were forwarded to Army for processing and direct response to Plaintiff.

25. By letter dated April 7, 2006, transmitted by facsimile with a confirmation copy sent by U.S. first class mail, Plaintiff sent DOD a second administrative appeal ("second administrative appeal"). In particular, Plaintiff appealed the denial of information and requested for any records or portions thereof that were withheld or deleted, a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal is based.

26. By letter dated April 14, 2006, DOD acknowledged the second administrative appeal, stated that the appeal would be "expedited," and stated that because the second appeal also concerned Army the DOD also forwarded it to Army for direct response to Plaintiff.

27. Despite telephone calls by Plaintiff's counsel in this Complaint to DOD and Army on September 21, 2006 inquiring about the status of Plaintiff's FOIA/Privacy Act requests/appeals, Plaintiff has not been provided with any further status information from DOD or any documents from Army, as of the filing of this Complaint.

28. Plaintiff has not received any further response to the second administrative appeal to DOD.

29. Plaintiff has not received any written acknowledgment of the administrative appeal to Army.

30. Plaintiff has not received a single document or any other substantive response to the initial request or administrative appeal to Army. Army has not provided a direct response to Plaintiff concerning any materials identified by Army or referred to Army by DOD or DOJ.

31. According to the June 30, 2006 Memorandum from Army's OTJAG – which was not sent to Plaintiff – "there is no requirement to give counsel or the accused any documents forwarded to the President in a capital case."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. DOD has failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B). Plaintiff has exhausted any and all administrative remedies with respect to DOD in this matter. 5 U.S.C. § 552(a)(6)(C).

33. Army has failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B). Plaintiff has exhausted any and all administrative remedies with respect to Army. 5 U.S.C. § 552(a)(6)(C).

### First Cause of Action:

### Violation of the Freedom of Information Act for Failure Timely to Respond to Request for Agency Records

34. Plaintiff repeats and realleges paragraphs 1-33.

35. Plaintiff has a legal right to obtain a determination concerning the FOIA requests he made through counsel beginning on August 11, 2005 to DOD and Army, and there exists no legal basis for Defendants' failure to respond and make available the requested records.

36. Defendants' failure to make promptly available the records sought by Plaintiff's requests violates 5 U.S.C. §§ 552(a)(3)(A) and 552(a)(6)(A) as well as the DOD and Army regulations promulgated thereunder.

37. Unless relief is promptly and permanently granted by this Court, Plaintiff will suffer great and irreparable damage and injury, in part, because he will be unable to thoroughly argue to the President that his court-martial imposed death sentence should be commuted rather than approved by the already pending Presidential review process. Without relief granted by this Court, Plaintiff cannot determine whether the mitigation evidence weighing strongly in favor of

commutation of his death sentence has satisfactorily and persuasively, or ever, been presented to the President.

### Second Cause of Action:

### Violation of the Privacy Act for
### Failure Timely to Respond to Request for Agency Records

38.     Plaintiff repeats and realleges paragraphs 1-33.

39.     Plaintiff has a legal right to obtain a determination concerning the Privacy Act requests he made through counsel beginning on August 11, 2005 to DOD and Army, and there exists no legal basis for Defendants' failure to respond and make available the requested records.

40.     Defendants' failure to make promptly available the records sought by Plaintiff's requests violates 5 U.S.C. §§ 552a(d) as well as the DOD and Army regulations promulgated thereunder.

41.     Unless relief is promptly and permanently granted by this Court, Plaintiff will suffer great and irreparable damage and injury, in part, because he will be unable to thoroughly argue to the President that his court-martial imposed death sentence should be commuted rather than approved by the already pending Presidential review process.  Without relief granted by this Court, Plaintiff cannot determine whether the mitigation evidence weighing strongly in favor of commutation of his death sentence has satisfactorily and persuasively, or ever, been presented to the President.

### Third Cause of Action:

### Violation of the Administrative Procedure Act for
### Failure Timely to Respond to Request for Agency Records

42.     Plaintiff repeats and realleges paragraphs 1-33.

43.     Defendants' failure to timely respond to Plaintiff's request for agency records constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA, 5 U.S.C. §§ 701-06. Defendants' failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

44.     Unless relief is promptly and permanently granted by this Court, Plaintiff will suffer great and irreparable damage and injury, in part, because he will be unable to thoroughly argue to the President that his court-martial imposed death sentence should be commuted rather than approved by the already pending Presidential review process. Without relief granted by this Court, Plaintiff cannot determine whether the mitigation evidence weighing strongly in favor of commutation of his death sentence has satisfactorily and persuasively, or ever, been presented to the President.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants, and that:

(a) Defendants and any of Defendants' agents or other persons, departments, or components acting for, with, by, through or under them be enjoined and restrained from continuing to withhold information relevant to Plaintiff's requests under the Freedom of Information Act and the Privacy Act and in violation of the APA;

(b) the Court order Defendants to disclose the requested records in their entireties and make copies available to Plaintiff;

(c) the Court provide for expeditious proceedings in this action in view of the already pending Presidential review process concerning Plaintiff's court-martial ordered death sentence;

(d) the Court enter a judgment awarding Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), 5 U.S.C. § 552a(g)(3)(B), and 28 U.S.C. § 2412; and

(e) the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

Dated:  September 26, 2006

Respectfully submitted,

/s/ Seth A. Watkins

Seth A. Watkins (D.C. Bar # 467470)
Charles F. Schill (D.C. Bar # 230326)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel. (202) 429-8090
FAX (202) 429-3902

Of Counsel:
Teresa L. Norris*
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
Tel. (803) 765-1044
FAX (803) 765-1143

* moving for *pro hac vice* admission

*Attorneys for Plaintiff Dwight J. Loving*