UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————

DWIGHT J. LOVING,                                    )
                                                     )
                Plaintiff,                           )
                                                     )
        v.                                           )        Civil Action No. 1:06-cv-1655 (ESH)
                                                     )
UNITED STATES DEPARTMENT                             )
OF DEFENSE and UNITED STATES                         )
DEPARTMENT OF THE ARMY                               )
                                                     )
                Defendants.                          )
———————————————————————

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, defendants, the United States Department of Defense and

Department of the Army, respectfully move for summary judgment on the claims of plaintiff,

Dwight J. Loving.  In support thereof, the Court is respectfully referred to the accompanying

Memorandum in Support of Defendants' Motion for Summary Judgment, the Defendants'

Statement of Material Facts, the supporting declarations, and exhibits.

Dated: March 30, 2007                          Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General, Civil Division

                                               JEFFREY A. TAYLOR
                                               United States Attorney

                                                      /s/ Jean Lin
                                               ELIZABETH J. SHAPIRO (DC#418925)
                                               JEAN LIN
                                               Federal Programs Branch, Civil Division
                                               United States Department of Justice
                                               20 Massachusetts Ave., N.W.
                                               Washington, D.C.  20530

                                               Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| DWIGHT J. LOVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-1655 (ESH) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF DEFENSE and UNITED STATES | ) | |
| DEPARTMENT OF THE ARMY | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy

Act, 5 U.S.C. § 552a, plaintiff Dwight Loving, an Army private who has been sentenced to death

by a general court-martial, seeks from the Department of the Defense ("DoD") and Department

of the Army ("Army") documents relating to whether his death sentence should be approved,

remitted, or commuted by the President and the procedures for transmitting his case to the

President.  Under Article 71(a) of the Uniform Code of Military Justice ("UCMJ"), presidential

approval is required before a military death sentence may be executed.  10 U.S.C. § 871(a).  The

President, as the Command-in-Chief, may also remit or commute a death sentence.  *Id.*

As the accompanying declarations demonstrate, DoD and the Army have discharged all of

their statutory obligations under FOIA and the Privacy Act; they have conducted searches that

were reasonably calculated to discover all potentially responsive documents, and have withheld

only those documents or information that fall within a specific FOIA or Privacy Act exemption.

Accordingly, defendants are entitled to judgment as a matter of law.

## FACTUAL BACKGROUND

### A.    Loving's Court Martial

In 1989, Loving, an Army private stationed at Fort Hood, Texas, was convicted of felony

murder, premeditated murder, attempted murder, and robbery under Article 118 of the UCMJ,

and was sentenced to death by a general court-martial.  *See Loving v. United States*, 517 U.S.

748, 751 (1996).  His conviction and sentence were affirmed on direct appeal by the United

States Court of Appeals for the Armed Forces in 1994, *see United States v. Loving*, 41 M.J. 213

(1994), and the United States Supreme Court affirmed his sentence in September 1996, *see

Loving*, 517 U.S. 748.

In the decade following the Supreme Court's decision, Loving pursued collateral review

without success.  *See Loving v. United States*, 52 M.J. 235, 238 (2005) (summarizing the

appellate history of the case on direct and collateral review).  The case, however, is not final until

the President acts on the death sentence because Article 71(a) of the UCMJ provides that "[i]f the

sentence of the court-martial extends to death, that part of the sentence providing for death may

not be executed until approved by the President."  10 U.S.C. § 871(a); *see also* Rule 1207 of

Manual for Courts-Martial ("R.C.M.") ("No part of a court-martial sentence extending to death

may be executed until approved by the President.").  Under the Article 71(a) of the UCMJ, the

President may also commute or remit the sentence.  10 U.S.C. § 871(a).

### B.    Procedure for Presidential Review of Military Capital Cases

There has not been an execution of a serviceman for more than 40 years.  Declaration of

Colonel Flora D. Darpino ("Darpino Decl.") ¶ 15.  In the late 1990s, when Loving's case

appeared to be approaching the point where it might be forwarded to the President for action,

DoD's Office of General Counsel initiated a project to consider standardizing the review

applicable to capital cases for all the Military Departments and to develop a DoD directive that

would set forth those standardized procedures.  Declaration of Robert E. Reed ("Reed  Decl.")

¶ 2.  Ultimately, no directive, policy, or procedure was adopted as a result of this project.  *Id.*

  Currently, the only procedure relevant to transmitting a military capital case to the

President is provided in R.C.M. 1204(c)(2), which requires the Judge Advocate General to

transmit his or her recommendation, the record of trial, and the decisions of the Court of

Criminal Appeals, the Court of Appeals for the Armed Forces and the Supreme Court to the

Secretary concerned for the action of the President.  *See also* Army Regulation 190-55 ("U.S.

Army Corrections System:  Procedures for Military Executions") (providing that the Judge

Advocate General will also transmit any clemency petition by the prisoner and/or counsel).

  R.C.M. 1204(c)(2), as is the case with the rest of the Manual for Courts-Martial, is

subject to the ongoing review of the Joint Service Committee ("JSC") on Military Justice, which

is a committee comprised of representatives from the Army, Navy, Marine Corps, Air Force, the

Coast Guard, the DoD's Office of the General Counsel, the Legal Counsel's Office of the

Chairman of the Joint Chiefs of Staff, and the United States Court of Appeals for the Armed

Forces.  *See* DoD Directive 5500.17 (October 31, 2006).  Operating under the direction of DoD's

General Counsel, JSC's principal function is to conduct annual review of the Manual for Courts-

Martial and to propose amendments to the Manual.  *See id*; Reed Decl. ¶ 3.  Currently, there is a

proposed amendment to Rule 1204 which would require the Secretary concerned to first transmit

the capital case to the Secretary of Defense, who, at his discretion, may provide a

recommendation to the President regarding whether to approve the death sentence. *See* 71 Fed.

Reg. 45780 (August 10, 2006); *see also* 71 Fed. Reg. 78137 (December 28, 2006) (notice of

summary of public comments received from the August 10, 2006 notice).

### C.    Loving's Privacy Act and FOIA Requests

Loving made the FOIA and Privacy Act requests in issue in this case on August 11, 2005,

seeking three categories of information under both statutes:

1.    Any documents which set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision. . . .

2.    Any documents dated between January 1, 1994 and the present, discussing or recommending procedural options for processing cases of death sentenced military personnel from the end of direct appellate review to Presidential action, whether or not those options were implemented . . .

3.    Any documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President . . . .

Darpino Decl. ¶ 9 and Ex. A; Declaration of William T. Kammer ("Kammer Decl."), ¶ 3 and Ex.

A.  In addition, Loving sought under the Privacy Act only the following three categories of

documents:

1.    Any document from any source, dated January 1, 1994 or later, containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted.

2.    Any correspondence or other document, including e-mails, to or from the Army Judge Advocate General, the Secretary of the Army, the Secretary of Defense, or any member of their staffs, to or from any person or entity, containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted. This includes, but is not limited to, any correspondence with anyone

representing any of the victims of PVT Loving's crimes.

3.      Any document, dated January 1, 1994 or later, generated within the
        Department of the Army or the Department of Defense, pertaining to PVT
        Loving's death sentence. This includes, but is not limited to, any
        document generated in connection with the Presidential approval required
        under Article 71(a), U.C.M.J. (10 U.S.C. § 871(a)).

*Id*. The Army and DoD acknowledged receipt of Loving's requests on August 26, 2005 and

September 8, 2005, respectively, and DoD also granted Loving's request for expedited

processing. Compl. ¶¶ 19-20.

## D.      The Transmittal of Loving's Case to the White House and Defendants'
           Responses to the FOIA/Privacy Act Requests

On November 8, 2004, the Acting Secretary of the Army prepared a memorandum for the

transmittal of Loving's case to the President in accordance with R.C.M. 1204(c)(2). Darpino

Decl. ¶ 5. Loving's case apparently was put on hold, however. On December 20, 2005, the

Court of Appeals for the Armed forces denied, without prejudice, Loving's then two remaining

petitions for extraordinary relief that had been pending before the court since 2003 and 2004.

*See Loving v. United States*, 52 M.J. 235, 238 (2005). Shortly thereafter, on or about January 8,

2006, the Secretary of the Defense acted on Loving's death sentence. Darpino Decl. ¶ 7. On

January 23, 2006, the Secretary of the Army delivered Loving's case to the White House for

presidential action. *Id.* Loving was informed of that fact the next day, *see* Ex. B to Kammer

Decl., and a week later, on January 31, 2006, he filed administrative appeals with both DoD and

the Army, complaining that he had received no response to his FOIA and Privacy Act requests.

*See* Compl. ¶ 22; Kammer Decl. ¶ 4.

On or about February 9, 2006, DoD provided 133 pages of responsive documents to

5

Loving, of which 47 had information redacted.  *See* Kammer Decl. ¶ 5.  DoD also informed Loving, among other things, that it was withholding 104 pages under FOIA Exemptions 5 and 6, and referring 186 pages to the Army for processing and direct response to Loving.  *Id.*; Ex. C to Kammer Decl.  Loving filed an administrative appeal on April 7, 2006, challenging DoD's withholding of responsive information.[1]  *Id.* ¶ 7.

On September 26, 2006, Loving filed the present action against the Army and DoD for declaratory and injunctive relief for the release of responsive agency records.  Loving alleged that despite repeated requests (presumably as a part of his criminal case), he has not been given the opportunity to review the Judge Advocate General's recommendation to the Secretary of the Army and the President concerning whether his sentence should be approved or commuted, nor has he been furnished with copies of any of the other materials required by R.C.M. 1204(c)(2) to be forwarded to the President.  Compl. ¶¶ 14-15.  Loving complained that he was unable to verify whether the President had been given the December 20, 2005 decision of the Court of Appeals for the Armed Forces (which permitted him to file a habeas petition regarding the alleged existence of certain mitigation evidence), and whether the Judge Advocate General considered such mitigation evidence in making his recommendation to the Secretary of the Army

---

[1] DoD also referred several documents to the Navy, Air Force, DoD Inspector General's Office, and the U.S. Marine Corps for processing and direct response.  Kammer Decl. ¶ 9.  The Navy, Air Force and the Inspector General's Office all withheld some of the referred information, but Loving did not appeal any of those actions.  *Id.*  As for the documents referred to the Marine Corps, the Marine Corps recently released some of the information to Loving and withheld some others based on Exemption 5.  *See id.*  The withheld information is discussed in the declaration of Teresa Ross at ¶¶ 8-9, and specifically identified in the *Vaughn* index attached to the declaration of William T. Kammer.  In addition, the Marine Corps further referred one page of document to the Navy, which redacted some information on the page and accounted for the redacted information in the declaration of Christian L. Reismeier.  That same page was then referred again to the Army, which withheld it.  *See* Darpino Decl. ¶ 22.

and the President.  Compl. ¶ 16.

Loving did file a habeas petition shortly after his case was forwarded to the White House, Darpino Decl. ¶ 8, and on September 29, 2006, the Court of Appeals for the Armed Forces found that Loving had presented a potentially meritorious claim of ineffective assistance of trial counsel, and ordered that an evidentiary hearing be conducted to establish the factual predicate for this claim.  *See Loving v. United States,* 64 M.J. 132 (2006).  The hearing has yet to occur. Darpino Decl. ¶ 8.

On November 28, 2006, the Criminal Law Division of the Army's Office of the Judge Advocate General produced 458 pages of documents in their entirety and 167 pages with redactions to Loving.  *See* Darpino Decl. ¶ 16.  The Criminal Law Division's processing of responsive documents included the 186 pages referred from DoD in February 2006.  *See* Darpino Decl. ¶ 16.  The response letter advised Loving that certain responsive or possibly responsive documents were referred to other agencies for processing and direct response, that search of e-mail files continued, and that Loving's Privacy Act request was being referred to the Army Judge Advocate General for processing.  *Id.*; Ex. B to Darpino Decl.  On December 21, 2006, The Judge Advocate General informed Loving that 201 pages of documents were subject to his Privacy Act request but were not releasable because they fell within a Privacy Act exemption, 5 U.S.C. § 552a(j)(2).  Darpino Decl. ¶ 14 and Ex. C.

On March 1, 2007, the Criminal Law Division further released 72 pages of documents to Loving either in their entirety or with redactions.  Darpino Decl. ¶ 19.  It also advised Loving that an additional 421 pages of responsive documents were withheld in their entirety under FOIA Exemptions 5 and 6.  *Id.*; Ex. D to Darpino Decl.  Also on or about the same date, the other

agencies or Army components to which the Army had referred responsive documents advised

Loving that they were withholding the referred documents under Exemption 5:  DoD withheld 6

pages, the Navy withheld 7 pages, and the Office of the Administrative Assistant to the Secretary

of the Army withheld one page.  *See* Darpino Decl. ¶ 20 and Exs. E and G.  In total, the Army

withheld 778 pages of responsive FOIA document that the Criminal Law Division's search

uncovered in their entirety (349 documents from the original withholding, 421 pages from the

recently discovered documents, 7 Navy documents, and 1 document from the Office of the

Secretary of the Army).[2]  *Id.* ¶ 21.

Further, on March 29, 2007, the Criminal Law Division processed another 80 pages of

documents referred from the Pardon Attorney, Department of Justice, pursuant to another FOIA

request Loving sent to the Pardon Attorney.  *See id.*; *see also* Compl. ¶ 23.  Of those 80 pages,

only 15 were found to be responsive to the request.  Darpino Decl. ¶ 22 and Ex. I.  One of those

15 pages was released to the plaintiff, and the other 14 were withheld in their entirety.  *Id.*

## STATUTORY BACKGROUND

### I.    The Freedom of Information Act

FOIA generally mandates disclosure, upon request, of government records held by an

agency of the federal government except to the extent such records are protected from disclosure

by one of nine exemptions.  "[P]ublic access to Government documents" is the "fundamental

principle" that animates FOIA.  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

---

[2]  While preparing the *Vaughn* index in this case, the Army recognized that several
documents that were withheld in their entirety had been previously released – either in their
entirety or with redactions.  *See* Darpino Decl. ¶ 21.  Those occurrences have been explained in
*Vaughn* index attached to the declaration of Colonel Darpino.  The same holds true for the 201
pages of Privacy Act materials.  *Id.*

The Act is designed "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978). At the same time, Congress recognized "that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." *FBI v. Abramson*, 456 U.S. 615, 621; *see also* 5 U.S.C. § 552(b). While these exemptions are to be "narrowly construed," *Abramson*, 456 U.S. at 630, courts must not fail to give the exemptions "meaningful reach and application." *John Doe Agency*, 493 U.S. at 152. The FOIA thus "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Center for Nat'l Sec. Studies v. Department of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003).

Two particular FOIA exemptions are implicated by Loving's request. First, under Exemption 5, agencies may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Second, information about individuals in "personnel and medical and similar files" may be withheld under Exemption 6 when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6).

## II.    The Privacy Act and Its Relationship to FOIA

The Privacy Act provides individuals with a means of access similar to that of FOIA. The two statutes overlap, but not entirely.  In contrast to FOIA, under which certain files regarding individuals are generally unavailable, the Privacy Act permits requesters to obtain such

information pertaining to themselves. *See Public Citizen, Inc. v. U.S. Dept. of Health and Human Services,* 332 F.3d 654, 667 (D.C. Cir. 2003). Specifically, it grants an individual access to his own records or any other information pertaining to him which is contained in "a system of records." 5 U.S.C. § 552a(d)(1); *see also Wren v. Harris*, 675 F.2d 1144, 1146 (10th Cir. 1982). A "system of records" is in turn defined as a group of records under the control of an agency "from which information is retrieved by the name of the individual" or by his or her personal identifier. 5 U.S.C. § 552a(a)(5). Although "the [Privacy Act] provides rights to the individual with respect to his own records greater than the rights of the public generally," *Wren*, 675 F.2d at 1146, first-party access may still be limited under the Privacy Act if the information falls within one of the specified exemptions, including reasons of national security and law enforcement. *Greentree v. U.S. Customs Service*, 674 F.2d 74, 76-77 (D.C. Cir. 1982).

Notably, a first-party request under the Privacy Act, such as Loving's request of information relating to his death sentence, is processed under both statutes. *See Wren*, 675 F.2d at 1146 n.5. No federal agency can rely upon a FOIA exemption alone to deny a first-party requester access to his record under the Privacy Act. *See* 5 U.S.C. § 552a(t). Likewise, a Privacy Act exemption cannot be asserted to deny a first-party requester access to his record under FOIA. *See Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987); *see also Shapiro v. Drug Enforcement Main.*, 762 F.2d 611 (7th Cir. 1985). In other words, to withhold from a first-party requester responsive records that are maintained in a system of records, a federal agency must assert both FOIA and Privacy Act exemptions. The requester is entitled to the combined total of what both statutes provide. *See Clarkson v. IRS*, 6728 F.2d 1368, 1376 (11th Cir. 1982).

Consistent with this statutory scheme, Army Regulation 340-21 ("The Army Privacy Program"), Paragraph 2-3 specifically provides:

> A Privacy Act request for access to records will be processed also as a [FOIA] request. If all or any portion of the requested material is to be denied, it must be considered under the substantive provisions of both the Privacy Act and [FOIA]. Any withholding of information must be justified by asserting a legally applicable exemption in each Act.

DoD has a similar regulation. *See* DoD Regulation 5400.7-R, Section C1.5.13.2. Thus, in this case, although Loving's request relating to his death sentence was made under only the Privacy Act, the Army and DoD processed that portion of the request also under FOIA. *See* Darpino Decl. ¶¶ 16, 39; Kammer Decl. ¶ 5.

## ARGUMENT

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY HAVE DISCHARGED THEIR STATUTORY OBLIGATIONS**

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment is the procedure by which courts resolve nearly all FOIA actions. *See, e.g.*, *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in use are properly identified."). In a FOIA dispute, the Government bears the burden of justifying nondisclosure of information, *see McCutchen v. HHS*, 30 F.3d 183, 185 (D.C. Cir. 1994), which it sustains through detailed agency declarations that identify the information at issue and the bases for the exemption(s) claimed. *See Summers v. Department of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998).

Courts conduct a *de novo* review to determine whether the Government properly has withheld records under any of the FOIA's nine statutory exemptions. *See* 5 U.S.C.

11

§ 552(a)(4)(B).  However, given the unique nature of FOIA cases, the court accords the agency's

declarations substantial weight.  *See Gardels v. CIA*, 689 F.2d 1100, 1104 (D.C. Cir. 1982).

"Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears

'logical' or 'plausible.'"  *Wolf v. C.I.A*, 473 F.3d 370, 375 (D.C. Cir. 2007) (citations omitted).

Thus, an agency should prevail on summary judgment based solely on its declarations if the

declarations are clear, specific, reasonably detailed, and describe the withheld information in a

factual and nonconclusory manner, and if the declarations are not controverted by contrary

evidence in the record or by evidence of agency bad faith.  *See id.* at 374; *see also Hemenway v.

Hughes*, 601 F. Supp. 1002, 1004 (D.D.C. 1985) (recognizing that in FOIA cases, summary

judgment does not hinge on the existence of genuine issues of material facts but rather on the

basis of the sufficiency of agency affidavits).

　　Moreover, an agency can show that it has discharged its obligations under FOIA by

submitting declarations that "demonstrate that it has conducted a search reasonably calculated to

uncover all relevant documents."  *Weisberg v. Department of Justice*, 745 F.2d 1476, 1485 (D.C.

Cir. 1984) (internal quotations omitted); *see also Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57,

68 (D.C. Cir. 1990) ("In order to obtain summary judgment the agency must show that it made a

good faith effort to conduct a search for the requested records, using methods which can be

reasonably expected to produce the information requested.").  Failure to uncover a responsive

document does not render the search inadequate:  "the issue to be resolved is not whether there

might exist any . . . documents possibly responsive to the request, but rather whether the search

for those documents was adequate."  *Weisberg*, 745 F.2d at 1485 (internal citations omitted).

　　In evaluating the adequacy of a search, courts recognize that "[a]gency affidavits enjoy a

presumption of good faith, which will withstand purely speculative claims about the existence of other documents." *Grounds Saucer Watch v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). Declarations should be "sufficiently detailed," but "[t]he standard, however, is not 'meticulous documentation [of] the details of an epic search.'" *Texas Independent Producers Legal Action Ass'n v. IRS*, 605 F. Supp. 538, 547 (D.D.C. 1984) (quoting *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)). "Rather, the agency need only provide affidavits explaining in 'reasonable detail' the scope and method of the search, in absence of countervailing evidence." *Texas Independent Producers*, 605 F. Supp. at 547 (quoting *Perry*).

Similarly, in a Privacy Act case, "[a]t the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *McCready v. Nicholson*, 465 F.3d 1, 14 (D.C. Cir. 2006) (quotation marks and citations omitted). Summary judgment is inappropriate only "if a review of the record raises substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials." *Id.* (quotation marks and citations omitted).

As discussed below, through their declarations, defendants have fully satisfied their burden under FOIA and the Privacy Act.

## II.    THE AGENCIES CONDUCTED ADEQUATE SEARCHES FOR RESPONSIVE DOCUMENTS

As an initial matter, the defendants' declarations demonstrate that the agencies have conducted searches reasonably calculated to uncover documents responsive to Loving's requests.

13

Specifically, based on the types of information requested by Loving—which relate to either (1) opinions and recommendation regarding whether Loving's death sentence should be approved or commuted or (2) the policies and procedures regarding the transmittal of military capital cases to the President—DoD's Office of Freedom of Information requested three separate offices within DoD to search for responsive documents:  the Office of General Counsel, the Office of the Assistant Secretary of Defense for Public Affairs, and the Communications Control Division. Kammer Decl. ¶ 3.  These are the offices most likely to have responsive documents because for example, the Communications Control Division is the DoD component that maintains the official correspondence files of the Secretary of Defense and thus likely would have documents that contain opinions and recommendations pertaining to Loving's death sentence.  *See id.*  Similarly, the Office of General Counsel is the component that had initiated a project for all the Military Departments to consider standardizing the review and staffing procedures regarding military capital cases.  *See* Reed Decl. ¶ 2.  That office is also involved in the review of, and amendments to, the Rules for Courts-Martial, which as noted above, include the current rules concerning the transmittal of military capital cases to the President.  *Id.* ¶ 3.  Thus, it was the most likely component to have documents responsive to Loving's request regarding capital case policies and procedures.

As for the Army, Loving had sent his FOIA and Privacy Act request directly to the Criminal Law Division, *see* Darpino Decl. ¶ 9, which is the component within the Army Office of the Judge Advocate General that manages the processing of Loving's case for final action by the President.  *Id.* ¶ 3.  In response to Loving's request, the Criminal Law Division searched the file maintained by the active duty judge advocate responsible for managing Loving's case.  *Id.*

14

¶ 12.  That file is the central repository within the Office of the Judge Advocate General

regarding Loving's death sentence.  *Id.*  The Criminal Law Division also searched the files of

three other judge advocates/attorneys within the Criminal Law Division, including the files of the

Army's judge advocate representative on the Joint Services Committee for Military Justice – the

committee that reviews and makes recommendations for changes to the Manual for Courts-

Martial.  *Id.*  In addition, the Criminal Law Division searched the electronic files of these judge

advocates/attorneys, including recoverable deleted e-mails.  *Id.* ¶¶ 12, 13.  Finally, because

Loving requested information regarding procedures or policies used between 1950 and 1962 for

forwarding military capital cases to the President, the Criminal Law Division reviewed historical

records retrieved from the Washington National Records Center, a government records

depository.  *Id.* ¶ 14.

Pursuant to the above showing, defendants have demonstrated that their searches were

reasonably calculated to uncover all relevant documents in response to Loving's request, and

thus, they have satisfied their burden of demonstrating the adequacy of their search.

## III.    DEFENDANTS HAVE PROPERLY WITHHELD INFORMATION PURSUANT FOIA EXEMPTIONS 5 AND 6

### A.    Defendants' Withholding of Information Under FOIA Exemption 5 Is Proper

The majority of the withheld responsive documents in this case falls within FOIA

Exemption 5, which allows an agency to withhold from the public "inter-agency or intra-agency

memorandums or letters which would not be available to a party other than an agency in

litigation with the agency."  5 U.S.C. § 552(b)(5).  The Supreme Court has construed this

language to provide that Exemption 5 of FOIA "exempt[s] those documents * * * normally

privileged in the civil discovery context." *NLRB v. Sears, Robuck & Co.*, 421 U.S. 132, 149

(1975). In this case, defendants have invoked four types of privilege in withholding responsive

information: deliberative process privilege, presidential communication privilege, attorney-client

privilege, and attorney work-product privilege.

### 1.    Deliberative Process Privilege

Both defendants withheld portions of the responsive documents under the deliberative

process privilege. The privilege is predicated on the recognition "'that the quality of

administrative decision-making would be seriously undermined if agencies were forced to

operate in a fishbowl.'" *Dow Jones & Co. v. U.S. Dep't of Justice*, 917 F.2d 571, 573 (D.C. Cir.

1990) (quoting *Wolfe v. HHS*, 839 F.2d 768, 773 (D.C. Cir. 1988) (*en banc*)). Thus, the

Government need not disclose "advisory opinions, recommendations and deliberations

comprising part of a process by which governmental decisions and policies are formulated." *In

re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

Because the privilege protects the decision-making process, the document in question

must first be pre-decisional (*i.e.*, "generated before the adoption of an agency policy") for the

deliberative process privilege to apply. *See Coastal States Gas Corp. v. Department of Energy*,

617 F.2d 854, 866 (D.C. Cir. 1980); *see also NLRB*, 421 U.S. at 151 n.18; *Mapother v.

Department of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). The communication also must be "a

direct part of the deliberative process" in that it "makes recommendations or expresses opinions

on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975); *see also

Wolfe*, 839 F.2d at 773-74.

i.    **Documents withheld by DoD under the deliberative process privilege**

All of the responsive documents withheld by DoD were pursuant to the deliberative

process privilege because they were predecisional and a direct part of an inter- or intra- agency

deliberative process in formulating certain legal or policy decisions.  Except for one document

from the Secretary of Defense to the President (which is also separately withheld under the

presidential communications privilege discussed *infra*), the DoD documents were generated in

connection with two projects, with some overlap:  first, a DoD's Office of General Counsel

project initiated in the late 1990s to consider adopting a DoD Directive that would standardize

the review and staffing procedures applicable to capital cases for all the Military Departments

("DoD Project"); and second, an ongoing project by the Joint Service Committee on Military

Justice to conduct annual review of the Manual for Courts-Martial and to propose amendments to

the Manual.  *See* Reed Decl. ¶¶ 2-3.

The DoD Project was initiated because Loving's case had approached a point where it

appeared that the case might be transmitted to the President for final action pursuant to the

requirement of UCMJ Article 71(a).  *Id.* ¶ 2.  There had not been an execution of a serviceman

since the 1960s, and the only applicable rule concerning the transmittal was (as it is today)

R.C.M. 1204, which simply required the Judge Advocate General to transmit his or her

recommendation, the record of trial, and the decisions from the serviceman's direct appeal to the

Secretary concerned for the action of the President.  Ultimately no DoD Directive was adopted,

however.  Reed Decl. ¶ 2.  But many documents and e-mails were generated by and among the

Military Departments during this comprehensive policy-making process, including draft

17

directives, action memoranda, comments on the drafts, and e-mails regarding what review procedures to adopt and the advisability of the proposed procedures. These documents are at the core of what the deliberative process privilege is intended to protect because they reflect debate and candid consideration of alternatives by and among the Military Departments. Indeed, the deliberative process privilege "protects the integrity of the decision-making process itself by confirming that officials should be judged by what they decided[,] not for matters they considered before making up their minds." *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (*en banc*), *overruled in part on other grounds by Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051 (D.C. Cir. 1981) (*en banc*). Disclosure of the personal views of individual participants in the DoD Project, which do not necessarily reflect those of their or other agencies, could also lead to misinterpretation of agency positions and public confusion regarding reasons and rationales that were not ultimately the grounds for those agencies' decision. *See, e.g.*, *Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 13 (D.D.C. 1995), *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996).

For the same reasons, the deliberative process privilege similarly protects against disclosure of documents generated in connection with the Joint Services Committee's on-going review of R.C.M. 1204, except for those proposed amendments actually published for public comment and consideration. As discussed before, the JSC is a committee operating under the direction of DoD's General Counsel to conduct annual review of the Manual for Courts-Martial and to propose amendments to the Manual, Reed Decl. ¶ 3, and is, by its very nature, a deliberative body. Documents generated during the JSC's on-going inter-agency consideration regarding amendments to the Rules for Courts-Martial are inherently deliberative and

18

predecisional and clearly fall within the deliberative process privilege. Accordingly, DoD

properly withheld those documents, and the same is true of the documents referred to the Marine

Corps by DoD that pertain to a Marine Corps attorney's opinion about a proposed amendment to

the Rules for Courts-Martial on capital case processing. *See* Declaration of Teresa Ross, ¶ 8.

> **ii.     Documents withheld by the Army under the deliberative process privilege**

The Army withheld similar types of inter-agency deliberative documents (most of which

are in the form of e-mails among officials within the Army, DoD, the Departments of Justice, Air

Force, Navy, and the Coast Guard, *see* Darpino Decl. ¶ 24), except that the documents touch

upon a much wider range of topics. For example, beyond those documents reflecting opinions

regarding the need for, and substance of, a DOD Directive on the processing of capital cases in

the military, *see* Darpino Decl. ¶ 24(k), which, as discussed above, were similarly withheld by

the DoD, the Army withheld documents specifically relating to the review and processing of

Loving's capital case, including the appropriate format and types of clemency matters to be

considered, *id.* ¶ 24(a); what role the Department of Justice should play in processing Loving's

case to the President, *id.* ¶ 24(h); the appropriate timelines and steps for processing Loving's

case, including the parties that need to be notified, *id.* ¶ 24(i), (j), (m); the effect, if any, the

September 2006 decision of the United States Court of Appeals for the Armed Forces regarding

Loving's habeas petition has on the advisability and timing of forwarding Loving's case to the

President, *id.* ¶ 24(b), (d); what information should be released to the media regarding the

processing of death penalty cases and the appropriate timing of such a release, *id.* ¶ 24(e); and

the necessary coordination to carry out the actual execution, if approved by the President, *id.*

¶ 24(d).  These documents are clearly deliberative in nature as the relevant government officials

sought to determine the best course of action in the sensitive area of capital punishment.

In addition, the Army withheld documents that relate to the substantive procedures for

reviewing military death penalty cases.  These documents include information papers that discuss

the status of death penalty cases and possible courses of action, *id.* ¶ 24(o); analyses of the

distinctions between the current review process and that of past capital cases, *id.* ¶ 24(g); and

talking points or briefing papers, *id.* ¶ 15(l), (n).  While some of the documents in these

categories contain factual matters, they are still subject to the deliberative process privilege

because they reflect the agency's decision-making process.  *See Montrose Chemical Corp. v.

Train*, 491 F.2d 63, 71 (D.C. Cir. 1974).  In this regard, the deliberative process privilege

protects facts that are so inextricably intertwined with the deliberative material that disclosure of

the factual material would be tantamount to disclosing the agency's deliberations, *see Wolfe*, 839

F.2d at 774-76.  As the D.C. Circuit has instructed, courts must not mechanically apply a

"fact/opinion test," *id.*, and "[t]o the extent that pre-decisional materials, even if 'factual' in

form, reflect an agency's preliminary positions or ruminations about how to exercise discretion

on some policy matter, they are protected under Exemption 5."  *Petroleum Information Corp. v.

United States Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992).

Put differently, because "Exemption 5 was intended to protect not simply deliberative

material, but also the deliberative process of agencies," *Montrose Chemical Corp. v. Train*, 491

F2d 63, 71 (D.C. Cir. 1974), "when a summary of factual material on the public record is

prepared by the staff of an agency administrator, for his use in making a complex decision, such a

summary is part of the deliberative process, and is exempt from disclosure under Exemption 5 of

20

FOIA." *Id.*; *accord, Petroleum Information Corp.*, 976 F.2d at 1434. The talking points, information papers, and briefing materials on the status of Loving's case, even though containing factual matters, were generated to inform what the substantive procedures for reviewing military death penalty cases should be, and thus, they are properly withheld under the deliberative process privilege.

Furthermore, the Army withheld under the deliberative process privilege the Judge Advocate General's recommendation to the Secretary of the Army regarding whether to approve Loving's death sentence, as well as several drafts thereof. The drafts and the final advice, by their very nature, are deliberative and predecisional, and withholding them was appropriate to protect the ability of the Army's most senior uniformed attorney to provide candid advice to the Secretary of the Army and to engage in full, frank and open discussions on whether and how to address the issues raised by Loving's death penalty case. *See American Federation of Government Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 208 (D.C. Cir. 1990) ("[a]n internal agency communication that makes a recommendation or expresses an opinion necessarily reflects the give-and-take of the agency's deliberative process"); *see also City of Virginia Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("draft material, which, particularly when presented by a subordinate to a superior for revision, is likely to receive deliberative process protection"); *accord Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992); *Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1568-69 (D.C. Cir. 1987); *Russell*, 682 F.2d at 1048.

For the same reason, the deliberative process privilege also forms one of the bases for withholding a seven-page document that the Army referred to the Navy for processing and is

withheld under Exemption 5.  *See* Darpino Decl. ¶ 20.  The document was drafted by the Navy's

Assistant Judge Advocate General for Criminal Law for the Navy's Judge Advocate General

explaining the Secretary of the Navy's role in the processing of an adjudged death penalty case.

The document contains the opinion of a senior Naval Judge Advocate prepared for the Navy's

Judge Advocate General.  It is thus properly withheld under the deliberative process privilege.

### 2.    Presidential Communications Privilege

FOIA Exemption 5 has been construed to incorporate the presidential communications

privilege.  *Judicial Watch v. Department of Justice*, 365 F.3d 1108, 1113 (D.C. Cir. 2004).  The

privilege is "inextricably rooted in the separation of powers under the Constitution," *United*

*States v. Nixon* (*Nixon I*), 418 U.S. 683, 708 (1974), and "flow[s] from the nature of enumerated

powers" of the President.  *Id.* at 705 & n.16.  As observed by the Court of Appeals for the

District of Columbia Circuit, "[a]t core, the presidential communications privilege is rooted in

the President's need for confidentiality in the communications of his office . . . in order to

effectively and faithfully carry out his Article II duties and to protect the effectiveness of the

executive decision–making process." *Judicial Watch*, 365 F.3d at 1115 (internal quotation marks

and citations omitted).   Thus, unlike the deliberative process privilege, which is a general

privilege that applies to all executive branch officials, the presidential communications privilege

is specific to the President and "applies to documents in their entirety, and covers final and post-

decisional materials as well as pre-deliberative ones." *Id.*  at 1114 (quoting *In re Sealed Case*,

121 F.3d at 745).  The presidential communications privilege thus is a broader privilege that

provides greater protection against disclosure.  *Id.*

A "presumptive privilege" exists for presidential communications. *Nixon I*, 418 U.S. at 708. The Supreme Court "found such a privilege necessary to guarantee the candor of presidential advisers and to provide '[a] President and those who assist him * * * [with] free[dom] to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately.'" *In re Sealed Case*, 121 F.3d at 743 (quoting *Nixon I*, 418 U.S. at 708). *See Nixon v. Administrator of General Services* ("*Nixon II*"), 433 U.S. 425, 448-49 (1977) ("'Unless he can give his advisers some assurance of confidentiality, a President could not expect to receive the full and frank submissions of facts and opinions upon which effective discharge of his duties depends'")(citation omitted). Thus, the privilege applies to all those documents "solicited and received" by the President or his immediate White House advisers who have broad and significant responsibility for investigating and formulating the advice to be given to the President. *Judicial Watch*, 365 F.3d at 1114 (quoting *In re Sealed Case*, 121 F.3d at 752).

In this case, three documents were withheld under the presidential communications privilege; the first is from the Secretary of the Defense to the President, the second is from the Acting Secretary of the Army to the President, and the third is from the Army Judge Advocate General to the Acting Secretary of the Army for transmittal to the President. *See* Reed Decl. ¶ 9; Darpino Decl. ¶ 32. These three documents, all delivered to the White House on January 23, 2006, *see* Darpino Decl. ¶ 7, fall squarely within the presidential communications privilege because they are communications with the President regarding whether the President should approve or disapprove Loving's death sentence. They clearly were prepared to assist the

President in arriving at his decision and carrying out his constitutional duties, and thus are properly withheld under the presidential communications privilege.

### 3.    Attorney-Client Privilege

Exemption 5 applies with equal force to information protected under the attorney-client privilege.  The privilege protects confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services.  *See In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984).  A government agency "needs the . . . assurance of confidentiality so it will not be deterred from full and frank communications with its counselors."  *Id.* at 863.  Military attorneys have a number of identifiable clients depending on the area of law and the type of legal advice provided.  They provide legal advice to Commanders as representatives of the military and to employees of an office or agency acting in their official capacities.  *See* Darpino Decl. ¶ 27.

Here, the Army withheld the advice and recommendation of the Army Judge Advocate General to the Secretary of the Army regarding whether to approve Loving's death sentence also under the attorney-client privilege.  *See id.*  This is so because the document was generated during the exchange of information and opinions between an attorney, the Judge Advocate General, and the attorney's recognized client, the Secretary of the Army.   This type of communication must be able to occur without threat that every analysis and option provided, including those ultimately rejected, will be exposed to public scrutiny.  The Judge Advocate General's legal memorandum to the Secretary of the Army, therefore, is properly protected by the attorney-client privilege.

24

### 4.    Attorney Work-Product Privilege

Both DoD and the Army withheld documents under the attorney work-product privilege, although the privilege is not the exclusive basis for withholding.  The privilege is incorporated in FOIA Exemption 5 and shields materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative."  Fed.  R.  Civ.  P.  26(b)(3); *Judicial Watch*, 432 F.3d 366, 369, (D.C. Cir. 2005).  "And, as the Supreme Court has made clear, the doctrine should be interpreted broadly and held largely inviolate."  *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)).  Notably, in contrast to the deliberative process privilege, "'[t]he work-product doctrine simply does not distinguish between factual and deliberative material.'"  *Id.* (quoting *Martin*, 819 F.2d at 1187).  "'Any part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5.'"  *Id.* (quoting *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997)).  In other words, factual material is itself privileged when it appears within documents that are attorney work product.  *Id.*

Here, the attorney work-product privilege provides one of the bases for withholding a significant number of DoD and Army documents because those documents—whether relating to the status of the Loving's case, the appropriate procedures for processing and transmitting the case to the President, or recommendations as to whether Loving's death sentence should be approved—were prepared by Army and DoD attorneys in the context of anticipating Loving's case being forwarded to the President for final action.  *See* Darpino Decl. ¶¶ 29-31; *see also* Reed Decl. ¶ 2.  In fact, Loving's case was the impetus of the DoD Project initiated to formulate a DoD Directive on the processing of capital cases to the President.  *See* Reed Decl. ¶ 2.  The forwarding

25

of Loving's case to the President is the final phase of the Loving criminal prosecution because "although legal review has been completed, the case is not final" until the President acts on the sentence. *See Loving v. United States*, 64 M.J. 132, 154 (2006) (Effron, J., concurring). Moreover, Loving was continuously pursuing collateral or habeas review and the responsive documents at issue here were prepared by attorneys in view of that fact. Accordingly, those documents were properly withheld under the attorney work-product privilege.

### B.    Defendants Have Properly Withheld Information Under Exemption 6

FOIA Exemption 6 allows the Government to withhold information about individuals in "personnel and medical and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *See United States Department of State v. Washington Post Company*, 456 U.S. 595, 599-600 (1982)("the primary concern of Congress in drafting Exemption 6 was to provide for the confidentiality of personal matters"). For this exemption to apply, the information at issue must first meet the threshold requirement of coming within the category of "personnel and medical and *similar files*." The term "similar files" is not "limited to files containing 'intimate details' and 'highly personal' information," and is, instead, intended by Congress "to have a broad, rather than a narrow, meaning." *Id.* at 600. Congress created "a 'general exemption' for information contained in 'great quantities of files.'" *Id.* Accordingly, an agency may protect personal information under Exemption 6 so long as it is maintained in a government file and "applies to a particular individual." *Id.* at 602. This minimal threshold "ensures that FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which

personal information is stored." *Washington Post Co. v. Department of Health and Human Services*, 690 F.2d 252, 259 (D.C. Cir. 1982).

If the records at issue meet this threshold requirement, Exemption 6 requires an agency to balance the individual's right to privacy against the public's interest in disclosure. *See United States Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976). Specifically, the agency must determine whether disclosure of the information threatens a privacy interest that is subject to protection, and, if so, the agency must weigh that privacy interest against the public interest in disclosure, if any. *See Reed v. NLRB*, 927 F.2d 1249, 1251 (D.C. Cir. 1991).

Pursuant to the above standards, the Supreme Court has adopted a broad construction of the privacy interests protected by Exemption 6. In *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989), the Court rejected a "cramped notion of personal privacy" under the FOIA's exemptions and instead emphasized that "privacy encompass[es] the individual's control of information concerning his or her person." More specifically, the Court noted that "[p]rivacy is the claim of individuals * * * to determine for themselves when, how, and to what extent information about them is communicated to others." *Id*. at 764 n.16 (citation omitted).[3] Privacy is of particular importance in the FOIA context because a disclosure required by the FOIA is a disclosure to the public at large. *See Painting & Drywall Work Preservation Fund, Inc. v. HUD*, 936 F.2d 1300, 1302 (D.C. Cir. 1991) (if

---

[3] Although *Reporters Committee* was decided under Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), which concerns privacy interests in law enforcement records, the definition of the public interest to be considered is the same as for Exemption 6. *See Reed*, 927 F.2d at 1251 (noting that *Reporters Committee* is controlling in the Exemption 6 context as well); *accord National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989).

information "must be released to one requester, it must be released to all, regardless of the uses to which it might be put").

In this case, both DoD and the Army have withheld responsive information to protect the privacy interest of individuals. DoD withheld one document relating to another soldier's court-martial. *See* Reed Decl. ¶ 9. The Army redacted information about the victims of Loving's crimes, those victims' families, their addresses, telephone numbers, and recommendations as to the death penalty (if any), as well as the names, addresses, phone numbers, e-mails addresses and other personally identifying information of other individuals, including military personnel involved in Loving's case. *See* Darpino Decl. ¶¶ 34-35. There is no legitimate public interest in such redacted or withheld information because the disclosure of such information would not inform Loving or the general public about the performance of the defendants' obligation under the UCMJ and the Rules for Courts-Martial regarding the processing of a capital case. *Id.* ¶¶ 35-36. The information is irrelevant to the work of the agency and cannot be said to "reveal [anything] about an agency's own conduct." *See Reporters Committee*, 489 U.S. at 773. On the other hand, disclosure would subject the victims and other individuals to unwanted and unwarranted personal intrusion. Indeed, Loving victims should not have to fear that their names, opinions (if any), addresses or telephone numbers will appear in any public document or internet site.

In sum, defendants are entitled to summary judgment as to their FOIA Exemptions 5 and 6 withholdings.

**IV.    THE ARMY HAS PROPERLY WITHHELD DOCUMENTS UNDER THE PRIVACY ACT**

As for Loving's Privacy Act request, only the Army found responsive records, in that they were maintained in files within the Criminal Law Division of the Office of the Judge Advocate General that were retrievable under Loving's name as it appears in the caption of his court-martial *United States v. Loving. See* Darpino Decl. ¶ 37.  Those documents, however, are exempt from disclosure under the Privacy Act's general exemption provision 5 U.S.C. § 552a(j)(2). Although the Privacy Act permits one to gain access to records federal agencies maintain on him, 5 U.S.C. § 552a(d)(1), "[a]gencies may promulgate rules to exempt specified classes of information from the access provisions." *See Binion v. United States*, 695 F.2d 1189, 1192 (9th Cir. 1982).  Specifically, under general exemption § 552a(j)(2), the Privacy Act permits an agency to promulgate rules to exempt any system of records within the agency from first party access if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consist of
>
> (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status;
>
> (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or

(C) reports identifiable to an individual compiled at any stage of
the process of enforcement of the criminal laws from arrest or
indictment through release from supervision.

5 U.S.C. § 552a(j)(2).

Here, the Army has promulgated rules to exempt the relevant classes of information

under this general exemption.  Paragraphs 5-5(f) of Army Regulation 340-21 ("The Army

Privacy Program") specifically exempts military prosecutorial files from the first party access

provision of the Privacy Act because in the agency's view "granting  individuals access to

information collected and maintained by this component relating to the enforcement of laws

could interfere with the proper investigations and orderly administration of justice."  *See also* 32

C.F.R. § 505.5(f)(iii).  The records at issue (which were separately processed under FOIA by the

Army) are maintained in the files of the Criminal Law Division, which is the office within the

Office of the Judge Advocate General responsible for processing Loving's court-martial case for

review by the President.   Indeed, the Judge Advocate General is the official charged with the

responsibility of presenting a recommendation to the Secretary of the Army and the President as

to whether Loving's death sentence imposed by a court martial should be approved.  This is a

prosecutorial function.  The Privacy Act documents at issue thus were properly withheld.  *Cf.*

*Binion,* 695 F.2d at 1193 (Department of Justice Pardon Attorney records are exempt from

disclosure under the Privacy Act (j)(2) because even "though a pardon is a civil proceeding, for

Privacy Act purposes pardon authorities are deemed criminal law enforcement authorities").

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant their

motion for summary judgment.

Dated: March 30, 2007                                    Respectfully submitted,

                                                         PETER D. KEISLER
                                                         Assistant Attorney General, Civil Division

                                                         JEFFREY A. TAYLOR
                                                         United States Attorney

                                                         JOSEPH H. HUNT
                                                         Director, Federal Programs Branch

                                                         ELIZABETH J. SHAPIRO
                                                         Assistant Branch Director

                                                         _____/s/ Jean Lin_____
                                                         JEAN LIN  (NY#4074530)
                                                         Federal Programs Branch, Civil Division
                                                         United States Department of Justice
                                                         20 Massachusetts Ave., N.W.
                                                         Washington, D.C.  20530
                                                         Tel: (202) 514-3716
                                                         Fax: (202) 616-8407
                                                         E-mail: jean.lin@usdoj.gov

                                                         Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
DWIGHT J. LOVING,                         )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civil Action No. 1:06-cv-1655 (ESH)
                                          )
UNITED STATES DEPARTMENT                  )
OF DEFENSE and UNITED STATES              )
DEPARTMENT OF THE ARMY                    )
                                          )
            Defendants.                   )
_____)

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to local rule 7.1(h), defendants, the United States Department of Defense and

Department of the Army, submit the following statement of material facts as to which there is no

genuine issue:

1.    In 1989, Loving, an Army private stationed at Fort Hood, Texas, was convicted of felony

      murder, premeditated murder, attempted murder, and robbery under Article 118 of the

      UCMJ, and was sentenced to death by a general court-martial. *See* Declaration of

      Colonel Flora D. Darpino ¶ 4. His conviction and sentence were affirmed on direct

      appeal by the United States Court of Appeals for the Armed Forces in 1994, and the

      United States Supreme Court affirmed his sentence in September 1996. *See id.*

2.    Loving's death sentence is not final, however, until the President approves it. 10 U.S.C.

      § 871(a); *see also* Rule 1207 of Manual for Courts-Martial ("R.C.M."). The President

      may also commute or remit the sentence. 10 U.S.C. § 871(a).

3.    In the late 1990s, when Loving's case appeared to be approaching the point where it

might be forwarded to the President for action, DoD's Office of General Counsel initiated a project to consider standardizing the review applicable to capital cases for all the Military Departments and to develop a DoD directive that would set forth those standardized procedures. Declaration of Robert E. Reed ("Reed Decl.") ¶ 2. Ultimately, no directive, policy, or procedure was adopted as a result of this project. *Id.*

4.    The only procedure relevant to transmitting a military capital case to the President is provided in R.C.M. 1204(c)(2), which requires the Judge Advocate General to transmit his or her recommendation, the record of trial, and the decisions of the Court of Criminal Appeals, the Court of Appeals for the Armed Forces and the Supreme Court to the Secretary concerned for the action of the President. *See also* Army Regulation 190-55 ("U.S. Army Corrections System: Procedures for Military Executions") (providing that the Judge Advocate General will also transmit any clemency petition by the prisoner and/or counsel). There is no informal or unpublished rules governing the processing of death penalty cases to the President. *See* Darpino Decl. ¶ 15.

5.    R.C.M. 1204(c)(2), as is the case with the rest of the Manual for Courts-Martial, is subject to the ongoing review of the Joint Service Committee ("JSC") on Military Justice, which is a committee comprised of representatives from the Army, Navy, Marine Corps, Air Force, the Coast Guard, the DoD's Office of the General Counsel, the Legal Counsel's Office of the Chairman of the Joint Chiefs of Staff, and the United States Court of Appeals for the Armed Forces. *See* DoD Directive 5500.17 (October 31, 2006).

6.    JSC's principal function is to conduct annual review of the Manual for Courts-Martial and to propose amendments to the Manual. *See id*; Reed Decl. ¶ 3. It operates under the

direction of DoD's General Counsel.  Reed Decl. ¶ 3.

7.    On August 11, 2005, Loving sent letters to DoD and the Army seeking documents

relating to whether his death sentence should be approved, remitted, or commuted by the

President and the procedures for transmitting his case to the President.  Darpino Decl. ¶ 9

and Ex. A; Declaration of William T. Kammer ("Kammer Decl."), ¶ 3 and Ex. A.  The

requests were made under FOIA and the Privacy Act.  *Id.*

8.    On August 26, 2005 and September 8, 2005, respectively, the Army and DoD

acknowledged receipt of Loving's requests on August 26, 2005 and September 8, 2005,

respectively, and DoD also granted Loving's request for expedited processing.  Compl.

¶¶ 19-20.

9.    On November 8, 2004, the Acting Secretary of the Army prepared a memorandum for the

transmittal of Loving's case to the President in accordance with R.C.M. 1204(c)(2).

Darpino Decl. ¶ 5.  Loving's case apparently was put on hold, however.

10.   On December 20, 2005, the Court of Appeals for the Armed forces denied, without

prejudice, Loving's then two remaining petitions for extraordinary relief that had been

pending before the court since 2003 and 2004.  *See* Darpino Decl. ¶ 6.

11.   On or about January 8, 2006, the Secretary of the Defense acted on Loving's death

sentence.  Darpino Decl. ¶ 7.

12.   On January 23, 2006, the Secretary of the Army delivered Loving's case to the White

House for presidential action.  *Id.*  Loving was informed of that fact the next day.  *See* Ex.

B to Kammer Decl.

13.   On January 31, 2006, Loving filed administrative appeals with both DoD and the Army,

3

complaining that he had received no response to his FOIA and Privacy Act requests.  *See* Compl. ¶ 22; Kammer Decl. ¶ 4.

14.    In conducting the search in response to Loving's FOIA/Privacy Act request, DoD's Office of Freedom of Information requested three separate offices within DoD to search for responsive documents:  the Office of General Counsel, the Office of the Assistant Secretary of Defense for Public Affairs, and the Communications Control Division. Kammer Decl. ¶ 3.

15.    These are the offices most likely to have responsive documents because for example, the Communications Control Division is the DoD component that maintains the official correspondence files of the Secretary of Defense and thus likely would have documents that contain opinions and recommendations pertaining to Loving's death sentence.  *See id.*

16.    The Office of General Counsel is the component that had initiated a project for all the Military Departments to consider standardizing the review and staffing procedures regarding military capital cases.  *See* Reed Decl. ¶ 2.  That office is also involved in the review of, and amendments to, the Rules for Courts-Martial, which as noted above, include the current rule concerning the transmittal of military capital cases to the President.  *Id.* ¶ 3.  Thus, it was the most likely component to have documents responsive to Loving's request regarding capital case policies and procedures.

17.    On or about February 9, 2006, DoD provided 133 pages of responsive documents to Loving, of which 47 had information redacted.  *See* Kammer Decl. ¶ 5.  DoD informed Loving that it was referring several responsive documents to the Navy, Air Force, DoD

Inspector General's Office, and the U.S. Marine Corps, including 186 pages to the Army, for processing and direct response. *See* Kammer Decl. ¶ 5, Ex. C.

18. The Navy, Air Force and the Inspector General's Office all withheld some of the referred information, but Loving did not appeal any of those actions. *Id.*

19. As for the documents referred to the Marine Corps, the Marine Corps recently released some of the information to Loving and withheld some others based on Exemption 5. *See id.*; Declaration of Teresa Ross, ¶¶ 8-9. In addition, the Marine Corps further refereed one page of document to the Navy, which redacted some information on the page . *See* Declaration of Christian L. Reismeier. That same page was then referred again to the Army, which withheld it. *See* Darpino Decl. ¶ 22.

20. DoD had found no responsive Privacy Act records. *See* Kammer ¶ 5. However, it processed Loving's Privacy Act request also under FOIA. *Id.*

21. In DoD's February 9, 2006 response to Loving, it informed Loving that it was withholding 104 pages under FOIA Exemptions 5 and 6. *See* Kammer ¶ 5. Loving filed an administrative appeal on April 7, 2006, challenging DoD's withholding of responsive information. *Id.* ¶ 7.

22. As for the Army, Loving had sent his FOIA and Privacy Act request directly to the Criminal Law Division, *see* Darpino Decl. ¶ 9, which is the component within the Army Office of the Judge Advocate General that manages the processing of Loving's case for final action by the President. *Id.* ¶ 3.

23. In response to Loving's request, the Criminal Law Division searched the file maintained by the active duty judge advocate responsible for managing Loving's case. *Id.* ¶ 12. That

file is the central repository within the Office of the Judge Advocate General regarding

Loving's death sentence. *Id.* The Criminal Law Division also searched the files of three

other judge advocates/attorneys within the Criminal Law Division, including the files of

the Army's judge advocate representative on the Joint Services Committee. *Id.*

24.    In addition, the Criminal Law Division searched the electronic files of these judge

advocates/attorneys, including recoverable deleted e-mails. *Id.* ¶¶ 12, 13.

25.    Furthermore, the Criminal Law Division reviewed historical records retrieved from the

Washington National Records Center, a government records depository, because Loving

requested information regarding procedures or policies used between 1950 and 1962 for

forwarding military capital cases to the President. *Id.* ¶ 14.

26.    On September 26, 2006, Loving filed the present action against the Army and DoD for

declaratory and injunctive relief for the release of responsive agency records.

27.    On November 28, 2006, the Criminal Law Division of the Army's Office of the Judge

Advocate General produced 458 pages of documents in their entirety and 167 pages with

redactions to Loving. *See* Darpino Decl. ¶ 16.

28.    The Criminal Law Division had processed Loving's Privacy Act request also under

FOIA. *See* Darpino Decl. ¶¶ 16, 39.  In addition, its processing of responsive documents

included the 186 pages referred from DoD in February 2006. *See id.* ¶ 16.

29.    The Criminal Law Division's response letter of November 28, 20006 advised Loving that

certain responsive or possibly responsive documents were referred to other agencies for

processing and direct response, that search of e-mail files continued, and that Loving's

Privacy Act request was being referred to the Army Judge Advocate General for

processing. *Id.*; Ex. B to Darpino Decl.

30.    On December 21, 2006, the Army Judge Advocate General informed Loving that 201

pages of documents were subject to his Privacy Act request but were not releasable

because they fell within a Privacy Act exemption, 5 U.S.C. § 552a(j)(2).  Darpino Decl.

¶ 14 and Ex. C.

31.    On March 1, 2007, the Criminal Law Division further released 72 pages of documents to

Loving either in their entirety or with redactions.  Darpino Decl. ¶ 19.  It also advised

Loving that an additional 421 pages of responsive documents were withheld in their

entirety under FOIA Exemptions 5 and 6.  *Id*.; Ex. D to Darpino Decl.

32.    Also on or about the same date, the other agencies or Army components to which the

Army had referred responsive documents advised Loving that they were withholding the

referred documents under Exemption 5:  DoD withheld 6 pages, the Navy withheld 7

pages, and the Office of the Administrative Assistant to the Secretary of the Army

withheld one page.  *See* Darpino Decl. ¶ 20 and Exs. E and G.

33.    In total, the Army withheld 778 pages of responsive FOIA document that the Criminal

Law Division's search uncovered in their entirety (349 documents from the original

withholding, 421 pages from the recently discovered documents, 7 Navy documents, and

1 document from the Office of the Secretary of the Army).  *Id.* ¶ 21.

34.    While preparing the *Vaughn* index in this case, the Army recognized that several

documents that were withheld in their entirety had been previously released – either in

their entirety or with redactions.  *See* Darpino Decl. ¶ 21.  Those occurrences have been

explained in the *Vaughn* index attached to the declaration of Colonel Darpino.  The same

7

holds true for the 201 pages of Privacy Act materials.  *Id.*

35.    On March 29, 2007, the Criminal Law Division further processed another 80 pages of documents referred from the Pardon Attorney, Department of Justice, pursuant to another FOIA request Loving sent to the Pardon Attorney.  *See id.*; *see also* Compl. ¶ 23.  Of those 80 pages, only 15 were found to be responsive.  Darpino ¶ 22 and Ex. I.  One of those 15 pages was released to the plaintiff, and the other 14 were withheld in their entirety.  *Id*.

36.    DoD has withheld responsive documents under FOIA Exemption 5 (the deliberative process privilege, attorney work-product privilege, and presidential communications privilege) and Exemption 6.  The bases of the withholding are fully explained in the Declaration of Robert E. Reed, Associate Deputy General Counsel, Office of General Counsel, Department of Defense.  The withheld documents are also described in detail in the *Vaughn* index, which is attached as Exhibit A to the Reed declaration.

37.    The Army has withheld responsive documents under the Privacy Act, FOIA Exemption 5 (the deliberative process privilege, attorney-client privilege, attorney work-product privilege, and presidential communications privilege) and Exemption 6.  The bases of the withholding are fully explained in the Declaration of Colonel Flora D. Darpino, Chief, Criminal Law Division, Office of the Judge Advocate General, Department of the Army. The withheld documents are also described in detail in the *Vaughn* index filed simultaneously with the Darpino declaration.

Dated: March 30, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

JEFFREY A. TAYLOR
United States Attorney

_____/s/ Jean Lin_____
ELIZABETH J. SHAPIRO (DC#418925)
JEAN LIN
Federal Programs Branch, Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C.  20530

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
DWIGHT J. LOVING,                        )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )    Civil Action No. 1:06-cv-1655 (ESH)
                                         )
UNITED STATES DEPARTMENT                 )
OF DEFENSE and UNITED STATES             )
DEPARTMENT OF THE ARMY                   )
                                         )
            Defendants.                  )
_____  )

**ORDER**

Upon defendants' Motion for Summary Judgment, it is hereby

ORDERED that the motion is GRANTED, it is further

ORDERED that the Complaint is dismissed with prejudice.


Dated: _____          _____
_____UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DWIGHT J. LOVING | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 06 CV 01655(ESH) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF DEFENSE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE ARMY | ) | |

---

## DECLARATION OF ROBERT E. REED

---

I, ROBERT E. REED, declare the following to be true and correct to the best of my knowledge:

1. I am the Associate Deputy General Counsel (Military Justice and Personnel Policy), Office of the Deputy General Counsel (Personnel and Health Policy), Office of the General Counsel (OGC), Department of Defense (DoD) and have held that position since July 1997. As Associate Deputy General Counsel, my primary duties are to address legal issues, policies, and procedures relating to military justice under the Uniform Code of Military Justice (chapter 47 of title 10, United States Code), and the Manual for Courts-Martial. Unless otherwise indicated, the statements in this declaration are based upon my personal knowledge and information obtained by me in the course of my official duties.

2. In the late 1990s, the court-martial case of United States v. Loving appeared to be the first capital case in the military justice system that was approaching the point where the case file might be forwarded to the Secretary of the Army for review and

1

action following appellate review. In accordance with the Uniform Code of Military Justice and Rules for Courts-Martial, the Secretary concerned is required to transmit a capital case to the President of the United States for review and action. Anticipating this requirement, DoD OGC initiated a project to consider standardizing the review and staffing procedures applicable to capital cases for all the Military Departments and to develop a DoD Directive that would set forth those standardized procedures. I was the General Counsel's assigned Action Officer for the project. Representatives of the Military Departments participated in the project to review procedures and staff draft proposals. The process included a preliminary review of some of the proposals by representatives of the White House Counsel's Office. Ultimately, no new policy, procedure, or directive was adopted as a result of this project.

3. During the project review mentioned above, some of the proposals were also referred to the Joint Service Committee on Military Justice (JSC) for its separate review and consideration as possible amendments to the Rules for Courts-Martial. The JSC is a committee that operates under the direction of the General Counsel of the Department of Defense for the general purpose of conducting an annual review of the Manual for Courts-Martial and proposing appropriate amendments for consideration. I am the General Counsel's representative to the Committee. The JSC review resulted in a proposed amendment to Rule for Courts-Martial 1204 that was included in the Federal Register (71 FR 45780, August 10, 2006) public notice of proposed amendments to the Manual for Courts-Martial, and most recently included in the Federal Register (71 FR 78137, December 28, 2006) notice of summary of public comments received from the August 2006 notice. However, that proposed amendment to Rule for Courts-Martial 1204 remains under consideration and has not been approved as an amendment to the Manual for Courts-Martial.

2

listed in the Vaughn index was denied in full or denied in part based on attorney work product:  # 4, 5, 11-34, 36, 42, 45-55, 57, 59-65, 68-71, 73-77, 82-85, 87-89 and 93.

9.  In addition, Vaughn index document #89 was withheld under exemption B(6) because it address personal information concerning another soldier's court-martial.  As previously mentioned, this document is also being withheld as attorney work product and under the deliberative process privilege.

10.  Finally, I reviewed 6 pages forwarded by the Army.  All of the pages referred by the Army were withheld in their entirety.  The first page is a signed memo from the Secretary of Defense to the President.  This memo is referenced in the Vaughn index as Item #86 and was withheld under the presidential communications privilege, as well the deliberative process privilege, under FOIA exemption 5.  The remaining pages (#87 and #88) were memos and supporting research from the DoD General Counsel provided to the Counsel to the President.  As previously indicated, these documents are being withheld as attorney work product and under the deliberative process privilege.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated this _____27th_____ day of March 2007.


_Robert E Reed_
_____

Robert E. Reed

4

4. I have reviewed the documents, e-mails, copies of the draft directive, draft action memos, and draft memoranda that were withheld from disclosure pursuant to plaintiff's request under the Freedom of Information Act ("FOIA") and the Privacy Act, and are listed on the Vaughn index. The Vaughn index is attached as Exhibit A to this declaration, and provides individualized explanations for each document withheld.

5. All of the documents listed in the Vaughn index were prepared as part of the deliberative process associated with the DoD OGC project and the related JSC review discussed in paragraphs 2 and 3 above., and are withheld in full or in part pursuant to FOIA exemption 5, 5 U.S.C.§552(b)(5), under the deliberate process privilege.

6. Specifically, DoD withheld in full or in part the following pre-decisional evaluations, opinions and recommendations that pertain to the DoD OGC project: # 4, 5, 11-34, 36, 42, 45-55, 57, 59-65, 68-71, 73-77, 82-85, 87-89 and 93.

7. DoD also withheld in full or in part the following draft proposals and discussions relating to JSC's separate review of Manual for Courts-Martial procedures, which were part of the internal deliberative process of the JSC in support of the General Counsel: #1-3, 6-10, 35, 37-41, 43, 44, 56, 58, 66, 67, 72, 78-81, and 90-92.

8. In addition to the deliberative process privilege, DoD OGC also withheld information that was protected by the attorney work-product privilege. Many of the pages identified in response to the search conducted by OGC were draft opinions and proposals, and recommendations by attorneys, the release of which would reveal the attorney's analysis and deliberations. With these redactions, the purpose was to ensure that the release of information would not discourage DoD attorneys from making open, frank constructive and critical comments to policy makers. In each case, DoD released to the plaintiff all material that could be reasonably segregated. The following documents

3

# EXHIBIT A
## to Declaration of Robert E. Reed

CASE NUMBER: 05-F-2296

LOVING CASE

| No | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 1 | Processing of Death Penalty Court-Martial Cases | **Draft-DoD Directive No.** 5510.aa4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 2 | Processing of Death Penalty Court-Martial Cases | **Draft-DoD Directive No.** 5510.4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 3 | GC Capital Case Processing Meeting | **Draft-**Meeting notes | 7/17/2002 | Office of General Counsel | 2 | Denied in full | B(5)-Deliberative Process |
| 4 | Recommendation of the Secretary of Defense in Capital Court-Martial Cases Transmitted to the President | | | Office of General Counsel | | | **Attorney Work Product** B(5)-Deliberative Process |
| 5 | Recommendation of the Secretary of Defense in Capital Court-Martial Cases Transmitted to the President | **Draft-**Memorandum | No date | Office of General Counsel | 1 | Denied in full | B(5)-Deliberative Process |
| | | Memorandum | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 6 | Memorandum For Record | Memorandum/Notes | 6/27/2002 | Signed initials RER | 1 | Denied in full | B(5)-Deliberative Process |
| 7 | RE: Capital Case Processing | E-mail | No date | Unknown | 1 | Denied in full | B(5)-Deliberative Process |
| 8 | Processing of Death Penalty Court-Martial Cases | **Draft-DoD Directive No.** 5510.4 | No date | Office of General Counsel | 5 | Denied in full | B(5)-Deliberative Process |
| 9 | Processing of Death Penalty Court-Martial Cases | **Draft-DoD Directive No.** 5510.44 | No date | Office of General Counsel | 6 | Denied in full | B(5)-Deliberative Process |
| 10 | Processing of Death Penalty Court-Martial Cases | **Draft-DoD Directive No.** 5510.aa4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |

1

| No | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 11 | PMHP Attn: Ms Reed | Hand written notes | No date | Signed Carl | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 12 | Not provided | Hand written notes | 8/20/2001 | Signed Da. | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 13 | Not provided | Hand written notes | 8/8/2001 | Office of General Counsel | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 14 | Processing of Military Capital Cases | Draft-Memorandum | No date | Office of General Counsel | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 15 | Processing of Military Capital Cases | Draft-Memorandum for the President of the United States/with attachment | No date | Office of General Counsel | 3 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 16 | Presidential Authority To Establish Uniform Capital Case Processing Procedures | Draft-Action Memo | 8/1/2001 | Prepared by: Robert E. Reed Office of General Counsel | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 17 | Processing of Military Capital Cases | Draft-Memorandum for the President/ with attachment | No date | Office of General Counsel | 3 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 18 | Processing of Military Capital Cases | Fax Transmission Sheet | 4/2/2001 | Office of General Counsel | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 19 | Not provided | Memorandum For Record | 4/2/2001 | Office of General Counsel | 1 | Denied in full | Attorney Work Product B(5)-Deliberative Process |
| 20 | Processing of Death Penalty Court-Martial Cases | Draft-DoD Directive No. 5510.4 | No date | Office of General Counsel | 5 | Denied in full | Attorney Work Product B(5)-Deliberative Process |

| No | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 21 | Not provided | Fax Transmission Sheet | 6/20/2000 | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 22 | Processing of Military Capital Cases | **Draft**-Memorandum for the President | No date | Secretary of Defense | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 23 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 24 | Requesting Presidential Authority To Establish Courts-Martial Capital Case Processing Procedures. | **Draft**-Memorandum | No date | Office of General Counsel | 2 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
|  | ACTION MEMORANDUM |  |  |  |  |  |  |
| 25 | President's Letter Regarding Capital Case Processing Procedures | **Draft**-Memorandum | 4/19/2000 | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 26 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 27 | Processing of Death Penalty Court-Martial Cases | **Draft**-1 page of DoD Directive 5510.4 | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 28 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | 7/30/2001 | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 29 | Processing of Death Penalty Court-Martial Cases | **Draft**-1 page of DoD Directive 5510.4 | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 30 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | 7/30/2001 | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |

3

| No. | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 31 | Processing of Death Penalty Court-Martial Cases | **Draft-**1 page of DoD Directive 5510.4 | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 32 | Requesting Presidential Authority To Establish Courts-Martial Capital Case Processing Procedures | **Draft-Memorandum for the Secretary of Defense** | 4/11/2000 | Office of General Counsel | 3 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| | ACTION MEMORANDUM | | | | | | |
| 33 | Processing of Military Capital Cases | Memorandum for the President | No date | The Secretary of Defense | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 34 | Processing of Military Capital Cases | Memorandum for the Secretary of Defense | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work Product** B(5)-Deliberative Process |
| 35 | Processing of Death Penalty Court-Martial Cases | DoD Directive 5510.4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 36 | Not provided | Hand written letter | 3/13/2000 | Office of General Counsel | 2 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 37 | Request for Approval to Submit Proposed Directive for DoD Coordination-Proposed DoD Directive 5510.4, "Processing Death Penalty Court-Martial Cases" | Memorandum | 3/13/2000 | Office of General Counsel | 2 | Denied in full | B(5)-Deliberative Process |
| 38 | Processing of Death Penalty Court-Martial Cases | **Draft-**DoD Directive No. 5510.4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 39 | Processing of Death Penalty Court-Martial Cases | **Draft-**DoD Directive No. 5510.4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 40 | Processing of Death Penalty Court-Martial Cases | **Draft-**DoD Directive No. 5510.4 | No date | Office of General Counsel | 3 | Denied in full | B(5)-Deliberative Process |

4

| No. | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 41 | Processing of Death Penalty Court-Martial Cases | **Draft**-DoD Directive No. 5510.4 | No date | Office of General Counsel | 4 | Denied in full | B(5)-Deliberative Process |
| 42 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 43 | Processing of Death Penalty Court-Martial Cases | **Draft**-DoD Directive No. 5510.4 | No date | Office of General Counsel | 5 | Denied in full | B(5)-Deliberative Process |
| 44 | Capital Case Processing Issues to be Resolved | **Draft**-Questions and Answers Sheet | No date | Office of General Counsel | 3 | Denied in full | B(5)-Deliberative Process |
| 45 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | 4/12/2000 | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 46 | Presidential Authority to Establish Uniform Capital Case Processing Procedures | **Draft**-Action Memo | 8/1/2001 | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 47 | Processing of Military Capital Cases | **Draft**-Memorandum for the President | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 48 | Processing of Military Capital Cases | **Draft**-Memorandum for the Secretary of Defense | No date | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
| 49 | Requesting Presidential Authority To Establish Court-Martial Capital Case Processing Procedures | **Draft**-Memorandum for the Secretary of Defense, Deputy Secretary of Defense | No date | Office of General Counsel | 2 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |
|  |  | ACTION MEMORANDUM |  |  |  |  | **Attorney Work-Product** B(5)-Deliberative Process |
| 50 | Processing of Military Capital Cases | Fax Transmission Sheet | 4/2/2001 | Office of General Counsel | 1 | Denied in full | **Attorney Work-Product** B(5)-Deliberative Process |

| No | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|----|----------------|------------------|------|--------|-------|--------------|-------------------|
| 51 | Not provided | Memorandum For Record | 4/3/2001 | Office of General Counsel | 1 | Denied in full | Attorney Work-Product B(5)-Deliberative Process |
| 52 | Loving | E-mail | 3/31/1999 | Judith Miller, Office of General Counsel | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 53 | FW: MOD Square Dailies, 23March 99 (Pvt. Loving) | E-mail | 3/24/1999 | Tom Bergles, Office of General Counsel | 2 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 54 | Army position regarding Capital Case Processing | E-mail | 1/7/2003 | Office of General Counsel | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 55 | Capital Case Issues | E-mail | 1/6/2003 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 56 | Not provided | Handwritten notes | 8/10/? | Unknown | 1 | Denied in Part | B(5)-Deliberative Process |
| 57 | Not provided | Handwritten notes | 6/21/2002 | Office of General Counsel | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 58 | DoD Coordination of JSC's 2001 Annual Review of the MCM | Memorandum | 6/20/2002 | Robert E. Reed, Office of General Counsel | 4 | Denied in Part | B(5)-Deliberative Process |
| 59 | Army's Loving and Gray Capital Cases | E-mail | 3/3/2003 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |
| 60 | Courts-Martial Capital Case Processing Procedures | Memorandum | 6/18/2002 | Robert E. Reed, Office of General Counsel | 2 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |

| No. | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 61 | Draft Memo | E-mail | 7/3/2002 | Bartolomucci, Dept of State | 2 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 62 | Annual Review of the MCM | E-mail | 7/3/2002 | Mr. Whit Cobb, Office of General Counsel | 3 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 63 | Draft Memo | E-mail | 7/3/2002 | Bartolomucci, Dept of State | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 64 | Capital Case Processing | E-mail | 7/27/2002 | Robert E. Reed, Office of General Counsel | 2 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 65 | Draft Memo | E-mail | 7/3/2002 | Bartolomucci, Dept of State | 2 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 66 | Proposed DoD Directive, Federal Register Publication of Processing of Death Penalty Court Martial Cases | Memorandum | 6/12/2000 | Robert E. Reed, Office of General Counsel | 2 | Denied in Part | B(5)-Deliberative Process |
| 67 | Case Processing Directive | E-mail | 5/18/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | B(5)-Deliberative Process |
| 68 | MCM & RCM changes re: Capital Case Processing | E-mail | 3/4/2002 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 69 | Capital Case Processing | E-mail | 1/3/2001 | Robert E. Reed, Office of General Counsel | 2 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 70 | Capital Case Processing | E-mail | 9/29/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |

7

| No. | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 71 | Capital Case Processing | E-mail | 8/8/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 72 | New Federal Executive Clemency Rules | Memorandum | 8/7/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 73 | POTUS Letter on Capital Case Processing | E-mail | 7/25/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 74 | Capital Case Processing | E-mail | 3/2/2001 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 75 | SECDEF Request for Presidential Authority to Establish Court-Martial Capital Case Processing Procedures- | Memorandum for Under Secretary of Defense | 4/14/2000 | Ms. Jeanne B. Fites Office of Deputy Under Secretary of Defense | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
|  | ACTION MEMORANDUM |  |  |  |  |  |  |
| 76 | POTUS Letter on Capital Case Processing | E-mail | 7/25/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 77 | Capital Cases | E-mail | 6/19/2000 | Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product**<br>B(5)-Deliberative Process |
| 78 | Capital Case Processing Directive | E-mail | 5/18/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | B(5)-Deliberative Process |
| 79 | Survey of State Capital Case Clemency/Commutation Procedures | Memorandum | 3/16/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | B(5)-Deliberative Process |
| 80 | RE: Meeting re Processing Capital Cases | E-mail | 6/17/1999 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | B(5)-Deliberative Process |

| No | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 81 | RE: Meeting re Processing Capital Cases | E-mail | 6/17/1999 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | B(5)-Deliberative Process **Attorney Work-Product** |
| 82 | Loving | E-mail | 5/25/1999 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 83 | Capital Case Processing | E-mail | 1/3/2001 | Robert E. Reed, Office of General Counsel | 2 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 84 | Capital Case Processing | E-mail | 9/29/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 85 | Capital Case Processing | E-mail | 8/8/2000 | Robert E. Reed, Office of General Counsel | 1 | Denied in Part | **Attorney Work-Product** B(5)-Deliberative Process |
| 86 | Military Court-Martial Capital Case Forwarded For Action, *United States v. Dwight J. Loving* (Private, United States Army) | Memorandum for the President | 1/8/2006 | Secretary of Defense | 1 | Denied in Full | **Presidential Communication Privilege** B(5)-Deliberative Process |
| 87 | The President's Action in Two Military Capital Cases | Memorandum for the Counsel to the President | No date | Office of General Counsel | 1 | Denied in Full | **Attorney Work-Product** B(5)-Deliberative Process |
| 88 | Military Capital Case-Private Dwight J. Loving, U.S. Army | Information Paper | No date | Office of General Counsel | 2 | Denied in Full | **Attorney Work-Product** B(5)-Deliberative Process |
| 89 | Military Capital Case-Private Ronald Gray, U.S. Army | Information Paper | No date | Office of General Counsel | 2 | Denied in Full | **Attorney Work-Product** B(5)-Deliberative Process B(6)-Privacy Consideration |
| 90 | Capital Case Processing | E-mail | 6/27/2002 | **DoD referred to document released USMC 3/9/06, 3/23/2007** | 3 | Denied in Part | B(5)-Deliberative Process |

9

| No. | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|
| 91 | RE: Capital Case Processing | E-mail | 6/27/2002 | DoD referred to USMC 3/9/06, document released 3/23/2007 | 3 | Denied in Part | B(5)-Deliberative Process |
| 92 | RE: Executive Order | E-mail | 4/24/2002 | DoD referred to USMC 3/9/06, document released 3/23/2007 | 1 | Denied in Part | B(5)-Deliberative Process |
| 93 | RE: Consolidated Executive Order | E-mail | 3/6/2002 | DoD referred to USMC 3/9/06, document released 3/23/2007 | 1 | Denied in Part | Attorney Work-Product B(5)-Deliberative Process |

**Total Pages**

165

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DWIGHT J. LOVING** | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 06 CV 01655(ESH) |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **THE ARMY** | ) | |
| | ) | |

**DECLARATION OF WILLIAM T. KAMMER**
_____

I, William T. Kammer, declare the following to be true and correct to the best of my knowledge:

1. I am the Chief of the Office of Freedom of Information (OFOI), Executive Services Directorate, Washington Headquarters Services, Department of Defense (DoD), and have held that position since August 2005. OFOI was formerly called the Directorate for Freedom of Information. As Chief, I am responsible for the implementation of the DoD Freedom of Information Act (FOIA) Program and issuance of agency-wide policy guidance and instruction on FOIA matters. See 32 C.F.R. pt. 286. Additionally, I supervise the processing of initial FOIA requests for documents within the possession and control of the Joint Staff and the Office of the Secretary of Defense (OSD), of which the DoD Office of General Counsel (OGC) is a component. I also supervise the processing of FOIA appeals for the OSD and Joint Staff. Prior to my current position, I have been in several management positions within the Office since 1998. I am familiar

with the procedures followed in responding to FOIA requests received by the OFOI, including the requests that form the basis of this litigation.

2. I am familiar with the subject litigation and the FOIA requests and appeals submitted by the plaintiff in this case. The statements in this declaration are based upon my personal knowledge, upon my review of information available to me in my official capacity, and upon my conclusions.

3. On August 11, 2005, Ms. Teresa Norris, Center for Capital Litigation, counsel for the plaintiff, sent my office a FOIA and Privacy Act request (see Exhibit A). Ms. Norris sent a FOIA request to the White House Military Office (WHMO) of the DoD on the same date. The request to OFOI was assigned case number 05-F-2296, and it asked for six specific items of information. OFOI tasked OGC, the Office of the Assistant Secretary of Defense for Public Affairs, and the Communications Control Division, which maintains the official correspondence files of the Secretary of Defense, to search for documents. Those are the components of the OSD most likely to have documents responsive to plaintiff's FOIA and Privacy Act request.

4. On January 31, 2006, Mr. Seth A. Watkins, Steptoe & Johnson LLP, filed an administrative appeal on behalf of plaintiff (see Exhibit B). Plaintiff was appealing the fact that he had not received a reply from either OFOI or WHMO in response to his August 11, 2005, FOIA requests.

5. On February 9, 2006, OFOI responded to plaintiff, providing documents that were responsive to items 2, 4, and 6 of the request (see Exhibit C). Plaintiff was provided with 133 pages, of which 47 had information redacted and 86 were provided with no redactions. Plaintiff was also informed that 104 pages were exempt from release in their

entirety and that no documents were located responsive to items 1, 3 or 5 of the request. Withholdings and redactions were made pursuant to FOIA Exemptions 5 and 6. Because these documents were not located within a Privacy Act system of records, they were processed under the FOIA only and not under the Privacy Act. OGC is providing a separate declaration regarding the withheld or redacted information. Additionally, plaintiff was advised that additional responsive documents had been located that originated with the Departments of the Army, Navy, Air Force, the U.S. Marine Corps, and the Inspector General of the DoD (IG). The documents were referred to these agencies for processing and direct response to the plaintiff. Plaintiff was advised of his appeal rights.

6. On March 3, 2006, OFOI responded to plaintiff's January 31, 2006, appeal (see Exhibit D). Plaintiff was advised that OFOI responded to Ms. Norris on February 9, 2006; therefore, that appeal was considered moot. As for the WHMO request, OFOI advised plaintiff that WHMO had no documents responsive to the request. OFOI further advised plaintiff that he could appeal this determination.

7. On April 7, 2006, Mr. Watkins filed an administrative appeal of the OFOI February 9, 2006, response on plaintiff's behalf (see Exhibit E). This appeal was still being processed when plaintiff filed his complaint. Plaintiff appealed the February 9, 2006, denial of information. Additionally, plaintiff appealed the non-response to the August 11, 2005 FOIA request to WHMO, even though OFOI addressed the WHMO request and subsequent search in its March 3, 2006, response. Plaintiff did not appeal this no record response of March 3, 2006.

8. On November 28, 2006, the Department of the Army referred to OFOI five pages of information it considered responsive to plaintiff's August 11, 2005, request to the Army. This referral was assigned case number 07-FP-0042. On February 16, 2007, the Army referred two additional pages responsive to the request, and these pages were added to 07-FP-0042. During its review of the documents, OFOI determined that one of the referred pages was not responsive to plaintiff's request. On March 1, 2007, OFOI responded to plaintiff, stating that DoD was withholding all six responsive pages in their entirety (see Exhibit F).

9. In reference to the documents OFOI referred to the Departments of the Navy, Air Force, the U.S. Marine Corps, and the IG on February 9, 2006, these components have responded to plaintiff. The Army processing of the OFOI referred documents is addressed in a separate declaration. The Navy[1], Air Force, and the IG withheld some information from plaintiff, and plaintiff has not appealed any of these actions (see Exhibit G). As for the documents referred to the Marine Corps, the Marine Corps responded, on March 22, 2007, to plaintiff and further referred a one page document to the Department of the Navy for its release determination. Five of the pages referred to the Marine Corps by OFOI contain information withheld by DoD's OGC. Those documents are included in the OGC declaration and Vaughn Index. The Marine Corps and Navy responses to plaintiff are addressed in the separate declarations provided by those Components.

---

[1] On June 2, 2006, the Office of the Judge Advocate General responded to plaintiff for the Navy. Even though the Navy reviewed documents for release that were referred by OFOI, the Navy incorrectly, in its response, informed the plaintiff that they conducted a search and located responsive documents.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this $28th$ day of March 2007, at Arlington, Virginia.

William T. Kammer
William T. Kammer

# Exhibit A

# CENTER FOR CAPITAL LITIGATION
1247 SUMTER STREET, SUITE 303 (29201)
POST OFFICE BOX 11311
COLUMBIA, SOUTH CAROLINA 29211

Teresa L. Norris
Director

Voice: (803) 765-0650
Fax:  (803) 765-0705
norristl@bellsouth.net

August 11, 2005

Department of Defense
Directorate for Freedom of Information and Security Review
Room 2C757 Attn:  Freedom of Information Act Request
1155 Defense Pentagon
Washington DC 20301-1155


This is a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a, on behalf of my client, Private (PVT) Dwight J. Loving.  Private Loving was convicted by court-martial and sentenced to death in 1989.  His sentence to death is pending action by the President of the United States, as required by Article 71(a) of the Uniform Code of Military Justice, (U.C.M.J.), 10 U.S.C. § 871(a).  A Department of Justice "Certification of Identity" form signed by my client is attached.  This form authorizes me to seek documents pursuant to the Privacy Act on his behalf.  I am seeking documents maintained or in the possession of the Department of Defense, including the Office of the Secretary of Defense and the Office of General Counsel.  For your information, I have made a separate request to the Department of the Army.

I request the following items under both statutes:

1. Any documents which set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision.  This includes, but is not limited to, any documents which set out or reflect approved current policies or procedures for forwarding cases through or to any other government officials (such as the Secretary of Defense or the Attorney General) prior to Presidential action.

2. Any documents dated between January 1, 1994 and the present, discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action, whether or not those options were implemented.  This request includes, but is not limited to, any correspondence (including e-mails) between and among the Army Judge Advocate General and his staff; the Secretary of Defense and his staff; any other Department of Defense officials (including those within the Department of the Army); the Attorney General; and the Executive Office of the President.

3. Any documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President, including any documents establishing procedures used for forwarding these matters to or through other government officials, such as the Attorney General or the Secretary of Defense.

Department of Defense
Directorate for Freedom of Information and Security Review
August 11, 2005
Page 2

Under the Provisions of the Privacy Act I request the following items on behalf of PVT Loving:

1.  Any document, from any source, dated January 1, 1994 or later, containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted.

2.  Any correspondence or other document, including e-mails, to or from the Army Judge Advocate General, the Secretary of the Army, the Secretary of Defense, or any member of their staffs, to or from any person or entity, containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted. This includes, but is not limited to, any correspondence with anyone representing any of the victims of PVT Loving's crimes.

3.  Any document, dated January 1, 1994 or later, generated within the Department of the Army or the Department of Defense, pertaining to PVT Loving's death sentence. This includes, but is not limited to, any document generated in connection with the Presidential approval required under Article 71(a), U.C.M.J. (10 U.S.C. § 871(a)).

On behalf of PVT Loving I request expedited processing of these requests, pursuant to 5 U.S.C. § 552(a)(6)(E). This request is urgent, and failure to obtain these requested records could reasonably be expected to pose an imminent threat to PVT Loving's life. I have been informed by the Judge Advocate General of the Army that the process of sending PVT Loving's case to the President for review under Article 71(a), U.C.M.J. has already begun. However, despite my requests, I have not been provided with any documents showing the process by which the President will be informed of PVT Loving's circumstances or the standards by which PVT Loving's case will be assessed.

Private Loving has been incarcerated since December 1988 and is indigent. I have represented PVT Loving pro bono since November 1994. For these reasons I request that Private Loving be granted fee waivers under both the Freedom of Information Act and the Privacy Act, to the fullest extent permitted by law. The primary purpose of the requests made under the FOIA is to inform the legal community and the public about the process by which the President is provided information about death-sentenced military personnel. Providing this information is likely to contribute significantly to the public understanding of the operations or activities of the Department of Defense, by providing information about the process by which the President carries out his statutory responsibilities under Article 71(a) of the U.C.M.J. To my knowledge these procedures have never been published and are not in the public domain. In contrast, however, procedures for the Presidential exercise of his pardon and clemency powers are published in the Code of Federal Regulations and the United States Attorney's Manual. Because there has not been an execution of a servicemember since 1961, there is little public knowledge of the subject. I have no intention of using this information for commercial purposes. I continue to represent PVT Loving without charge to him, so in the event that this information is used in my representation of my client, I will not personally profit from any information obtained.

I understand that, in accordance with current Department of Defense FOIA policy, PVT Loving is entitled to two hours of search time and 100 pages of documents, without cost. I understand that, in

Department of Defense
Directorate for Freedom of Information and Security Review
August 11, 2005
Page 3

accordance with Department of Defense Privacy Act policy, PVT Loving is responsible for reproduction costs only. If you choose to deny these requests for waiver of fees I am willing to pay the fees required to obtain this information requested. However, in such circumstance I expect that you contact me by telephone at (803) 765-0650 and in writing by fax at (803) 765-0705 with an estimate of fees, broken down according to each numbered request above, so that I can make a determination as to how to proceed further.

If you have any questions about these requests please contact me immediately by the means listed above.

Sincerely,

Teresa L. Norris

enc.

# Exhibit B

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

*06-A-2296-A1*

Seth A. Watkins
202.429.8090
sethwatkins@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

January 31, 2006
By Facsimile (703-696-4506)

**Information Appeal**

Department of Defense
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155

Re:     Freedom of Information Act and Privacy Act Appeal
on Behalf of Private Dwight J. Loving
<u>Case Number 05-F-2296</u>

Dear Sir or Madam:

I am acting as co-counsel with Teresa L. Norris of the Center for Capital
Litigation, Columbia, South Carolina, in connection with pending Freedom of Information Act
("FOIA") and Privacy Act requests on behalf of Private ("PVT") Dwight J. Loving. A U.S.
Department of Justice "Certification of Identity" form executed by PVT Loving is attached as
Exhibit A and authorizes the release of information to me. A Certification of Identity form also
was previously submitted by Teresa L. Norris.

This will appeal the denial of information requested on behalf of PVT Loving
under FOIA and the Privacy Act. Response is **urgently requested** because counsel for PVT
Loving was informed by letter dated January 24, 2006 (Exhibit B) that his case file has now been
forwarded to the White House for Presidential review of his death sentence. PVT Loving has
been incarcerated since 1988 and only the President of the United States can approve and order
the execution of his death sentence. By this latest action, it is clear that there is imminent threat
to PVT Loving's life and time is of the essence.

Pending before the Department of Defense ("DoD") is a letter request dated
August 11, 2005 (Exhibit C) for which an interim response was mailed by DoD dated September
8, 2005 (Exhibit D).[1]

---

[1] Separate FOIA and Privacy Act requests to Department of Defense-related entities also
are pending before the Department of the Army, Office of the Judge Advocate General, Criminal
Law Division.

STEPTOE & JOHNSON LLP

Department of Defense
Office of Freedom of Information
January 31, 2006
Page 2

In addition, also pending is a letter request to the White House Military Office
("WHMO") dated August 11, 2005 (Exhibit E). A further letter dated November 10, 2005
(Exhibit F) was sent to Richard Klingler, Associate Counsel to the President, inquiring as to the
status of this request. No response has ever been received from WHMO. It is our understanding
from the FOIA office of the DoD that the non-response to the WHMO letter request may be
appealed to this FOIA office.

To date, PVT Loving has not received any documents or response determination
with respect to the two above-identified letter requests under FOIA and the Privacy Act. Clearly,
with Presidential review in progress, there is a compelling need for expedited processing of the
letter requests pursuant to 5 U.S.C. § 552(a)(6)(E).

In summary, the letter requests seek:

- documents that set out or reflect current approved policies or procedures for
  forwarding cases involving death-sentenced military personnel from the
  service Judge Advocate General to the service Secretary to the President for
  final decision;

- documents dated between January 1, 1994 and the present discussing or
  recommending procedural options for processing cases of death-sentenced
  military personnel, from the end of direct appellate review to Presidential
  action;

- documents which set out procedures or policies used between 1950 and 1962
  for forwarding cases involving death-sentenced military personnel from the
  service Judge Advocate General or service Secretary to the President;

- documents dated January 1, 1994 or later containing an opinion or
  recommendation about whether PVT Loving's death sentence should be
  approved or commuted;

- documents containing a recommendation or soliciting an opinion on the issue
  of whether PVT Loving's death sentence should be approved or commuted;
  and

- documents dated January 1, 1994 or later generated with the Department of
  the Army or the Department of Defense pertaining to PVT Loving's death
  sentence.

Subsequent to the filing of the letter requests, revised Army Regulation 190-55
entitled "U.S. Army Corrections System: Procedures for Military Executions" was released on

STEPTOE & JOHNSON LLP

Department of Defense
Office of Freedom of Information
January 31, 2006
Page 3

January 17, 2006. Section 2-1 of this Regulation requires that the Judge Advocate General
forward any clemency petition by prisoner and/or counsel and the recommendation of the Judge
Advocate General to the Secretary of the Army for the decision of the President. The scope of
the letter requests on behalf of PVT Loving includes all such documents forwarded from the
Judge Advocate General to the Secretary of the Army to the President in connection with PVT
Loving.

Moreover, in its January 24, 2006 letter, the Office of the Judge Advocate General
informed counsel for PVT Loving that "[t]he case file has been reviewed by The Judge Advocate
General, The Secretary of the Army, and The Secretary of Defense." *See* Exhibit B. The scope
of the letter requests on behalf of PVT Loving further includes all documents relating to
communications and recommendations from these offices concerning PVT Loving's death
sentence.

The failure to provide a response determination to a FOIA request within the
statutory time limits may be construed as a denial from which a requester may appeal. *See, e.g.,*
5 U.S.C. § 552(a)(6)(C) and DoD 5400.7-R §§ C1.4.7, C5.3.1.

I request that DoD review the record and order the production of responsive
documents to me or to the initial requestor, Teresa L. Norris. In the event that any records or
portions thereof are withheld or deleted, I request a specific statement identifying the material
withheld, an index or similar statement of the scope of the material withheld, and a citation of the
exemption sections upon which the denial on appeal is based.

Pursuant to the Act's requirements on administrative appeals, I request a response
to this appeal within twenty working days.

Sincerely yours,

Seth A. Watkins

Attachments (Exhibits A-F)

cc:     Teresa L. Norris, Esq.,
        Center for Capital Litigation (w/attachments)

# Exhibit C



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

FEB 0 9 2006
Ref: 05-F-2296

Ms. Teresa Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303 (29201)
Post Office Box 11311
Columbia, SC 29211

Dear Ms. Norris:

This is in response to your August 11, 2005, Freedom of Information Act (FOIA) request to the Department of Defense in which you asked for: 1) records reflecting policies or procedures for forwarding death-sentenced cases from the military services to the President; 2) Documents from Jan 1, 1994, to the present concerning procedural options for processing death-sentenced cases of military personnel; 3) Documents concerning procedures or policy used between 1950 and 1962 for forwarding death-sentenced cases from the military services to the President; 4) Documents containing opinions or recommendations on approval or commuting PVT Loving's death sentence dated Jan 1, 1994, or later; 5) Documents containing recommendations or solicited opinions on PVT Loving's death sentence, to include victims of his crimes or their representatives; 6) Documents generated by the DoD dated Jan 1, 1994, pertaining to PVT Loving's death sentence.

The Executive Services Directorate (ESD), which contains the official files for the Secretary of Defense, the Assistant Secretary of Defense for Public Affairs (PA), and the Office of General Counsel (OGC), conducted a search for responsive documents and the enclosed are provided as responsive to items 2, 4 and 6 (as stated above) of your request.

The OGC has determined that the deleted information within the enclosed 133 pages, and 104 pages in their entirety, is exempt from release. Some of this information is withheld because it is deliberative in nature, predecisional, and contains subjective evaluations, opinions and recommendations. Some information is also being withheld because, if released, it would constitute a clearly unwarranted invasion of the personal privacy of individuals. This information is being withheld pursuant to Title 5 U.S.C. § 552 (b)(5) and (b)(6).

The ESD, PA and the OGC have stated that no responsive documents were located associated with items 1, 3 and 5 (as stated above) as a result of their searches.

You have a right to appeal the decision to withhold this information and the "no record" responses to portions of your request. Any such appeal should be sent to James Hogan, Chief, Appeals, Policy and Litigation Branch at the above address. Your appeal letter should be postmarked within 60 calendar days of the date of this letter and should cite case number 05-F-2296.

Additional responsive documents have been located and determined to have originated with Departments of the Air Force (six pages), Army (186 pages), and Navy (27 pages), the Marine Corps (14 pages), and the Department of Defense Inspector General's office (three pages). Accordingly, these documents were referred to those agencies at the following addresses for processing and direct response to you:

Department of the Air Force
11CS/SCSR (FOIA)
1000 Air Force Pentagon
Washington, DC 20330-1000

Department of the Army
FOIA/Privacy Act Office
Attn: AHRC-PDD-FP
7701 Telegraph Road
Alexandria, VA 22315-3860

Department of the Navy
Chief of Naval Operations
DNS-36
2000 Navy Pentagon
Washington, DC 20350-2000

Commandant of the Marine Corps
(ARSE)
Headquarters U.S. Marine Corps
2 Navy Annex
Washington, DC 20380-1775

Inspector General of the Department
of Defense
Chief, FOIA/PA Office
400 Army Navy Drive, RM 201
Arlington, VA 22060-6221

If you should have questions concerning this material, you should write directly to the above listed offices.

Sincerely,

*Will Kammer*

Will Kammer
Chief

Enclosures:
As stated

# Exhibit D



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

0 3 MAR 2006

Ref: 05-F-2296
06-A-0886
06-A-2296

Mr. Seth A. Watkins
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Dear Mr. Watkins:

This acknowledges receipt of your Freedom of Information Act (FOIA) appeal of January 31, 2006, in which you appeal two FOIA requests concerning your client, Private Dwight J. Loving.

Regarding your appeal to our lack of response to Ms. Norris' August 11 FOIA request to this office, we have answered Ms. Norris on February 9, 2006 (copy enclosed). Therefore this portion of your appeal is moot.

In reference to your appeal to the White House Military Office (WHMO), this office processes initial requests and appeals concerning WHMO. We were informed by WHMO that they have no record of receipt of Ms. Norris' August 11, 2005 request.

Upon receipt of your appeal, we tasked WHMO for a search for documents responsive to Ms. Norris' initial request. WHMO has conduct a search and found no responsive documents.

This response makes your appeal to WHMOs non-response moot.

You may appeal this no record determination by submitting your rationale to support an additional search effort. Any such appeal should be submitted within 60 days of the date of this letter to the address on the letterhead above.

Sincerely,

David N. Maier

*for*

James P. Hogan
Chief, FOIA Policy, Appeals & Litigation
Branch

# Exhibit E

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Seth A. Watkins
202.429.8090
sethwatkins@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

**CONFIRMATION**

April 7, 2006
By First Class Mail and Facsimile (703-696-4506)

**CONFIRMATION**

**Information Appeal**

James Hogan, Chief
Appeals, Policy and Litigation Branch
Department of Defense
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155

Re:     Freedom of Information Act and Privacy Act Appeal
        on Behalf of Private Dwight J. Loving
        Case Number 05-F-2296

Dear Mr. Hogan:

I am acting as co-counsel with Teresa L. Norris, Esq. in connection with pending Freedom of Information Act ("FOIA") and Privacy Act requests on behalf of Private ("PVT") Dwight J. Loving. A U.S. Department of Justice "Certification of Identity" form executed by PVT Loving is attached as Exhibit A and authorizes the release of information to me. A Certification of Identity form also was previously submitted by Teresa L. Norris.

I previously filed an Information Appeal in connection with this Case Number 05-F-2296 on January 31, 2006. No acknowledgement has been received from the Department of Defense ("DoD") concerning the January 31, 2006 appeal. Subsequent to that appeal, Ms. Norris received a letter from the DoD dated February 9, 2006 forwarding allegedly "responsive documents" to PVT Loving's requests.

This will appeal the denial of information requested on behalf of PVT Loving under FOIA and the Privacy Act. Response is urgently requested because counsel for PVT Loving was informed by letter dated January 24, 2006 (Exhibit B) that his case file has now been forwarded to the White House for Presidential review of his death sentence. PVT Loving has been incarcerated since 1988 and only the President of the United States can approve and order the execution of his death sentence. By this latest action, it is clear that there is imminent threat to PVT Loving's life and time is of the essence.

STEPTOE & JOHNSON LLP

James Hogan
Department of Defense
April 7, 2006
Page 2

Pending before the Department of Defense ("DoD") is a letter request dated August 11, 2005 (Exhibit C) for which a response was mailed by DoD dated February 9, 2006 (Exhibit D).[1]

In addition, also pending is a letter request to the White House Military Office ("WHMO") dated August 11, 2005 (Exhibit E). A further letter dated November 10, 2005 (Exhibit F) was sent to Richard Klingler, Associate Counsel to the President, inquiring as to the status of this request. No response has ever been received from WHMO. It is our understanding from the FOIA office of the DoD that the non-response to the WHMO letter request may be appealed to this FOIA office. The February 9, 2006 letter from the DoD does not make any mention of the WHMO. PVT Loving thus hereby appeals the denial of information from the WHMO.

In summary, PVT Loving requests:

- documents that set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision;

- documents dated between January 1, 1994 and the present discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action;

- documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President;

- documents dated January 1, 1994 or later containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted;

- documents containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted; and

- documents dated January 1, 1994 or later generated with the Department of the Army or the Department of Defense pertaining to PVT Loving's death sentence.

---

[1] Separate FOIA and Privacy Act requests to Department of Defense-related entities also are pending before the Department of the Army, Office of the Judge Advocate General, Criminal Law Division.

STEPTOE & JOHNSON LLP

James Hogan
Department of Defense
April 7, 2006
Page 3

Subsequent to the filing of the letter requests, revised Army Regulation 190-55 entitled "U.S. Army Corrections System: Procedures for Military Executions" was released on January 17, 2006. Section 2-1 of this Regulation requires that the Judge Advocate General forward any clemency petition by prisoner and/or counsel and the recommendation of the Judge Advocate General to the Secretary of the Army for the decision of the President. The scope of the letter requests on behalf of PVT Loving includes all such documents forwarded from the Judge Advocate General to the Secretary of the Army to the President in connection with PVT Loving. PVT Loving hereby appeals the lack of production of any such documents by the DoD as responsive to the letter requests.

Moreover, in its January 24, 2006 letter, the Office of the Judge Advocate General informed counsel for PVT Loving that "[t]he case file has been reviewed by The Judge Advocate General, The Secretary of the Army, and The Secretary of Defense." See Exhibit B. The scope of the letter requests on behalf of PVT Loving further includes all documents relating to communications and recommendations from these offices concerning PVT Loving's death sentence. PVT Loving hereby also appeals the lack of production of any such documents by the DoD as responsive to the letter requests.

PVT Loving further appeals the denial of information as evident from the substantial redactions of content in the memoranda and emails provided by the DoD with its February 9, 2006 response letter. The February 9, 2006 response letter states that information is being "withheld because it is deliberative in nature, predecisional, and contains subjective evaluations, opinions and recommendations." The response letter also states that some information is being withheld due to "personal privacy" concerns. Because the extent of redactions of the memoranda and email produced by the DoD, and the lack of any information concerning the content that was redacted, PVT Loving is not able to make any assessment of the propriety of the denial of information. For any records or portions thereof that have been withheld or deleted, PVT Loving requests a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal is based.

Response to this appeal should be made to either me or the initial requestor, Teresa L. Norris. Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

Sincerely yours,

*Seth A. Watkins*

Seth A. Watkins

Attachments (Exhibits A-F)
cc:     Teresa L. Norris, Esq. (w/attachments)

# Exhibit F



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

0 1 MAR 2007
Ref: 07-FP-0042

Mr. Seth A. Watkins
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795.

Dear Mr. Watkins:

This is in response to your August 11, 2005 Freedom of Information/Privacy Act request submitted to the Department of the Army. That office located Department of Defense documents and forwarded them to this office for a release determination.

The documents have been reviewed by the Department of Defense Office of General Counsel (OGC), and they have determined that the records do not fall under a Privacy Act System of Records, and are therefore, processing them under the Freedom of Information Act only. Accordingly, the OGC has determined that the 6 pages of referred documents are withheld because they are deliberative in nature, predecisional, contain attorney client attorney work product information, and were created to assist the President in the exercise of his nondelegable constitutional duties. The information is denied pursuant to 5 USC § 552 (b)(5).

Administrative appeal rights are moot as this matter is in litigation.

Sincerely,

James P. Hogan
Chief, FOIA Policy, Appeals and Litigation

# Exhibit G



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
716 SICARD ST. SE SUITE 1000
WASHINGTON NAVY YARD DC 20374-5047

IN REPLY REFER TO

5720
Ser 20/246
June 2, 2006

Ms. Teresa L. Norris
Director, Center for Capital Litigation
1247 Sumter Street, Suite 203 (29201)
P.O. Box 11311
Columbia, SC 29211

Dear Ms. Norris:

As you were advised by the Head, Department of the Navy Privacy Act/Freedom of Information Act Policy Branch, Office of the Chief of Naval Operations, Case File No. DON 200600377, your Freedom of Information Act (FOIA) request of August 11, 2005, was referred to this office for partial action regarding Private Dwight J. Loving, U.S. Marine Corps. Your request was received by this Office on March 14, 2006, and assigned FOIA No. JAG 20/6120.

During our search, we identified a <u>proposed</u> Capital Case Processing Directive and recommended changes as responsive to your request. Review of the identified documents reveals that they are exempt from disclosure in their entirety under exemption 5 U.S.C. § 552(b)(5) of the FOIA since they consist entirely of intra-agency memoranda, deliberative process, and attorney work product.

Because your request has been denied, you are entitled under the Act to appeal this determination in writing to the designee of the Secretary of the Navy. Such appeal, if any, should be addressed to:

> Department of the Navy
> Office of the Judge Advocate General (Code 14)
> 1322 Patterson Avenue SE, Suite 3000
> Washington Navy Yard, DC 20374-5066

The appeal must be received within 60 days from the date of this letter in order to be considered. The enclosed copy of this letter should be attached. Both the letter of appeal and the envelope should bear the notation. "Freedom of Information Act Appeal."

I am the official responsible for the denial of your request.

Sincerely,

J. S. HEROLD
Captain, JAGC, U.S. Navy
Deputy Assistant Judge Advocate General,
Criminal Law

Enclosure



**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS UNITED STATES AIR FORCE**
**WASHINGTON DC**

31 May 2006

HQ USAF/JAA
1420 Air Force Pentagon
Washington DC 20330-1420

Ms. Teresa L. Norris
Center for Capital Litigation
Post Office Box 11311
Columbia, SC 29211

Dear Ms. Norris

This is in response to your August 11, 2005, Freedom of Information Act (FOIA) request to the Freedom of Information Act (FOIA) office for the Department of Defense (DoD) on behalf of your client Private Dwight J. Loving. As a part of their search, DoD found some responsive documents that belonged to the Air Force. As the Initial Denial Authority for these records, I have determined that you are entitled to a redacted version.

The bases for this decision are Exemptions 5, and 6 of the FOIA. Exemption 5, 5 U.S.C. § 552(b)(5), exempts from disclosure records containing pre-decisional deliberative information, as well as attorney-client records and attorney work product. Exemption 6, 5 U.S.C. § 552(b)(6), requires withholding of information that, if released, would constitute a clearly unwarranted invasion of personal privacy.

For purposes of this request, you are considered a Category 3 (Other) requestor. Under this category, unless you qualify for a fee waiver or reduction, you must pay duplication costs in excess of the first 100 pages and search time in excess of two hours. In processing your request neither of these thresholds were exceeded; therefore, we have not charged you a fee for processing your request.

2

You may appeal this decision in writing within sixty (60) calendar days from the date of this letter. Your appeal must include the FOIA Case Number (06-0472), the reasons for reconsideration, and a copy of this letter. Please address your letter as follows:

> Secretary of the Air Force
> THRU: HAF/ICIOD (FOIA)
> 1000 Air Force Pentagon
> Washington DC 20330-1000

Sincerely

RICHARD A. PETERSON
Deputy Chief, Administrative Law Division
Office of The Judge Advocate General

Attachment:
FOIA # 06-0472 Responsive Documents (6 pages)



**INSPECTOR GENERAL**
DEPARTMENT OF DEFENSE
400 ARMY NAVY DRIVE
ARLINGTON, VIRGINIA 22202–4704

OCCL

FEB 16 2006

Ms. Teresa L. Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303
Columbia, SC 29201

Dear Ms. Norris:

This is in response to your Freedom of Information Act and Privacy Act ((FOIA/PA) request of August 11, 2005, on behalf of your client Private Dwight J. Loving, to the Directorate for Freedom of Information and Security Review. The Defense Office of Freedom of Information referred your request and documents to us for our action and direct response to you, which we received on February 16, 2006.

We only processed the document(s) referred to our agency. If you think our agency may have other information responsive to your request, you must submit a new FOIA request.

I have carefully reviewed the referred documents consisting of three pages responsive to your FOIA request and determined that the enclosed documents that originated with the Office of the Inspector General of the Department of Defense may be released to you with redactions. The redactions are in accordance with the FOIA under exemption (b)(6), the disclosure of information would constitute a clearly unwarranted invasion of personal privacy of individuals.

You have the right to appeal this decision of withholding information from you that is responsive to your FOIA request. If you should appeal, your appeal must be in writing to the Appellate Authority:

> Mr. John R. Crane
> Assistant Inspector General
> Office of Communications and Congressional Liaison
> 400 Army Navy Drive, Room 1034
> Arlington, Virginia 22202-4704

To be considered your appeal should be postmarked no later than 60 calendar days from the date of this letter. Please give your reasons for the appeal and write "Freedom of Information Act Appeal" printed clearly on the envelope and the letter. Also, reference your FOIA request number 06-0147R in your appeal letter, and include a copy of this letter.

2

I am the official responsible for this determination and have waived all processing fees. Should you have any questions regarding this matter, please contact Ms. Barbara Davis-Flanagan at (703) 604-9779.

Sincerely,

Darryl R. Aaron
Chief
Freedom of Information Act and
  Privacy Act Office

Enclosure:
As stated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                      )
DWIGHT J. LOVING                      )
U.S. Disciplinary Barracks            )
1300 N. Warehouse Rd.                 )
Fort Leavenworth, KS  66027-1363      )
                                      )
                 Plaintiff,           )
                                      )
v.                                    )
                                      )
UNITED STATES DEPARTMENT OF DEFENSE   )  Case 1:06-CV-01655-ESH
Office of the General Counsel         )
1600 Defense Pentagon                 )
Washington, DC  20301-1600            )
                                      )
and                                   )
                                      )
UNITED STATES DEPARTMENT OF THE ARMY  )
Office of the General Counsel         )
104 Army Pentagon                     )
Washington, DC  20310-0104            )
                                      )
                 Defendants.          )
                                      )
```

## DECLARATION

1.    I, TERESA D. ROSS, declare the following to be true and correct:

2.    THAT, I am presently serving as the Head, Freedom of Information and Privacy Acts Section (ARSF), Administration and Resource Management Division, Headquarters, U.S. Marine Corps, 2 Navy Annex, Washington, DC 20380-1775.

3.    THAT, in this position, I am responsible for implementation
and management of the Freedom of Information Act (FOIA) and
Privacy Act (PA) programs within the U.S. Marine Corps (USMC).

4.    THAT, I am also the FOIA Coordinator for Headquarters U.S.
Marine Corps (HQMC) and am responsible for the control and
processing of all FOIA requests addressed to the Commandant of
the Marine Corps, the Assistant Commandant of the Marine Corps,
the Director Marine Corps Staff, the Counsel for the Commandant,
the Legislative Assistant to the Commandant, the Staff Judge
Advocate to the Commandant, the Inspector General of the Marine
Corps, the Chaplain of the Marine Corps, all HQMC Departments and
Divisions, and/or the Marine Corps Recruiting Command.

5.    THAT, in this position, as delegated by the Secretary of the
Navy in Secretary of the Navy Instruction (SECNAVINST) 5720.42F,
paragraph 6e(2), I am delegated FOIA Initial Denial Authority
(IDA) for USMC documents.  By that provision, FOIA IDA is also
delegated to the Director, Judge Advocate Division.

6.    THAT, I have continuously performed these duties since
August 2002.

7.    THAT, on February 9, 2006, 14 pages of documents located
in the files of the Department of Defense (DoD) General Counsel
(GC) were referred by the DoD Office of Freedom of Information
(OFOI) to my office to coordinate their review and to respond

2

directly to the FOIA requester regarding their releasability
under the FOIA.  That referral was received by my office on
February 16, 2006, and was controlled in our complex processing
queue under file number HQMC-200600307.

8.    THAT, on March 9, 2006, this office prepared and forwarded a
tasker to the HQMC Judge Advocate Division (JAD) directing review
of the referred 14 pages and response to this office with a JAD
position regarding the releasability of the 14 referred pages
under the FOIA.  Based on input provided by knowledgeable JAD
personnel on April 8, 2006, and March 22, 2007, I determined that
the USMC data contained on six of the 14 referred pages was
releasable in its entirety and that USMC data contained on two
of the referred pages constituted predecisional, deliberative
opinion that was offered by a USMC judge advocate at the request
of an attorney with the DoD GC's office pertaining to a proposed
amendment to the Manual for Courts-Martial regarding capital case
processing.

9.    THAT, based on the JAD input, I also determined that five
of the 14 referred pages contained information denied solely by
the Department of Defense General Counsel and that one page was
not generated by any USMC component but, instead, by the Criminal
Law Division of the Department of the Navy Office of the Judge
Advocate General.

10.   THAT, on March 22, 2007, I prepared a substantive response to the FOIA requester, by which I released the USMC information contained on four of the 14 referred pages in entirety and denied in part, under exemption (b)(5), USMC information contained on two of the 14 referred pages, citing to the Director, Judge Advocate Division, as the FOIA Initial Denial Authority.  I also released five of the 14 referred pages containing information denied solely by the DOD GC and referred one page to the Office of the Judge Advocate General for further review and direct response to the requester regarding its FOIA releasability. Exhibit A is an Index detailing the denied USMC data.  Exhibit B is a copy of my response to the FOIA requester (without enclosures).  Exhibit C is a copy of my referral to the Office of the Judge Advocate General (without enclosures).

11.   I declare under penalty of perjury that the foregoing is true and correct.

DATED: This 27th day of March 2007.

TERESA D. ROSS
HEAD, FOIA/PA SECTION (ARSF)
ADMINISTRATION & RESOURCE DIVISION
HEADQUARTERS, U.S. MARINE CORPS

# EXHIBIT (A)

# CASE NUMBER: HQMC-200600307    LOVING CASE

| No | HQMC-DocNu | Subject Matter | Type of Document | Date | Author | Pages | Action Taken | Exemption Claimed |
|---|---|---|---|---|---|---|---|---|
| 1 | DODIJAD (01) | DoD General Counsel capital case processing proposal | e-mail | 6/27/2002 | Head, Military Law Branch, Headquarters, U.S. Marine Corps | 1 | Denied in part. | (b)(5) - Executive Privilege. USMC withheld data is predecisional, deliberative opinion offered by a USMC judge advocate at the request of an attorney with the DoD General Counsel's office pertaining to a proposed amendment to the Manual for Courts-Martial regarding capital case processing. |
| 2 | DODIJAD (04) | DoD General Counsel capital case processing proposal (duplicate of document DODIJAD (01) | e-mail | 6/27/2002 | Head, Military Law Branch, Headquarters, U.S. Marine Corps | 1 | Denied in part. | (b)(5) - Executive Privilege. USMC withheld data is predecisional, deliberative opinion offered by a USMC judge advocate at the request of an attorney with the DoD General Counsel's office pertaining to a proposed amendment to the Manual for Courts-Martial regarding capital case processing. |

# EXHIBIT (B)



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

5720  IN REPLY REFER TO:
ARSF/7U100302
March 22, 2007

MR SETH A WATKINS
STEPTOE AND JOHNSON LLP
ATTORNEYS AT LAW
1330 CONNECTICUT AVENUE NW
WASHINGTON DC  20036-1795

Dear Mr. Watkins:

During the processing of an August 11, 2005, Freedom of Information Act (FOIA) request submitted by Ms. Teresa Norris with the Center for Capital Litigation, personnel with the Office of Freedom of Information (OFOI), initiated a search of various Office of the Secretary of Defense files. During that search, eight documents (14 pages) that were identified as responsive from those files actually originated with U.S. Marine Corps (USMC) components and were referred to this Headquarters to coordinate their review and for direct response to you regarding their releasability under the FOIA.  We have since been notified by DoD OFOI that all responses to Ms. Norris's request should be directed to you.

In an effort to simplify our processing of the referred documents, we have numbered them as DOD/JAD (01) through DOD/JAD (08).  During our review, we determined that four of the referred documents [DOD/JAD (01), DOD/JAD (04), DOD/JAG (05), and DOD/JAD (06)] contain predecisional, deliberative opinion and recommendation generated by an attorney within the Department of Defense (DoD) General Counsel.  Additionally, after coordinating with knowledgeable personnel with the Judge Advocate Division of this Headquarters, we determined that two of referred documents [DOD/JAD (01) and DOD/JAD (04)] also contain predecisional, deliberative opinion and recommendation generated by a USMC staff judge advocate.  Accordingly, since disclosure of this type of information could chill the free and candid exchange of advice and recommendation during the decision-making process, and exemption (b)(5) precludes the public disclosure of this type of information, the applicable portions of documents DOD/JAD (01), DOD/JAD (04), DOD/JAD (05), and DOD/JAD (06) are denied by the DoD General Counsel or the Staff Judge Advocate to the Commandant of the Marine Corps.  The releasable portions of documents DOD/JAD (01), DOD/JAD (04), DOD/JAD (05), and DOD/JAD (06) are provided at enclosure (1).

Further, our review of the referred documents revealed that documents DOD/JAD (02), DOD/JAD (03), and DOD/JAD (07) are releasable in their entirety.  Copies are provided at enclosure (2).  Document DOD/JAD (08), however, did not originate with a USMC component.  Instead, document DOD/JAD (08) was generated by personnel within the Navy and Marine Corps Appellate Review Activity, a component of the Navy Staff Judge Advocate General's Office.  Accordingly, pursuant to provisions established by DoD and Department of the Navy (DON) FOIA regulation, I have forwarded document DOD/JAD (08) to the Officer in Charge, Navy and Marine Corps Appellate Review Activity, Office of the Judge Advocate General (Code 40.2), 716 Sicard Street SE, Suite 1000, Washington, DC 20374-5407, for appropriate action and for direct response to you regarding it FOIA releasability.

In view of the above, you may consider this an adverse determination of Ms. Norris's request. You may appeal the data denied by the DoD General Counsel in documents DOD/JAD (01), DOD/JAD (04), DOD/JAD (05), and DOD/JAD (06) to James Hogan, Chief, Appeals, Policy and Litigation Branch, Office of Freedom of Information, 1155 Defense Pentagon, Washington, DC 20301-1155.  You may

5720
ARSF/7U100302
March 22, 2007

appeal the data denied by the Staff Judge Advocate to the Commandant of the Marine Corps to the Judge Advocate General, General Litigation Branch (Code 14), 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard DC 20374-5066. Your appeal(s), if any, must be postmarked within 60 calendar days from the date of this letter to be considered and should include a copy of this letter. Additionally, your appeal correspondence should contain a written statement indicating why you believe your appeal should be granted. Finally, I recommend that your appeal and its envelope both bear the notation, "Freedom of Information Act Appeal."

Because costs incurred by this Headquarters during the processing of Ms. Norris's request amount to less than the $15.00 fee threshold established for automatic fee waiver, no FOIA processing fees are assessed in this instance. Questions concerning the processing of the DoD OFOI referred documents by this Headquarters may be directed to me at (703) 614-4008. Please reference our file number HQMC-200600307, whenever corresponding on this matter.

Sincerely,

TERESA D. ROSS
Head, Freedom of Information/Privacy Acts Section
Security Programs & Information Mgmt Branch
Administration & Resources Mgmt Division
By direction of the
Commandant of the Marine Corps

Enclosures (2)

# EXHIBIT (C)



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
2 NAVY ANNEX
WASHINGTON, DC 20380-1775

IN REPLY REFER TO:
5720
ARSF/7U100303
22 Mar 07

From:  Commandant of the Marine Corps
To:    Officer in Charge, Navy and Marine Corps Appellate Review Activity (Attn: FOIA)

Subj:  FREEDOM OF INFORMATION ACT (FOIA) REQUEST OF TERESA L. NORRIS
       (CENTER FOR CAPITAL LITIGATION); FILE NO. HQMC-200600307

Ref:   (a) SECNAVINST 5720.42F

Encl:  (1) OFOI memo for CMC, 05-F-2295, of 9 Feb 06 (w/o atchs)
       (2) Document DOD-JAD (08)
       (3) Initial FOIA request of 11 Aug 05
       (4) CMC ltr 5720 ARSF/7U100302 of 22 Mar 07

1.  During their processing of the subject FOIA request, personnel within the Office of the
Secretary of Defense identified eight documents (14 pages) that originated with a U.S. Marine
Corps (USMC) component and referred them to this Headquarters for review and direct response
to the requester regarding their releasability under the FOIA.

2.  However, review of the eight referred documents revealed that one, numbered DOD-JAG
(08), did not originate with a USMC component but instead with your organization. Therefore,
enclosures (1) through (3) are forwarded for your appropriate action as a matter under your
cognizance and for direct response to Ms. Norris regarding the FOIA releasability of the
enclosure (2) document.

3.  Please be advised that the Center for Capital Litigation is currently in litigation with DoD on
this matter. Accordingly, I ask that you please expedite the processing of enclosures (1) through
(3) and that you provide Mr. Jim Hogan with the DoD Office of Freedom of Information (OFOI)
a copy of your substantive response to Ms. Norris, to include a copy of whatever portion(s) of
document DOD-JAG (08) is released.

4.  Should you have any questions concerning this matter, please don't hesitate to contact me at
(703) 614-4008 or Mr. Jim Hogan with the DoD OFOI at (703) 696-4699.

TERESA D. ROSS
By direction

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DWIGHT J. LOVING<br>U.S. Disciplinary Barracks<br>1300 N. Warehouse Rd.<br>Fort Leavenworth, KS  66027-1363<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br>Office of the General Counsel<br>1600 Defense Pentagon<br>Washington, DC  20301-1600<br><br>and<br><br>UNITED STATES DEPARTMENT OF THE ARMY<br>Office of the General Counsel<br>104 Army Pentagon<br>Washington, DC  20310-0104<br><br>                    Defendants. | Case 1:06-CV-01655-ESH |

DECLARATION

I, CHRISTIAN L. REISMEIER, declare the following to be true and correct:

1.  THAT, I am presently serving as the Division Director for the Criminal Law Division (Code 20), of the Office of the Judge Advocate General, United States Navy.  I am currently located at 716 Sicard Street, SE Bldg 111 Suite 1000, Washington Navy Yard, DC 20374.

2.   THAT, in this position, I am responsible for the control and processing of FOIA requests addressed to the Judge Advocate General or other Navy commands in areas relating to criminal law.

3.   THAT, in this position, as delegated by the Secretary of the Navy in Secretary of the Navy Instruction (SECNAVINST) 5720.42F, paragraph 6e(2), I am delegated FOIA Initial Denial Authority (IDA) for documents originated by the Department of the Navy in the area of criminal law.

4.   THAT, I have continuously performed these duties since August 2006.

5.   THAT, on March 23, 2007, one(1) single-page document, located in the files of the Commandant of the Marine Corps, were referred by their office to my office to coordinate our review and to respond directly to the FOIA requester regarding their releasability under the FOIA.  This document was forwarded to our office because it was identified as being generated by personnel within the Navy-Marine Corps Appellate Review Activity.  That referral was controlled in our processing queue under file number OJAG 20/F07112.

6.   THAT, on March 27, 2007, this office prepared a response to the requester with our position regarding the releasability of the document in question under the FOIA.  Based on input provided by personnel within the Office of the Judge Advocate General, I

2

determined that the U.S. Navy information contained on the bottom paragraph of the document constituted pre-decisional, deliberative opinions that were offered by a U.S. Navy judge advocate at the request of a judge advocate from the Department of the Army.  The request pertained to proposed changes to the Manual for Courts-Martial regarding capital case processing.

7.  THAT, based on the same input, I also determined that the top paragraph of the document contained information that related to thought processes created by personnel within the Department of the Army.

8.  THAT, I determined that the names of the parties involved in the creation of the document should be withheld under FOIA exception (b)(6), as an unwarranted invasion of privacy.

9.  THAT, on March 28, 2007, I signed and mailed a substantive response to the FOIA requester, by which I withheld the U.S. Navy owned information contained on the bottom paragraph of the document in its entirety under FOIA exemption (b)(5).  I also referred the top paragraph of the document to the Department of the Army's Office of the Judge Advocate General for further review and direct response to the requester regarding its FOIA releasability.  I also withheld the names of the parties involved in the document's preparation for the reasons mentioned in paragraph (8).  Exhibit A is a copy of my response (without enclosure) to the FOIA requester.  Exhibit B is a copy of my

3

referral to the Department of the Army's Office of the Judge Advocate General.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: This 28th day of March 2007.

CHRISTIAN L. REISMEIER
CAPT, JAGC, USN
DEPUTY ASSISTANT JUDGE ADVOCATE GENERAL
CRIMINAL LAW

4



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
716 SICARD ST. SE SUITE 1000
WASHINGTON NAVY YARD DC 20374-5047

IN REPLY REFER TO

5720
Ser 20/319

Mr. Seth A. Watkins
Steptoe & Johnson LLP
Attorneys at Law
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Dear Mr. Watkins:

During the review of documents referred to the Commandant of the
Marine Corps in response to Ms. Teresa L. Norris' August 11, 2005,
Freedom of Information Act (FOIA) request, one document (DOD/JAD(08))
was identified as being generated by personnel within the Navy-Marine
Corps Appellate Review Activity and was forwarded to this office for
appropriate action and for a direct response to you. This referral
was received by this office on March 23, 2007, and assigned FOIA case
number OJAG 20/F07112.

I have determined that the referred document (DOD/JAD(08))
contains pre-decisional, subjective opinions and recommendations
prepared during an executive decision-making process by the Department
of the Navy. This material is exempt from disclosure under 5 U.S.C. §
552(b)(5)(1994) of the FOIA.

In addition, certain portions of this document relate to materials
and information that is under the cognizance of the Department of the
Army. We are forwarding these potions of the document to them for a
direct response to you.

Finally, the names of the parties involved in the creation of the
document have been withheld under FOIA exemption (b)(6) as an
unwarranted invasion of privacy.

Because your request has been denied in part, you are entitled
under the FOIA to appeal this determination in writing to the designee
of the Secretary of the Navy. Such appeal, if any, should be
addressed to:

Department of the Navy
Office of the Judge Advocate General (Code 14)
1322 Patterson Avenue SE, Suite 3000
Washington Navy Yard, DC 20374-5066

The appeal must be received within 60 days from the date of this
letter in order to be considered. The enclosed copy of this letter
should be attached. Both the letter of appeal and the envelope should
bear the notation "Freedom of Information Act Appeal."

EXHIBIT A

5720
Ser 20/319

        I am the official responsible for the partial denial of your
request.

                         Sincerely,


                         C. L. REISMEIER
                         Captain, JAGC, U.S. Navy
                         Deputy Assistant Judge Advocate General,
                         Criminal Law

Enclosure

                              2

EXHIBIT A



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
716 SICARD ST. SE SUITE 1000
WASHINGTON NAVY YARD DC 20374-5047

IN REPLY REFER TO

5720
Ser 20/324

From:  Deputy Assistant Judge Advocate General (Criminal Law)
To:    Mr. Charles A. Cosgrove, Office of The Judge Advocate General,
       Department of the Army

Subj:  FOIA REQUEST ICO DWIGHT LOVING

Encl:  (1) Copy of CMC ltr 5720 ARSF/7U100303 of 22 Mar 07 w/encl (2)
           (DOD/JAD (08)) only
       (2) Copy of OJAG Code 20 letter (Ser 20/319 of 27 Mar 07) to
           Mr. Seth A. Watkins

1.  While processing enclosure (1), our office discovered a portion of
the referred document relates to materials and information falling
under the cognizance of the Department of the Army.  We are forwarding
this portion to you for a direct response to the requester.  The
requester has been advised of this referral (enclosure (2)).

2.  I have determined that paragraph (2) is exempt from disclosure in
its entirety.

3.  If you have any questions, the point of contact is Lieutenant
David H. Lee, who may be reached at (202) 685-7059.

                                  C. L. REISMEIER

EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DWIGHT J. LOVING | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No. 1:06-cv-1655(ESH) |
| DEPARTMENT OF DEFENSE, et. al. | ) | |
| Defendants. | ) | |

## DECLARATION OF COLONEL FLORA D. DARPINO

Pursuant to 28 U.S.C. § 1746, I, Colonel Flora D. Darpino, declare as follows:

1. I am a Colonel in the United States Army, with 20 years of active duty service. I currently serve as the Division Chief, Criminal Law Division, Office of The Judge Advocate General, 1777 North Kent Street, Rosslyn, Virginia. I have been the Chief, Criminal Law Division since June 23, 2005. Prior to assuming my current duties, I was assigned as Army War College Fellow with duty at the United States Department of Justice.

2. As Division Chief, I ultimately supervise all personnel assigned to this Division. Due to the nature of my position, I am familiar with the procedures followed by this office in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Specifically, I am aware of the actions that have been taken in response to the request of Private ("PVT") Dwight J. Loving (hereinafter Plaintiff) for records concerning the processing of his

1

capital case at the Department of the Army level. The statements contained in this declaration are based on my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. The Criminal Law Division is a division within the U.S. Army Office of The Judge Advocate General. Our division is responsible for providing the Judge Advocate General's Corps (JAGC) and Army leadership, their staffs, the Army Secretariat and Department of the Army Staff with accurate, proactive legal advice on all military justice issues affecting the Army and Joint Force, while continuing to provide responsive policy, assistance, training and guidance to the JAGC in the field on military justice matters. This office is comprised of four Active Duty Army Judge Advocates, one civilian attorney, one warrant officer and two paralegals with periodic support from Army Reserve Judge Advocates. PVT Loving's case has always managed by an Active Duty Judge Advocate.

## PLAINTIFF LOVING'S COURT MARTIAL

4. In 1989, PVT Loving was convicted in a trial by general court-martial of premeditated murder, felony murder, attempted murder and four specifications of robbery, in violation of Articles 118, 80, and 122, Uniform Code of Military Justice (UCMJ) 10 U.S.C. §§ 918, 880, and 922. He was sentenced to death, a dishonorable discharge, and forfeiture of all pay and allowances. The convening authority approved the sentence, and the United States Army Court of Military Review, now the United States Army Court of Criminal Appeals (ACCA), affirmed in *United States v. Loving*, 34 M.J. 956 (A.C.M.R. 1992). In 1994, the United States Court of Appeals for the Armed

2

Forces (CAAF) affirmed the decision of the lower court. *United States v. Loving*, 41 M.J. 213 (1994). On June 3, 1996, the United States Supreme Court affirmed. *Loving v. United States*, 517 U.S. 748 (1996); *see also Loving v Hart*, 47 M.J. 438 (1998), *cert. denied*, 525 U.S. 1040 (1998); *United States v. Loving*, 54 M.J. 458 (2000) (journal entry denying reconsideration of denial of motion to file out of time in *United States v. Loving*, 41 M.J. 213 (1994)), *cert. denied*, 534 U.S. 949 (2001) . On April 15, 2003 and April 17, 2004, Private Loving filed *coram nobis* petitions with the CAAF.

5. On November 8, 2004, the Acting Secretary of the Army directed transmittal of the case to the President in accordance with Rule for Courts-Martial 1204(c)(2), Manual for Courts-Martial.

6. On December 20, 2005, CAAF dismissed Loving's *coram nobis* petitions without prejudice and issued a lengthy opinion detailing its jurisdiction and informed PVT Loving that he could file a writ of *habeas corpus*. *Loving v. United States*, 62 M.J. 235 (2005).

7. The Secretary of Defense acted on Loving's case on January 8, 2006, and members of the Army Staff acting on behalf of the Secretary of the Army delivered the case to the President on January 23, 2006. Pursuant to Article 71, UCMJ, 10 USC § 871, the President must act upon any sentence of death under the UCMJ.

8. A few days later, on January 26, 2006, Private Loving filed a *habeas* petition with CAAF. On September 29, 2006, the CAAF ruled on the *habeas* petition and ordered an evidentiary hearing to address the thoroughness of the trial defense counsel's investigation of PVT Loving's background and other matters that may have produced evidence in either extenuation or mitigation during the capital sentencing proceeding.

3

*Loving v. United States*, 64 M.J. 132 (2006). The evidentiary hearing ordered by CAAF is currently pending.

## LOVING'S FOIA AND PRIVACY ACT REQUEST

9. This office was sent a FOIA/Privacy Act request by Ms. Teresa Norris, Private Loving's defense counsel, by letter dated August 11, 2005. (Exhibit A) The request sought three categories of documents under FOIA and the Privacy Act. These categories focused on approved policies and procedures for forwarding death-sentenced military personnel from the service Judge Advocate General to the Service Secretary and then to the President for a final decision. It also sought documents discussing or recommending procedural options for the processing of military capital cases as well as procedures and policies used between 1950 and 1962 for forwarding such cases. In addition, the request sought documents, exclusively under the Privacy Act, containing a recommendation or soliciting an opinion regarding the approval or commutation of PVT Loving's death sentence. Finally, the request sought all documents, dated January 1, 1994, or later, generated within the Department of the Army or the Department of Defense, pertaining to Private Loving's death sentence.

## PURPOSE OF THIS DECLARATION

10. The purpose of this declaration is to describe the record system within this office, provide an accounting of the documents determined to be responsive to Plaintiff's requests and a justification of information withheld from our records pursuant to the Privacy Act and to FOIA exemptions (b)(5) and (b)(6) in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

4

## EXPLANATION AND SEARCH OF
## CRIMINAL LAW DIVISION'S RECORD SYSTEM

11.  Office records are maintained in paper copy and electronic format, but not universally in both formats, and until recently, were not centrally stored.  Attorneys have paper copies and electronic records that exist only in their respective offices and computers.  Some records, including some that required a review in order to respond to Plaintiff's request (previous records of death penalty cases under the UCMJ), are stored in paper copy only at the Washington National Records Center, Suitland, Maryland.

12.  This office searched for records using electronic search and a manual review of files.  The search encompassed all records from 1994 until a cutoff date of 1 March 2007.  The action attorney managing Plaintiff's case searched her paper and computer files.  Her office contains a file on PVT Loving that has been the central repository for documents relating to his case for several years.  That file has been handed down from one active duty Judge Advocate to another because the average tour of active duty Judge Advocates in our office is only approximately two years.  A paralegal repeated the action attorney's search, physically reviewed the files in three other attorney offices and obtained copies of responsive emails.  This included the files for the Army's JAGC representative on the Joint Services Committee for Military Justice – the committee that reviews and makes recommendations for changes to the Manual for Courts-Martial.

13.  When it was discovered that previously deleted emails might be recoverable, the Army computer office responsible for maintaining backup files was asked to recover and to provide email files.  They were able to retrieve some previously unavailable emails.  Those files were retrieved electronically using key words (Loving, Gray (another

5

death penalty case), death, 1204 and 1207 (Rules for Courts-Martial relating to processing court-martial death penalty cases)) and then reviewed for responsiveness.

14. As plaintiff asked for materials from 1950-1962, records had to be retrieved from the Washington National Records Center and reviewed for responsiveness. Plaintiff specifically asked for documents that "set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision" and "[a]ny documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death sentenced military personnel from the service Judge Advocate General to the service Secretary to the President…."

15. Pursuant to Article 36 of the UCMJ, 10 USC § 836, the President determines rules of procedure for the processing of courts-martial. Those rules are published in the Manual for Courts-Martial. The current and previous editions of the Manual for Courts-Martial are publicly available on the internet. Plaintiff was advised as to how to access previous editions of the Manual for Courts-Martial in my letter of November 28, 2006, (see Exhibit B referenced below). Court-martial cases that include a sentence of death are rare – as is demonstrated, in part, by the fact that there have been no executions pursuant to sentence by court-martial in more than 40 years. I am aware of no informal or unpublished rules governing the processing of death penalty cases. Each Army death penalty case is unique, is extensively reviewed in the Army and Department of Defense legal communities, and is processed under the Rules for Courts-Martial as published in the Manual for Courts-Martial.

6

## THE PROCESSING OF PLAINTIFF'S FOIA AND PRIVACY ACT REQUEST

16. All documents provided were processed to achieve maximum disclosure consistent with the provisions of FOIA and the Privacy Act. To that end, plaintiff's Privacy Act request was processed under both FOIA and the Privacy Act. Every effort was made to provide Plaintiff with all material in the public domain and with all reasonably segregable portions of releasable material. The FOIA exemptions asserted as grounds for nondisclosure of portions of the documents are FOIA Exemptions (b)(5) and (b)(6). Documents were also withheld under the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2).

17. On November 28, 2006 I informed the requester, via letter (Exhibit B), that our office had identified 1,289 pages of "responsive or possibly responsive documents." These documents included 186 pages of documents that were referred to our office by the Department of Defense. Of the documents described above, 459 were released to the requester without redactions and 167 were released with redactions. An additional 78 pages were referred to other agencies as follows: 25 to the Department of Justice, 20 to the White House, 5 to the Department of Defense, 1 to the Office of the Administrative Assistant to the Secretary of the Army, and 27 to the Department of the Navy. A re-review of the 167 pages of documents released with redactions has led to the conclusion that many of them were not responsive to the request. This includes the following numbered pages: 1-76, 82-84, 96-99, 102-113, 118-121 and 147-154.

18. In a December 21, 2006, letter (Exhibit C), the plaintiff was informed by The Army Judge Advocate General (TJAG) that 201 pages of documents had been found to be responsive to his Privacy Act request. The letter explained that all 201 of those pages

7

were being withheld in accordance with the Privacy Act exemption 552a(j)(2). The letter

explained that they were Military Justice files that were exempt from release under the

Privacy Act.

19. In a March 1, 2007 letter (Exhibit D), I informed the plaintiff that upon a re-

review of those 664 pages previously withheld pursuant to FOIA, 315 were deemed to be

non-responsive or duplicates, leaving 349 pages of withheld documents. Of the 78

referred documents, 66 were deemed to be non-responsive, leaving 12 responsive

documents. In addition, I also explained in my March 1, 2007, letter that we recovered

an additional 493 responsive documents. They consisted mainly of emails, information

papers, briefing outlines, and various drafts of the TJAG's advice memorandum for the

Secretary of the Army in PVT Loving's case. Of those 493 pages, 72 were released to

the requester in their entirety or with redactions. Therefore, of those 493 pages, 421 were

withheld in their entirety.

20. With respect to the one page referred to the Office of the Administrative

Assistant to the Secretary of the Army, that office sent two letters to the plaintiff. The

first (Exhibit E) explained that the document was withheld under exemption (b)(5) of the

FOIA. The next letter (Exhibit F) explained that the document was also being withheld

under the Privacy Act. The Navy responded to the plaintiff in a February 28, 2007, letter

(Exhibit G) and explained that the seven-page document referred to them was being

withheld in its entirety under exemption (b)(5) of the FOIA. The Department of Defense,

as a named party in this litigation, has assumed responsibility for the documents referred

to it by the Army.

21. In total, the Army has withheld 778 pages of documents in their entirety (349

8

documents from the original withholding, 421 pages from the recently discovered documents, 7 Navy documents, and 1 document from the Office of the Secretary of the Army). While preparing the Vaughn index in this case, our office recognized that several documents that were withheld in their entirety had been previously released – either in their entirety or with redactions. Those occurrences have been explained in the column labeled "Rmks/Exemptions". The same holds true for the 201 pages of Privacy Act materials.

22. Further, on March 27, 2007, we were referred one document from the Navy, which we processed and replied to the plaintiff on the same day. (Exhibit H) That document was withheld in its entirety. On March 28, 2007, our office also processed an additional 80 pages of documents that were referred to us by the Department of Justice. Of those 80 pages, only 15 were found to be responsive to the request. One of those 15 pages was released to the plaintiff, and the other 14 were withheld in their entirety. (Exhibit I).

23. As explained in paragraph 17, a large number of the 167 pages of documents that had been previously released with redactions, were deemed to be non-responsive. Those responsive documents that had redactions to substantive sections were listed at the bottom of the Vaughn index in their own section. Some of these 167 pages were found to correspond to documents that were withheld in their entirety. In those instances, the fact that the document was redacted, as opposed to withheld in its entirety, is noted on the Vaughn index with the exemption claimed listed in the "Rmks/Exemptions" column.

**EXEMPTION (b)(5)**

9

## DELIBERATIVE PROCESS

24. The vast majority of the documents that were withheld from the requester were withheld, non-exclusively, under the deliberative process privilege. (See Vaughn Index items numbers: 1-467 498, 499 and 501-511). In general, the Army withheld pre-decisional evaluations, opinions and recommendations. The Army also withheld factual information in documents if release of these facts would reveal the author's analysis and deliberations. Most of these deliberative process documents, as demonstrated by the Vaughn Index, were in the form of emails among officials within the Department of the Army, the Department of Justice, the Department of the Air Force, the Department of the Navy, the Coast Guard and the Department of Defense. The vast majority of these officials were attorneys discussing the various legal and practical aspects of two Army capital cases of PVT Dwight Loving and PVT Ronald Gray. The emails discuss a wide range of issues related to PVT Loving's death sentence. Almost all of the emails fall into one or more of the following categories:

(a) Determining the appropriate format and boundaries of clemency matters that Loving's counsel should be allowed to present in the military's capital case processing system (See Vaughn index item numbers: 120-123, 142-144, 184-186, 188, 189, 429 and 462);

(b) The effect, if any, a writ filed in the Court of Appeals for the Armed Forces (CAAF) has on the ability or advisability of presenting the case to the Secretary of the Army and ultimately to the President for approval or disapproval of the death penalty (See Vaughn index item numbers: 20, 165-166, 201-203, 299-301, 303-304, 423, and 426);

10

(c) The effect that a September 2006 CAAF ruling, that ordered an evidentiary hearing into the trial defense counsel's preparation, has on the ability to continue to process the case to the President (See Vaughn index item numbers: 16-17, 23-24, 36-41, 53-55, and 66-67);

(d) The coordination that would be required to carry out an execution at the United States Disciplinary Barracks at Fort Leavenworth, Kansas including the possibility of contracting out that function (See Vaughn index item numbers: 88-94, 192-195, 262-273, 419, 424, 440, 444, 470 and 471);

(e) Discussions regarding what information is to be released to the media regarding the processing of death penalty cases and the timing of such a release (See Vaughn index item numbers: 21-22, 93, 107-110, 145-154, 192-195, 211, and 262-273);

(f) The correspondence to be sent from the Army to PVT Loving's counsel (See Vaughn index item numbers: 25-26, 98, 145-154, 167-169, and 443);

(g) Analysis of the current death penalty review process as compared with previous death penalty cases. (See Vaughn index item numbers: 27-28, 31, 120, 230-261);

(h) The role that the Department of Justice should/will play in processing PVT Loving's case to the President (See Vaughn index item numbers: 31, 56-63, and 427);

(i) Proposed timelines for processing PVT Loving's case through the Secretary of the Army to the President (See Vaughn index item numbers: 145-154, 410 and 412);

(j) The parties that should be notified once the inmate's review packet has left DOD channels for Presidential review (See Vaughn index item numbers: 197, 208, 210, 274-275, 291-293, 311-317, 427 and 466);

11

(k) Opinions regarding the need for, and substance of, a DOD Directive on the processing of capital cases in the military (See Vaughn index item numbers: 121-123, 367-371 and 463-464);

(l) The content of briefings to Congressional staffers on the status of the capital cases in the military (See Vaughn index item numbers: 414, 438, 446 and 449);

(m) The current status of PVT Loving's case and what steps are appropriate to process the case to the President (See Vaughn index item numbers: 4-9, 18-20, 29-30, 32-35, 42-43, 45-51, 64-65, 68-69, 87, 94-97, 103-105, 126, 130-135, 156-159, 172, 294-296, 403, 411, 413, 418, 431, 446, 451, 462, and 467);

(n) Talking points on death penalty cases for meetings between government officials (See Vaughn index item numbers: 73, 124-125, 406, 409, 412, 432, 443 and 445);

(o) Information papers setting out the current status of death penalty cases including possible courses of action (See Vaughn index item numbers: 74, 97, 106, 114, 115, 120, 125, 130, 155, 183, 187, 290, 404-405, 411, 412, 432, 457, and 473).

25. The Deliberative Process Privilege also forms one of the bases for withholding a seven-page document that the Army referred to the Navy. This seven-page document is a memorandum drafted by the Navy's Assistant Judge Advocate General for Criminal Law for the Navy's Judge Advocate General explaining the Secretary of the Navy's role in the processing of an adjudged death penalty cases. It is accounted for as item number 498 on the Vaughn Index. The document contains the legal opinion of a senior Naval Judge Advocate prepared for the Navy's Judge Advocate General. It is withheld in its entirety under the deliberative process privilege.

12

26. The Army withheld the advice and recommendation that was sent from The Army Judge Advocate General to the Secretary of the Army regarding Plaintiff's case as well as several drafts thereof. Various drafts of this document were created during the tenures of different Army Judge Advocate Generals. Drafts that contained the signature block for Major General Romig (former Army TJAG) are found in the Vaughn index at item numbers 318, 320, 322, 408, 465, 479 and 495. Drafts that contained the signature block for MG Huffman (former Army TJAG) are found on the Vaughn index at item numbers 401 and 494. Drafts that contained the signature block for MG Nardotti (former TJAG) are found on the Vaughn index at item numbers 458 and 481. The final advice and recommendation is the version signed by MG Romig on a document dated January 13, 2004, and accounted for on the Vaughn index at item numbers 318 and 408. The final advice and the various drafts by their very nature are deliberative and withholding them was appropriate to protect the ability of the Army's most senior uniformed attorney to provide candid advice to the Secretary of the Army and to engage in full, frank and open discussions on whether and how to address the issues raised by a death penalty case. Disclosure of the material withheld would have an adverse impact upon the candor that is necessary to review a death penalty case.

## EXEMPTION (b)(5) Attorney-Client Privilege

27. Military attorneys have a number of identifiable clients depending on the area of law and the type of legal advice provided. They provide legal advice to Commanders as representatives of the military and to employees of an office or agency acting in their official capacity. In this case, the advice of The Army Judge Advocate General to the Secretary of the Army has been withheld in its entirety. It was generated during the

13

exchange of information and opinions between an attorney (The Judge Advocate General) and the attorney's recognized client (The Secretary of the Army). This type of communication must be able to occur without threat that every analysis and option provided, including those ultimately rejected, will be exposed to public scrutiny. Therefore, Exemption (b)(5) is asserted in this instance to protect the information contained within The Judge Advocate General's final legal memorandum sent to the Secretary of the Army dated January 13, 2004. These documents are accounted for on the Vaughn index at item numbers 318 and 408.

## EXEMPTION (b)(5) Attorney Work-Product Privilege

28. The various drafts of the advice of The Judge Advocate General to the Secretary of the Army in Plaintiff's case are also withheld pursuant to the attorney work-product privilege. As explained previously, these drafts were created during the tenures of different Army Judge Advocate Generals. Drafts (as opposed to the final memorandum) that contained the signature block for Major General Romig (former Army TJAG) are found in the Vaughn index at item numbers 320, 322, 465, 479 and 495. Drafts that contained the signature block for MG Huffman (former Army TJAG) are found on the Vaughn index at item numbers 401 and 494. Drafts that contained the signature block for MG Nardotti (former TJAG) are found on the Vaughn index at item numbers 458 and 481. These drafts were prepared by a subordinate attorney for the Army Judge Advocate General.

29. The draft memoranda provide a detailed review and assessment of Plaintiff's case together with a suggested recommendation regarding whether approval or disapproval of the death penalty in PVT Loving's case is warranted. As noted before,

14

action by the President on PVT Loving's death sentence is the final stage of Loving's

capital case. The drafts therefore were prepared in connection with an on-going criminal

prosecution.

30. Moreover, the attorneys drafting the memoranda and the various Judge

Advocate Generals also anticipated the possibility of further collateral review litigation in

the CAAF and the Federal District Court. PVT Loving has continuously filed writs

seeking relief from the Army Court of Criminal Appeals, the Court of Appeals for the

Armed Forces and the United States Supreme Court. Thus, while these drafts were being

prepared, litigation was not only anticipated but was a virtual certainty. Therefore,

Exemption (b)(5) is asserted to withhold these documents.

31. The vast majority of the other documents that were withheld in their entirety

are also protected by the attorney work-product privilege under FOIA. Virtually every

document on the Vaughn index (except for item numbers 271 and 272) was created by an

attorney in connection with the processing of Loving's capital case. Therefore, the

attorney work-product privilege provides one of the bases for withholding item numbers

1 through 270, 273 through 467, 498, 499 and 501-511 in their entirety as marked in the

column labeled "Rmks/Exemptions."

## PRESIDENTIAL COMMUNICATION PRIVILEGE

32. The Government may withhold communications solicited or received by the

President in accordance with 5 U.S.C. § 552(b)(5). This privilege allows advisors to

provide the President with the full and candid information and advice especially in

sensitive areas such as death penalty determinations. In the Manual for Court-Martial,

the President has directed that in death penalty cases, "the Judge Advocate General shall

15

transmit the record of trial, the decision of the Court of Criminal Appeals, the decision of the Court of Appeals for the Armed Forces, and the recommendation of the Judge Advocate General to the Secretary concerned for the action of the President." *See* Rule for Courts-Martial 1204(c)(2).

33. The Army has withheld two documents in their entirety based upon the presidential communications privilege. They are (1) the Secretary of the Army's one page memorandum setting out his recommendation regarding the approval or disapproval of Private Loving's death sentence; and (2) The Army Judge Advocate General's memorandum, which is attached to the Secretary of the Army's memorandum for transmittal to the President, containing MG Romig's analysis and advice regarding the approval or disapproval of PVT Loving's death sentence. The Army Judge Advocate General's memorandum is located at item numbers 318 and 408 of the Vaughn Index.

## EXEMPTION (b)(6) PRIVACY INTEREST

34. The Privacy Interest exemption is claimed for documents related to information regarding PVT Loving's victims (listed on the Vaughn index at numbers 52, 402, 420, and 492). All documents that identify the victims of Plaintiff's crimes (victims include the decedents' survivors), their addresses, telephone numbers, and recommendations as to the death penalty (if any) were withheld.

35. The exemption is also claimed for the partial redactions of names, addresses and other personally identifying information from documents released to the plaintiff. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying

16

data appear in the document at issue.  The public interest in disclosure of the information is determined by whether the information in question would inform the plaintiff or the general public about the Army's performance of its obligation under the UCMJ and the Rules for Courts-Martial to process a death penalty case.

36.  There is no legitimate public interest in the identifying information of Loving's victims, their families, or their recommendations (if any) regarding PVT Loving's death sentence.  Assuming that there is a public interest, these individual's privacy interest outweighs the public interest.  Plaintiff's victims and families should not have to fear that their names, opinions (if any), addresses or telephone numbers will appear in any public document or internet site.  Disclosure is also likely to subject these victims and their families to unwanted and unwarranted personal intrusion.

37.  There is also no legitimate public interest in other personal information withheld by the Army pursuant to Exemption (b)(6).  Such information includes telephone numbers and e-mail addresses of personnel mentioned in released documents. The disclosure of such information would not inform the public as to whether the Army is properly discharging its obligations under the UCMJ regarding PVT Loving's death sentence.

## DOCUMENTS WITHHELD UNDER THE PRIVACY ACT

38.  The Army's search found 201 pages of documents that were deemed to be responsive to the plaintiff's request under the Privacy Act.  Those documents are accounted for as item numbers 468 through 497.  Those documents were found within the Criminal Law Division of the Office of the Judge Advocate General in files that were retrievable under PVT Loving's name as United States v. Dwight Loving.  The Criminal

17

Law Division of the Office of the Judge Advocate is the office that is in charge of

processing PVT Loving's death penalty case to the White House for Presidential action.

This is a prosecutorial function. All of the 201 pages of documents deemed to be

responsive to the plaintiff's Privacy Act request were withheld pursuant to 5 U.S.C.

552a(j)(2) because they are in a Prosecutorial File that is exempt from disclosure under

the Privacy Act. This exemption is made explicit in Paragraphs 5-5(f) of Army

Regulation 340-21 "The Army Privacy Program."

     39. As noted before, all of the 201 pages found to be responsive under the

Privacy Act were also analyzed under the FOIA and were withheld as described above

included in the documents referenced on the Vaughn index at items numbered 1-468 and

504.

     Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury that

the foregoing is true and correct to the best of knowledge.

Dated this 30th day of March 2007.

                       FLORA D. DARPINO
                       Colonel, US Army
                       Chief, Criminal Law Division

18

# EXHIBIT

# A

**CENTER FOR CAPITAL LITIGATION**
1247 SUMTER STREET, SUITE 303 (29201)
POST OFFICE BOX 11311
COLUMBIA, SOUTH CAROLINA 29211

Teresa L. Norris
Director

Voice: (803) 765-0650
Fax:  (803) 765-0705
norristl@bellsouth.net

August 11, 2005

Department of the Army
Office of the Judge Advocate General
Attn:  DAJA-AL (Freedom of Information Act office)
1777 N. Kent Street
Arlington VA 22209

Re:  Freedom of Information/Privacy Act Requests

This is a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a, on behalf of my client, Private (PVT) Dwight J. Loving. Private Loving was convicted by court-martial and sentenced to death in 1989. His sentence to death is pending action by the President of the United States, as required by Article 71(a) of the Uniform Code of Military Justice, (U.C.M.J.), 10 U.S.C. § 871(a). A Department of Justice "Certification of Identity" form signed by my client is attached. This form authorizes me to seek documents pursuant to the Privacy Act on his behalf.  I am seeking information within the Office of the Judge Advocate General (including the US Army Legal Services Agency).

I request the following items under both statutes:

1. Any documents which set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision. This includes, but is not limited to, any documents which set out or reflect approved current policies or procedures for forwarding cases through or to any other government officials (such as the Secretary of Defense or the Attorney General) prior to Presidential action.

2. Any documents dated between January 1, 1994 and the present, discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action, whether or not those options were implemented. This request includes, but is not limited to, any correspondence (including e-mails) between and among the Army Judge Advocate General and his staff; the Secretary of Defense and his staff; any other Department of Defense officials (including those within the Department of the Army); the Attorney General; and the Executive Office of the President.

3. Any documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President, including any documents establishing procedures used

Department of the Army
Office of the Judge Advocate General
August 11, 2005
Page 2

for forwarding these matters to or through other government officials, such as the Attorney General or the Secretary of Defense.

Under the Provisions of the Privacy Act I request the following items on behalf of PVT Loving:

1.  Any document, from any source, dated January 1, 1994 or later, containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted.

2.  Any correspondence or other document, including e-mails, to or from the Army Judge Advocate General, the Secretary of the Army, the Secretary of Defense, or any member of their staffs, to or from any person or entity, containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted. This includes, but is not limited to, any correspondence with anyone representing any of the victims of PVT Loving's crimes.

3.  Any document, dated January 1, 1994 or later, generated within the Department of the Army or the Department of Defense, pertaining to PVT Loving's death sentence. This includes, but is not limited to, any document generated in connection with the Presidential approval required under Article 71(a), U.C.M.J. (10 U.S.C. § 871(a)).

On behalf of PVT Loving I request expedited processing of these requests, pursuant to 5 U.S.C. § 552(a)(6)(E). This request is urgent, and failure to obtain these requested records could reasonably be expected to pose an imminent threat to PVT Loving's life. I have been informed by the Judge Advocate General of the Army that the process of sending PVT Loving's case to the President for review under Article 71(a), U.C.M.J. has already begun. However, despite my requests, I have not been provided with any documents showing the process by which the President will be informed of PVT Loving's circumstances or the standards by which PVT Loving's case will be assessed.

Private Loving has been incarcerated since December 1988 and is indigent. I have represented PVT Loving pro bono since November 1994. For these reasons I request that Private Loving be granted fee waivers under both the Freedom of Information Act and the Privacy Act, to the fullest extent permitted by law. The primary purpose of the requests made under the FOIA is to inform the legal community and the public about the process by which the President is provided information about death-sentenced military personnel. Providing this information is likely to contribute significantly to the public understanding of the operations or activities of the Department of Defense, by providing information about the process by which the President carries out his statutory responsibilities under Article 71(a) of the U.C.M.J. To my knowledge these procedures have never been published and are not in the public domain. In contrast, however, procedures for the Presidential exercise of his pardon and clemency powers are published in the Code of Federal Regulations and the United States Attorney's Manual. Because there has not been an execution of a servicemember since 1961, there is little public knowledge of the subject. I have no intention of using this information for commercial purposes. I continue to represent PVT Loving without charge

Department of the Army
Office of the Judge Advocate General
August 11, 2005
Page 3

to him, so in the event that this information is used in my representation of my client, I will not personally profit from any information obtained.

I understand that, in accordance with current Department of Defense FOIA policy, PVT Loving is entitled to two hours of search time and 100 pages of documents, without cost. I understand that, in accordance with Department of Defense Privacy Act policy, PVT Loving is responsible for reproduction costs only. If you choose to deny these requests for waiver of fees I am willing to pay the fees required to obtain this information requested. However, in such circumstance I expect that you contact me by telephone at (803) 765-0650 and in writing by fax at (803) 765-0705 with an estimate of fees, broken down according to each numbered request above, so that I can make a determination as to how to proceed further.

If you have any questions about these requests please contact me immediately by the means listed above.

Sincerely,

Teresa L. Norris

enc.

# EXHIBIT

# B



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:

November 28, 2006

Criminal Law Division

Ms. Teresa L. Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303 (29201)
Post Office Box 11311
Columbia, South Carolina 29211

Dear Ms. Norris:

This letter responds to your Freedom of Information Act (FOIA) request of August 11, 2005 requesting documents relating to death penalty cases. We identified 1289 pages of responsive or possibly responsive documents, of which 458 pages were entirely released to you and 167 pages were partially released to you. An additional 78 pages were referred to other agencies: 25 to the Department of Justice, 20 to the White House, 5 to the Department of Defense, 27 to the Department of the Navy, and 1 to the Legal Services Directorate, Office of the Administrative Assistant to the Secretary of the Army. This office continues to research email files. Email files for former members of this office are not readily available, and may be unrecoverable. I will notify you of the results of that search once we have results to report.

The redacted and withheld documents were redacted or withheld in accordance with in accordance with the Presidential privilege, attorney-client privilege, attorney work product, and deliberative process of FOIA Exemption 5 (5 U.S.C. Section 552(b)(5)) and FOIA Exemption 6, as release of some of the information would constitute unwarranted invasion of the personal privacy of the individuals (5 U.S.C. Section 552(b)(6)). Copies of previous editions of the Manual for Courts-Martial, United States can be accessed at http://www.loc.gov/rr/frd/Military_Law/CM-manuals.html. The current version of Army Regulation 190-55, U.S. Army Corrections System: Procedures for Military Executions can be accessed at http://www.apd.army.mil/pdffiles/r190_55.pdf. Your request under the Privacy Act is being referred to The Judge Advocate General under provision of Army Regulation 340-21.

Withholding of this information constitutes a denial or partial denial of your request. The decision to withhold certain information is made on behalf of Major General Scott C. Black, The Judge Advocate General. You may appeal the decision to withhold, within sixty days of this letter, through this office to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, Room 3C546, Washington, D.C. 20310-0104.

Sincerely,

Flora D. Darpino
Colonel, U.S. Army
Chief, Criminal Law Division

# EXHIBIT

# C



**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
2200 ARMY PENTAGON
WASHINGTON, DC 20310-2200

DEC 21 2006

REPLY TO
ATTENTION OF:

DAJA-ZA

Ms. Teresa L. Norris
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211

Dear Ms. Norris:

This letter is a further response to your August 11, 2005 Freedom of Information Act (FOIA)/ Privacy Act request for documents relating to death penalty cases. We have determined that 201 pages of documents are subject to your Privacy Act request.

These documents are not releasable to you under the Privacy Act. Your request is denied in accordance with 5 U.S.C. § 552a(j)(2) and Army Regulation 340-21, The Army Privacy Program, paragraphs 5-5f. and 5-5h., 5 July 1985. Military Justice Files are exempt from release under the Privacy Act because granting individuals access to information collected and maintained by the Army relating to the enforcement of laws could interfere with proper investigations and the orderly administration of justice. Additionally, other statutes and regulations exempt courts-martial files from release under the Privacy Act.

I also considered release of the documents under the FOIA. They are withheld in accordance with the presidential privilege, attorney-client privilege, attorney work product privilege, and deliberative process privilege of FOIA Exemption 5 (5 U.S.C. § 552(b)(5)) as explained in Colonel Darpino's letter to you, dated November 28, 2006.

Withholding of this information constitutes a denial of your request. You may appeal the decision to withhold, within sixty days of this letter, through this office to the General Counsel, Office of the Secretary of the Army, 104 Army Pentagon, Room 3C546, Washington, D.C. 20310-0104.

Sincerely,

*[signature]* MG, USA    11 Dec 06

Scott C. Black
Major General, US Army
The Judge Advocate General

# EXHIBIT

# D



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:

March 1, 2007

Criminal Law Division

Ms. Teresa L. Norris
Blume, Weyble & Norris, LLC
1247 Sumter St., Suite 201
Columbia, South Carolina 29201

Dear Ms. Norris:

This letter is a second response to your Freedom of Information Act (FOIA) request of August 11, 2005 requesting documents relating to death penalty cases.

Upon re-review of the 664 documents that were originally withheld and were deemed to be possibly responsive, 315 were determined to be non-responsive or duplicates and 349 were withheld.

Upon re-review of the additional 78 pages of documents that were referred to other agencies:

- 25 to the Department of Justice – all were deemed to be non-responsive;

- 20 to the White House – all were deemed to be non-responsive;

- 5 to the Department of Defense –1 page was deemed to be non-responsive;

- 27 to the Department of the Navy – 20 pages were deemed to be non responsive; and

- 1 to the Legal Services Directorate, Office of the Administrative Assistant to the Secretary of the Army – is responsive.

An additional two new documents were referred to the Department of Defense. It is my understanding that the Department of Defense, the Department of the Navy and the Legal Services Directorate, Office of the Administrative Assistant to the Secretary of the Army will respond directly to you concerning all responsive referred documents.

From recovered emails, review of additional files and newly created emails, we identified 493 responsive documents (not including any referred document). From these 493 documents 72 are released to you in their entirety or with redactions. Those documents are enclosed with this letter. No additional Privacy Act materials were

-2-

discovered. There is a proposed change to Rule for Courts-Martial 1204. That change would require that the Secretary concerned transmit a capital case to the Secretary of Defense. The proposed change has been published in the Federal Register (p.78139) at:
http://a257.g.akamaitech.net/7/257/2422/01jan20061800/edocket.access.gpo.gov/2006/pdf/E6-22107.pdf.

The redacted and withheld documents were redacted or withheld in accordance with the Presidential privilege, attorney-client privilege, attorney work product, and deliberative process of FOIA Exemption 5 (5 U.S.C. Section 552(b)(5)) and FOIA Exemption 6, as release of some of the information would constitute unwarranted invasion of the personal privacy of the individuals (5 U.S.C. Section 552(b)(6)).

Although I am aware that your request is subject to ongoing litigation, I am required by statute and regulation to inform you of your right to an administrative appeal. Withholding of this information constitutes a partial denial of your request. The decision to withhold certain information is made on behalf of Major General Scott C. Black, The Judge Advocate General. You may appeal the decision to withhold, within sixty days of this letter, through this office to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, Room 3C546, Washington, D.C. 20310-0104.

A copy of this letter and all enclosures has been provided to Mr. Seth A. Watkins, Steptoe & Johnson LLP.

Sincerely,

Flora D. Darpino
Colonel, U.S. Army
Chief, Criminal Law Division

Enclosures

# EXHIBIT

# E



**DEPARTMENT OF THE ARMY**
CONTRACTING CENTER OF EXCELLENCE
ARMY CONTRACTING AGENCY
5200 ARMY PENTAGON
WASHINGTON, DC 20310-5200
NOVEMBER 15, 2006

**CHIEF ATTORNEY &**
**LEGAL SERVICES**

Teresa Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303 (29201)
PO Box 11311
Columbia, SC 29211

Re: FOIA Identification No. 07-104

Dear Ms. Norris:

This letter is in response to your Freedom of Information Act (FOIA) request, dated August 11, 2005, in which you requested documents concerning the procedures for forwarding cases involving death-sentenced military personnel. This request was forwarded to us by the Office of the Judge Advocate General on November 28, 2006. This request had been assigned our FOIA identification number 07-104. After careful review, we have determined that the responsive document under our purview are exempt from disclosure under Title 5 United States Code Sections 552(b)(5). This exemption is more fully discussed below.

**Exemption (b)(5)**

The sole responsive document under the purview of this office is a memorandum from the acting Secretary of the Army. It is exempt from disclosure under FOIA Exemption (b)(5) because it is an "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (2002). Courts have established two fundamental requirements, both of which must be met, to invoke the deliberative process privilege. See Mapother v. U.S. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (citing Wolfe v. Dep't of Health & Human Servs., 839 F.2d 768, 774 (D.C. Cir.1988) (en banc); Petroleum Info. Corp. v. U.S. Dep't of the Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992)). First, the communication must be pre-decisional. Id. Second, the communication must be deliberative. Id.

Courts have established a low threshold for agencies in the determination of whether a document is pre-decisional. See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980). A document is pre-decisional if it is "antecedent to the adoption of an agency policy." Jordan v. U.S. Dep't of Justice, 591 F.2d 753, 772-73 (D.C. Cir. 1978), overruled in part on other grounds, Crooker v. Bureau of Alcohol, Tobacco, and Firearms, 670 F.2d 1051

(D.C. Cir. 1981). Further, an agency need not point specifically to a final agency decision, rather, it need only establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." Coastal States Gas Corp., 617 F.2d at 868. As the Supreme Court stated in NLRB v. Sears, Roebuck & Co., "agencies are, and properly should be, engaged in a continuous process of examining their policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process." 421 U.S. at 153 n.8.

Second, the document must be deliberative in nature, meaning it is "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). "The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Coastal States Gas Corp., 617 F.2d at 866. While otherwise pre-decisional, deliberative memoranda may lose their protection by virtue of incorporation into the final agency decision, such incorporation must be express. See Sears, Roebuck & Co., 421 U.S. at 161.

The deliberative process privilege is normally inapplicable to purely factual matters, or to factual portions of otherwise deliberative memoranda. Coastal States Gas Corp., 617 F.2d at 867 (citing EPA v. Mink, 410 U.S. 73, 93 (1973)). Even so, this distinction between deliberative and factual materials can blur where the facts themselves reflect the agency's deliberative process. In Montrose Chemical Corp. v. Train, the Court of Appeals for the District of Columbia held that a large volume of facts compiled to facilitate the EPA administrator's decision on a particular issue were themselves reflective of the deliberative process and therefore exempt from disclosure under Exemption (b)(5). 491 F.2d 63, 69 (D.C. Cir. 1974). In a subsequent case, the Court of Appeals for the District of Columbia once again shielded factual material from disclosure where "the majority of [the report's] factual material was assembled through an exercise of judgment in extracting pertinent material from a vast number of documents for the benefit of an official called upon to take discretionary action." Mapother, 3 F.3d at 1539. By contrast, the court held that the chronology of a foreign leader's military career was not deliberative, as it was "neither more nor less than a comprehensive collection of essential facts" which reflected no particular point of view. Id. at 1539-40.

The memorandum is exempt from disclosure under this deliberative process privilege. First, as a threshold matter, the document is an intra-agency memoranda, intended for use only as such. See Pub. Citizen Health Research Group v. Auchter, No. 81-2343, 1982 WL 45036, at *1-2 (D.D.C. May 19, 1982). It was prepared in order to coordinate policy discussions within and among the Department of Army, Department of Defense and the executive branch. Second, the document is pre-decisional. It is antecedent to the decision to affect any policy. Third, the document is deliberative, in that it expresses recommendations and personal opinions regarding policy, rather than settled agency policy. Fourthly, the pre-decisional material in this document was not expressly incorporated into any final decision documents such that they have lost their Exemption (b)(5) protection. Accordingly, this document is withheld in full pursuant to FOIA Exemption (b)(5).

· This letter constitutes a full denial under the Freedom of Information Act. If you desire a determination by the Initial Denial Authority, write to me and I will present the matter for consideration. If you have any questions regarding this letter or the information furnished, please contact Anthony Sciascia at (703) 697-5423 or Anthony.Sciascia@hqda.army.mil and refer to FOIA identification number 07-104.

Sincerely

Paul V. DeAgostino
Associate Counsel

Encl.

# EXHIBIT

# F



**DEPARTMENT OF THE ARMY**
CONTRACTING CENTER OF EXCELLENCE
ARMY CONTRACTING AGENCY
5200 ARMY PENTAGON
WASHINGTON, DC 20310-5200
FEBRUARY 28, 2007

CHIEF ATTORNEY & 
LEGAL SERVICES .

Teresa Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303 (29201)
PO Box 11311
Columbia, SC 29211

Dear Ms. Norris:

This letter is in response to your Freedom of Information Act (FOIA) and Privacy Act request, dated August 11, 2005, in which you requested documents concerning the procedures for forwarding cases involving death-sentenced military personnel. This request was forwarded to us by the Office of the Judge Advocate General on November 28, 2006. We denied this request earlier under FOIA. This letter addresses the request based on the Privacy Act. After careful review, we have determined that the sole responsive document under our purview is exempt from disclosure under Title 5 United States Code Section 552a(j)(2). This exemption is more fully discussed below.

**Exemption (j)(2)**

Section (j) of the Privacy Act allows for agency heads to exempt certain systems of record from the reach of the Privacy Act if the records are "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws . . . and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities." 5 U.S.C. § 552a(j)(2). Documents within these systems that are exempt from Privacy Act disclosure are ones that consist of "reports identifiable to an individual compiled at any state of the process of enforcement of the criminal laws from arrest or indictment through release from supervision." 5 U.S.C. § 552a(j)(2)(C).

The threshold requirement for invoking (j)(2)'s exemption is that the system of records be maintained by "an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." 5 U.S.C. § 552a(j)(2). This requirement is easily met by agencies such as the United States Parole Commission, the Office of the Pardon Attorney and the Federal Bureau of Prisons. *See Fendler v. United States Parole Comm'n*, 774, F.2d 975, 979 (9th Cir. 1985); *see also Binion v. United States Dep't of Justice*, 695 F.2d 1189, 1191 (9th Cir. 1983); *see also Kellett v. United States Bureau of Prisons*, No. 94-1898, 1995 U.S. App. LEXIS 26746, at **10-11 (1st Cir. 1995) (per curiam). However, this threshold is not usually met where only one of the principal functions of the component maintaining the system is criminal law enforcement. *See, e.g., Alexander v. IRS*, No. 86-0414,

1987 WL 13958, at *4 (D.D.C. 1987) (IRS Inspection Service's internal "conduct investigation" system). When a particular record is compiled in two different components of an agency, one meeting the threshold of (j)(2) and the other not, the record does not lose its exemption status. "Information contained in a document qualifying for subsection (j) or (k) exemption as a law enforcement record does not lose its exempt status when recompiled in a non-law enforcement record if the purposes underlying the exemption of the original document pertain to the recompilation as well." *See Doe v. FBI*, 936 F.2d 1346, 1356 (D.C. Cir. 1991). The location of the record does not alter the public policy reasoning for exempting the record. *See* OMB Guidelines, 40 Fed. Reg. 28,971. Finally, in order to invoke (j)(2) on records, an agency must state in the Federal Register "the reasons why the system of records is to be exempted." 5 U.S.C. § 552a(j).

The memorandum being withheld belongs to an Army component whose principal function is "the enforcement of criminal laws . . . and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities." 5 U.S.C. § 552a(j)(2). This memorandum belongs to the Army Disciplinary Barracks (DB). The DB is the only maximum security prison in the Department of Defense and is the oldest penal institution in continuous operation in the federal system, having been operated since 1875. As a prison, the DB's principal functions meet the threshold requirements of 5 U.S.C. § 552a(j)(2).

The DB's records fall under the Correctional Reporting System. *See* 32 C.F.R. 505.5 (2006). This system of records covers "any military member confined at an Army correctional facility as a result of . . . trial by courts martial" whose documents relate to, among other things, "reports and recommendations relating to disciplinary actions . . . and similar relevant documents." *See* Department of the Army, Privacy Act of 1974 System of Records, 64 Fed. Reg. 45,957 (Aug. 23, 1999). Such records may be exempt pursuant to (j)(2). *Id.* Private Loving is currently incarcerated in the DB at Fort Leavenworth, Kansas "after an eight member general court martial found Loving guilty of, among other offenses, premeditated murder and felony murder under Article 118 of the Uniform Code of Military Justice." *Loving v. United States*, 517 U.S. 748 (1996). The memorandum being withheld concerns recommendations relating to disciplinary actions or other similar subjects. Even if the document also resides in other Army offices, its (j)(2) exemption status under the Correctional Reporting System remains valid. *See Doe*, 936 F.2d at 1346. For these reasons, the memorandum is being withheld under 5 U.S.C. § 552a(j)(2).

If you have any questions regarding this letter, please contact Anthony Sciascia at (703) 697-5423 or Anthony.Sciascia@hqda.army.mil.

Sincerely,

Paul V. DeAgostino
Associate Counsel

# EXHIBIT

# G



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
716 SICARD ST. SE SUITE 1000
WASHINGTON NAVY YARD DC 20374-5047

IN REPLY REFER TO

5720
Ser 20/182
**FEB 28 2007**

Mr. Seth A. Watkins
Steptoe & Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Dear Mr. Watkins:

This letter is in response to the Freedom of Information Act (FOIA) (5 U.S.C. § 552 (1994)) request of August 11, 2005, originally submitted by Ms. Teresa L. Norris. Ms. Norris' request was referred to this office by the U.S. Army Litigation Division for action regarding Dwight J. Loving. Your request was received by this office on February 7, 2007, and assigned FOIA case number OJAG 20/F07083.

Review of the identified documents reveals that they are exempt from disclosure in their entirety under exemption 5 U.S.C. § 552 (b)(5) (1994) of the FOIA.

Because your request has been denied, you are entitled under the FOIA to appeal this determination in writing to the designee of the Secretary of the Navy. Such appeal, if any, should be addressed to:

Department of the Navy
Office of the Judge Advocate General (Code 14)
1322 Patterson Avenue SE, Suite 3000
Washington Navy Yard, DC 20374-5066

The appeal must be received within 60 days from the date of this letter in order to be considered. The enclosed copy of this letter should be attached. Both the letter of appeal and the envelope should bear the notation "Freedom of Information Act Appeal."

I am the official responsible for the denial of your request.

Sincerely,

D. A. NORKIN
Lieutenant, JAGC, U.S. Navy
Deputy Assistant Judge Advocate General,
Criminal Law
Acting

# EXHIBIT



# H



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:

March 27, 2007

Criminal Law Division

Ms. Teresa L. Norris
Blume, Weyble & Norris, LLC
1247 Sumter St., Suite 201
Columbia, South Carolina 29201

Dear Ms. Norris:

This letter is a third response to your Freedom of Information Act (FOIA) request of August 11, 2005 requesting documents relating to death penalty cases.

One new document was referred to this office by the Department of the Navy on March 27, 2007. It is a one page Navy information memorandum that discusses Army proposed options for processing death penalty cases and the Department of the Navy's review and comment upon them. The entire document is withheld.

The withheld document was withheld in accordance with the attorney work product, and deliberative process privileges of FOIA Exemption 5 (5 U.S.C. Section 552(b)(5)).

Although I am aware that your request is subject to ongoing litigation, I am required by statute and regulation to inform you of your right to an administrative appeal. Withholding of this information constitutes a partial denial of your request. The decision to withhold certain information is made on behalf of Major General Scott C. Black, The Judge Advocate General. You may appeal the decision to withhold, within sixty days of this letter, through this office to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, Room 3C546, Washington, D.C. 20310-0104.

A copy of this letter has been provided to Mr. Seth A. Watkins, Steptoe & Johnson LLP.

Sincerely,

Flora D. Darpino
Colonel, U.S. Army
Chief, Criminal Law Division

# EXHIBIT

# I



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:

March 28, 2007

Criminal Law Division

Ms. Teresa L. Norris
Blume, Weyble & Norris, LLC
1247 Sumter St., Suite 201
Columbia, South Carolina 29201

Dear Ms. Norris:

This letter is a fourth response to your Freedom of Information Act (FOIA) request of August 11, 2005 requesting documents relating to death penalty cases.

We had not previously reviewed the documents referred to us by the U.S. Department of Justice (DoJ). One document is released to you and is enclosed with this letter. Fourteen pages of other DoJ referred documents are entirely withheld. The remaining DoJ referred documents were either duplicates or non-responsive to your request.

The withheld documents were withheld in accordance with the attorney work product, and deliberative process privileges of FOIA Exemption 5 (5 U.S.C. Section 552(b)(5)).

Although I am aware that your request is subject to ongoing litigation, I am required by statute and regulation to inform you of your right to an administrative appeal. Withholding of this information constitutes a partial denial of your request. The decision to withhold certain information is made on behalf of Major General Scott C. Black, The Judge Advocate General. You may appeal the decision to withhold, within sixty days of this letter, through this office to the Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, Room 3C546, Washington, D.C. 20310-0104.

A copy of this letter and enclosure has been provided to Mr. Seth A. Watkins, Steptoe & Johnson LLP.

Sincerely,

Michael J. Henry
Lieutenant Colonel, U.S. Army
Acting Chief, Criminal Law Division

Enclosure

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| //// | /////////// | /////////////// | ///////////// | **BEGINNING OF DOCUMENTS WITHHELD UNDER FOIA FROM 1 MARCH 2007 RELEASE** | /////////////// | /////// | ///////////////////////////////////////// | ////////////////// |
| 1 | COL Michael Child (OTJAG Attorney) | CPT Carol Brewer (OTJAG Attorney) | email | Email regarding the documents sent to Loving's counsel re what they can submit for clemency | 23-May-05 | 1 | Corresponds with page number 1 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 2 | COL Flora Darpino (OTJAG Attorney) | MAJ Joshua Toman (Army Attorney) | email | Email string among attorneys initiated by a JAG Grad Course Student seeking information for a Research Paper requesting information on process for death penalty cases | 12-Feb-07 | 2 | Corresponds with page numbers 2 and 3 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 3 | MAJ Joshua Toman (attorney) | COL Flora Darpino (OTJAG Attorney) | email | Email string among attorneys initiated by a JAG Grad Course Student seeking information for a Research Paper requesting information on process for death penalty cases | 9-Feb-07 | 2 | Corresponds with Pages 3 and 4 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 4 | COL Flora Darpino (OTJAG Attorney) | Major Alison Martin (OTJAG Attorney) and Mr. George Sanchez (OTJAG Paralegal) | email | Email requesting information on the Secretary of Defense's Transmittal in the Loving case | 24-Jan-07 | 1 | Corresponds with Page 5 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 5 | MAJ Alison Martin (OTJAG Attorney) | COL Flora Darpino (OTJAG Attorney) | email | Part of an email string among attorneys regarding a Matrix of Military Death Penalty Cases which contains select information to allow the Office of the Judge Advocate to track the status of military death penalty cases. | Undated | 1 | Corresponds with Page 6 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 6 | COL Flora Darpino (OTJAG Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string among attorneys regarding a Matrix of Military Death Penalty Cases which contains select information to allow the Office of the Judge Advocate to track the status of military death penalty cases. | 15-Jul-02 | 1 | Corresponds with Page 6 and 7 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 7 | LTC Mark Johnson (Army Attorney) | COL Flora Darpino (OTJAG Attorney) | email | The Matrix of Military Death Penalty Cases which contains select information to allow the Office of the Judge Advocate to track the status of military death penalty cases. | 22-Feb-02 | 1 | Corresponds with Page 7 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 9 | N/A | N/A | Spread-sheet | Part of an email string among attorneys regarding a Matrix of Military Death Penalty Cases which contains select information to allow the Office of the Judge Advocate to track the status of military death penalty cases. | 2-Feb-07 | 9 | Corresponds with Pages 8-16 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 10 | COL Darpino (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney) | email | Part of an email string among attorneys regarding the interplay of the Court of Appeals for the Armed Forces Jurisdiction (collateral review authority) and Presidential Action. | 23-Feb-07 | 1 | Corresponds with Page 17 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 11 | COL Darpino (OTJAG Attorney) | Ms. Joan Meyer (DOJ Attorney) (DOJ) | email | Part of an email string among attorneys regarding the interplay of the Court of Appeals for the Armed Forces Jurisdiction (collateral review authority) and Presidential Action. | 23-Feb-07 | 2 | Corresponds with Pages 17 and 18 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 12 | COL Flora Darpino (OTJAG Attorney) | Ms. Joan E. Meyer (DOJ Attorney) | email | Part of an email string among attorneys regarding the interplay of the Court of Appeals for the Armed Forces Jurisdiction (collateral review authority) and Presidential Action. | 23-Feb-07 | 1 | Corresponds with Page 19 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 13 | COL Flora Darpino (OTJAG Attorney) | Ms. Joan E. Meyer (DOJ Attorney) | email | Part of an email string among attorneys regarding the interplay of the Court of Appeals for the Armed Forces Jurisdiction (collateral review authority) and Presidential Action. | 23-Feb-07 | 1 | Corresponds with Page 20 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 14 | MAJ Alison Martin (OTJAG Attorney) | MAJ Joshua Toman (Army Attorney) | email | Email string among attorneys initiated by a JAG Grad Course Student seeking information for a Research Paper requesting information on process for death penalty cases | 9-Feb-07 | 1 | Corresponds with Page 21 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 15 | MAJ Joshua Toman (Army Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Email string among attorneys initiated by a JAG Grad Course Student seeking information for a Research Paper requesting information on process for death penalty cases | 6-Feb-07 | 2 | Corresponds with Pages 21 and 22 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 16 | MAJ Alison Martin (OTJAG Attorney) | Mr. Cosgrove (OTJAG Attorney), COL Darpino (OTJAG Attorney), LTC Henry (Army Attorney) | email | Part of email string among attorneys regarding the latest CAAF ruling in the Loving case and its possible review by the Supreme Court. | 12-Feb-07 | 1 | Corresponds with Page 23 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 17 | Mr. Cosgrove (OTJAG Attorney) | MAJ Martin (OTJAG Attorney), COL Darpino (OTJAG Attorney), LTC Henry (OTJAG Attorney) | email | Part of email string among attorneys regarding the latest CAAF ruling in the Loving case and its possible review by the Supreme Court. | 12-Feb-07 | 1 | Corresponds with Page 23 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 18 | Mr. Richard Burns (DOJ Attorney) | COL Flora Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving/Gray Cases and the way ahead in those cases. | 19-Jan-07 | 1 | Corresponds with Page 24 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 19 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving/Gray Cases and the way ahead in those cases. | 4-Jan-07 | 1 | Corresponds with Pages 24 and 25 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 20 | MAJ Alison Martin (OTJAG Attorney) | LTC Michael Henry (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving/Gray Cases and the way ahead in those cases. | 30-Jan-07 | 2 | Corresponds with Page 26 and 27 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 21 | COL William Condron (OTJAG Attorney) | BG Scott Black (Army Asst Judge Advocate General) | email | Part of an email string among attorneys discussing the current status of the Loving/Gray Cases and the way ahead in those cases. This includes plans on releasing information to the media. | 21-Mar-03 | 1 | Corresponds with Page 28 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 22 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving/Gray Cases and the way ahead in those cases. This includes plans on releasing information to the media. | 21-Mar-03 | 2 | Corresponds with Page 28 and 29 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 23 | CPT Magdalena Acevedo (Army Appellate Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string among attorneys discussing the status of the Dubay hearing ordered by CAAF in September 2006. | 22-Jan-07 | 1 | Corresponds with Page 30 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 24 | MAJ Alison Martin (OTJAG Attorney) | CPT Magdalena Acevedo (Army Appellate Attorney) | email | Part of an email string among attorneys discussing the status of the Dubay hearing ordered by CAAF in September 2006. | 19-Jan-07 | 1 | Corresponds with Page 30 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 25 | COL William Hudson (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys regarding the content of and the time for release of the Letters to Loving and Gray Counsel | 4-Mar-03 | 1 | Corresponds with Page 30 in the lower left corner of the documents. | Released previously in its entirety |
| 26 | COL Condron (OTJAG Attorney) | COL William Hudson (OTJAG Attorney) | email | Part of an email string among attorneys regarding the content of and the time for release of the Letters to Loving and Gray Counsel | 4-Mar-03 | 1 | Corresponds with Page 31 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 27 | COL Darpino (OTJAG Attorney) | MG Thomas Romig (The Army Judge Advocate General) | email | Part of an email string among attorneys discussing whether there was historical information showing how death cases had been handled in the past. | 12-Aug-05 | 1 | Corresponds with Page 32 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 28 | MG Romig (The Army Judge Advocate General) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing whether there was historical information showing how death cases had been handled in the past. | 12-Aug-05 | 1 | Corresponds with Page 32 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 29 | COL Condron (OTJAG Attorney) | BG Black (Army Asst Judge Advocate General) | email | Part of email string among attorneys discussing the way ahead in the processing of PVT Loving's case. | 2-Jun-03 | 1 | Corresponds with Page 33 in the lower left corner of the documents. | Released previously with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 30 | BG Black (Army Asst Judge Advocate General) | COL Condron (OTJAG Attorney) | email | Part of email string among attorneys discussing the way ahead in the processing of PVT Loving's case. | 2-Jun-03 | 1 | Corresponds with Page 33 in the lower left corner of the documents. | Released previously |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 31 | COL Michael Child (OTJAG Attorney) | COL Robert Cotell (OTJAG Attorney) | email | Email discussing the Army's coordination with DOJ including historical information regarding how this was accomplished in the past. | 11-May-05 | 1 | Corresponds with Page 34 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 32 | MAJ Alison Martin (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney), Mr. Hassenritter (non-attorney Army Staff), MAJ Conyers (non-attorney Army Staff) | email | Email update on the current status of the Loving case and the expected way ahead. | 1-Feb-07 | 2 | Corresponds with Page 35 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 33 | MAJ Alison Martin (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email update on the current status of the Loving case and the expected way ahead. | 21-Feb-07 | 1 | Corresponds with Pages 37 and 38 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 34 | MAJ Alison Martin (OTJAG Attorney) | CPT Patrick Butler (Army Litigation Attorney) | email | Email explaining the current plan in terms of the transmittal of the PVT Loving case to the White House | 16-Feb-07 | 1 | Corresponds with Page 39 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 35 | CPT Patrick Butler (Army Litigation Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Email inquiring into the current plan in terms of the transmittal of the PVT Loving case to the White House | 16-Feb-07 | 2 | Corresponds with Pages 39 and 40 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 36 | CPT Magdalena Acevedo (Army Appellate Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 26-Jan-07 | 1 | Corresponds with Page 41 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 37 | MAJ Alison Martin (OTJAG Attorney) | CPT Acevedo (Army Appellate Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 23-Jan-07 | 1 | Corresponds with Page 41 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 38 | CPT Acevedo (Army Appellate Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 22-Jan-07 | 1 | Corresponds with Page 41 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 39 | MAJ Alison Martin (OTJAG Attorney) | CPT Magdalena Acevedo (Army Appellate Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 19-Jan-07 | 1 | Corresponds with Page 42 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 40 | MAJ Alison Martin (OTJAG Attorney) | CPT Magdalena Acevedo (Army Appellate Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 3-Oct-06 | 1 | Corresponds with Page 43 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 41 | MAJ Alison Martin (OTJAG Attorney) | CPT Magdalena Acevedo (Army Appellate Attorney) | email | Part of an email string among attorneys regarding the procedural aspects of the Dubay Hearing Ordered in Loving Case by CAAF in September of 2006. | 1-Nov-06 | 1 | Corresponds with Page 44 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 42 | Mr. Cosgrove (OTJAG Attorney) | LTC Henry (Army Attorney), MAJ Martin (Army Attorney) | email | Part of an email string among attorneys regarding the current Status of the Loving case review by DOJ | 12-Dec-06 | 1 | Corresponds with Page 45 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 43 | CPT Patrick Butler (Army Litigation Attorney) | Mr. Cosgrove (OTJAG Attorney) | email | Status of Loving Review by DOJ | 12-Dec-06 | 2 | Corresponds with Pages 45 and 46 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 44 | Mr. Cosgrove (OTJAG Attorney) | Mr. Craig Davis (IMCEN), Mr. Bob Dixon (IMCEN) | email | Email regarding the current state of the FOIA litigation in the Loving case. Email discusses coordination in order to meet the D.C. District Court's order. | 11-Dec-o6 | 1 | Corresponds with Page 46 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 45 | LTC Paul Turney (OTJAG Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Email regarding the Transmittal from SecDef to President in Loving Case | 24-Jan-07 | 1 | Corresponds with Page 47 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 46 | MAJ Alison Martin (OTJAG Attorney) | LTC Paul Turney (OTJAG Attorney) | email | Email regarding the Transmittal from SecDef to President in Loving Case | 24-Jan-07 | 1 | Corresponds with Page 47 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 47 | LTC Henry (OTJAG Attorney) | Mr. Sanchez (OTJAG paralegal), MAJ Alison Martin (OTJAG Attorney) | email | Email regarding the Forwarding of Documents from SecDef to the President in Loving Case | 17-Jan-07 | 1 | Corresponds with Page 48 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 48 | COL Darpino (OTJAG Attorney) | LTC Henry (OTJAG Attorney) | email | Email forwarding documents including the SecDef transmittal, TJAG Advice to the SecArmy, and the SecArmy's recommendation to the President | 5-Dec-06 | 2 | Corresponds with Pages 48 and 49 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 49 | LTC Cotell (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney) | email | Email forwarding documents including the SecDef transmittal, TJAG Advice to the SecArmy, and the SecArmy's recommendation to the President | 25-Jan-06 | 1 | Corresponds with Page 49 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 50 | CPT Carol Brewer (OTJAG Attorney) | LTC Cotell (OTJAG Attorney) | email | Email forwarding documents including the SecDef transmittal, TJAG Advice to the SecArmy, and the SecArmy's recommendation to the President | 25-Jan-06 | 2 | Corresponds with Pages 49 and 50 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 51 | LTC Cotell (OTJAG Attorney) | CPT Carol Brewer (OTJAG Attorney) | email | Email requesting documents including the SecDef transmittal, TJAG Advice to the SecArmy, and the SecArmy's recommendation to the President | 25-Jan-06 | 1 | Corresponds with Page 50 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 52 | MAJ Alison Martin (OTJAG Attorney) | Mr. Fay (Relative of one of Loving's victims) | email | Email informing a family member of one of Loving's victims of CAAF ordering of a Dubay hearing in the case. | 3-Oct-06 | 1 | Corresponds with Page 51 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 53 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Email informing DOJ attorney of a Dubay Hearing Ordered by CAAF in the Loving Case | 2-Oct-06 | 1 | Corresponds with Page 52 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 54 | MAJ Alison Martin (OTJAG Attorney) | LTC Kevin Robitaille (Army Litigation Attorney) | email | Procedural options for the Government in light of CAAF's ordering of a Dubay hearing in the Loving case. | 19-Oct-06 | 1 | Corresponds with Page 53 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 55 | Mr. Cosgrove (OTJAG Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Email requesting a status report on the Loving case in light of the CAAF decision ordering a Dubay hearing. | 19-Oct-06 | 1 | Corresponds with Page 54 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 56 | MAJ Alison Martin (OTJAG Attorney) | LTC Henry (OTJAG attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 2-Nov-06 | 1 | Corresponds with Page 55 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 57 | Mr. Richard Burns (DOJ Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 1-Nov-06 | 1 | Corresponds with Page 55 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 58 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 1-Nov-06 | 1 | Corresponds with Page 55 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 59 | MAJ Alison Martin (OTJAG attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 16-Nov-06 | 1 | Corresponds with Page 56 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 60 | Mr. Richard Burns (DOJ Attorney) | MAJ Alison Martin (OTJAG attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 7-Nov-06 | 1 | Corresponds with Page 56 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 61 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 1-Nov-06 | 2 | Corresponds with Pages 56 and 57 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 62 | Mr. Richard Burns (DOJ Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 31-Oct-06 | 1 | Corresponds with Page 58 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 63 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string regarding coordination between DOJ and the Army on death penalty cases. Email discusses topics for a proposed meeting between attorneys from DOJ and the Army. | 27-Oct-06 | 1 | Corresponds with Page 59 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 64 | MAJ Alison Martin (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string discussing the current status of the Loving and Gray cases. Discusses coordination so far in the process and coordination needed in the near future in these cases. | 21-Feb-07 | 1 | Corresponds with Page 60 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 65 | MAJ Alison Martin (OTJAG Attorney) | LTC Henry (OTJAG Attorney) | email | Part of an email string discussing the current status of the Loving and Gray cases. Discusses coordination so far in the process and coordination needed in the near future in these cases. | 30-Jan-07 | 2 | Corresponds with Page 6O and 61 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 66 | Mr. Richard Burns (DOJ Attorney) | MAJ Alison Martin (OTJAG Attorney) | email | Part of an email string discussion the current status of the Loving and Gray cases and the status of the Dubay hearing ordered in Loving. | 19-Jan-07 | 1 | Corresponds with Page 62 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 67 | MAJ Alison Martin (OTJAG Attorney) | Mr. Richard Burns (DOJ Attorney) | email | Part of an email string discussion the current status of the Loving and Gray cases and the status of the Dubay hearing ordered in Loving. | 4-Jan-07 | 2 | Corresponds with Pages 62 and 63 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 68 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email regarding a proposed meeting between attorneys from Army OTJAG and Army Office of the General Counsel re the status and way ahead in pending death penalty cases. | 4-Mar-03 | 1 | Corresponds with Page 64 in the lower left corner of the documents. | Previously Released with only names redacted |
| 69 | COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email regarding the briefing presented to the Secretary of the Army and the way ahead in terms of coordination in the Loving and Gray cases. | 14-Jan-04 | 1 | Corresponds with Page 65 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 70 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Email seeking information on an upcoming CAAF hearing and inquiring into whether status reports had been sent to other offices. | 14-Jan-04 | 1 | Corresponds with Page 65 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 71 | COL Condron (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney | email | Email explaining upcoming CAAF argument and the coordination of the status reports requested. | 14-Jan-04 | 2 | Corresponds with Pages 65 and 66 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 72 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email regarding planned coordination in the Loving and Gray cases. | 28-Oct-03 | 2 | Corresponds with Page 67 in the lower left corner of the documents. | Released previously in its entirety |
| 73 | N/A | N/A | Word Document | Talking Points for TJAG Meeting with the Acting Secretary on the Loving and Gray cases | Undated | 5 | Corresponds with Pages 68 through 72 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 74 | COL Condron (OTJAG Attorney) | LTC Patricia Ham (Army Attorney) | email | Email forwarding an Info Paper for SecArmy on the Loving and Gray cases. | 13-Aug-03 | 1 | Corresponds with Page 73 in the lower left corner of the documents. | Released previously in its entirety |
| 75 | LTC Patricia Ham (Army Attorney) | COL Condron (OTJAG Attorney) | email | Email Requesting status updates to incorporate into an upcoming Continuing Legal Education course taught at the Army's JAG school. | 8-Aug-03 | 1 | Corresponds with Page 73 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 76 | N/A | N/A | Word Document | Information Paper on Loving/Gray Cases with selected information from both convicted soldiers' case histories | 2-Jul-03 | 2 | Corresponds with Pages 74 and 75 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 77 | COL Dale Woodling (OTJAG Attorney) | CPT Patrick Vergona (OTJAG Attorney) | email | Email discussing edits made to the draft of the TJAG's advice memorandum to the SecArmy in the Gray case. | 16-Feb-04 | 1 | Corresponds with Page 76 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 78 | CPT Patrick Vergona (OTJAG Attorney) | COL Dale Woodling (OTJAG Attorney) | email | Email forwarding a draft of the TJAG's advice memorandum to the SecArmy in the Gray case. | 9-Feb-04 | 1 | Corresponds with Page 76 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 79 | COL Condron (OTJAG Attorney) | Ms. Elisa Hudson (OTJAG Administrative Assistant) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 23-Dec-02 | 1 | Corresponds with Page 77 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 80 | Ms. Elisa Hudson (OTJAG Administrative Assistant)) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 23-Dec-02 | 1 | Corresponds with Page 77 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 81 | COL Condron (OTJAG Attorney) | Ms. Elisa Hudson (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 19-Dec-02 | 1 | Corresponds with Page 77 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 82 | Ms. Elisa Hudson (OTJAG Attorney) | COL Condron (OTJAG Attorney), COL Woodling | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 19-Dec-02 | 1 | Corresponds with Page 77 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 83 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 19-Dec-02 | 2 | Corresponds with Pages 77 and 78 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 84 | COL Condron (OTJAG Attorney) | MAJ David Caldwell (Army Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 11-Sep-02 | 1 | Corresponds with Page 79 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 85 | MAJ David Caldwell (Army Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 11-Sep-02 | 1 | Corresponds with Page 79 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 86 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting with TJAG on Loving/Gray Cases | 11-Sep-02 | 2 | Corresponds with Pages 79 and 80 in the lower left corner of the documents. | Released with redactions. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 87 | COL Condron (OTJAG Attorney) | BG Black (Army Asst Judge Advocate General) | email | Email Updating the Assistant Judge Advocate General on various Criminal Law matters including coordination and the way ahead in the Loving case | 31-Jul-02 | 1 | Corresponds with Page 81 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 88 | COL Condron (OTJAG Attorney) | LTC Michael Klausner (OTJAG Attorney) | email | Part of an email string discussing the regarding the coordination that will be needed to carry out an execution and discusses various courses of action to accomplish an execution. | 9-Jan-03 | 1 | Corresponds with Page 82 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 89 | COL Serene (Army Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string discussing the regarding the coordination that will be needed to carry out an execution and discusses various courses of action to accomplish an execution. | 6-Jan-03 | 1 | Corresponds with Page 82 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 90 | Mr. Karl Schneider (Deputy Assistant Secretary of the Army, Attorney) | COL Serene (Army Attorney) | email | Part of an email string discussing the regarding the coordination that will be needed to carry out an execution and discusses various courses of action to accomplish an execution. | 6-Jan-03 | 1 | Corresponds with Page 82 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 91 | COL Serene (Army Attorney) | Mr. Karl Schneider (Deputy Assistant Secretary of the Army, Attorney), Mr. Wilson Shatzer, Mr. James Vick non-attorney members of Mr. Schneider's staff) | email | Part of an email string discussing the regarding the coordination that will be needed to carry out an execution and discusses various courses of action to accomplish an execution. | 6-Jan-03 | 1 | Corresponds with Page 82 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 92 | COL Condron (OTJAG Attorney) | COL Serene (Army attorney) | email | Part of an email string discussing the regarding the coordination that will be needed to carry out an execution and discusses various courses of action to accomplish an execution. | 3-Jan-03 | 1 | Corresponds with Page 83 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 93 | COL Condron (OTJAG Attorney) | MG Romig (The Army Judge Advocate General) | email | Press Release on Executions Part of an email string discussion the way ahead in terms of coordinating with the disciplinary barracks, the media, Army staff offices. Includes planned time lines on the process. | 19-Mar-03 | 1 | Corresponds with Page 84 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 94 | COL Condron (OTJAG Attorney) | Ms. Elaine Kanellis, Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney), Mr. Michael Shannon (non-attorney Army Staff) | email | Email updating the Army leadership on the current status of the Loving and Gray death penalty cases and includes anticipated defense request. Includes planned way ahead and time lines leading up to the date of execution. | 18-Mar-03 | 2 | Corresponds with Pages 85 and 86 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 95 | COL Condron (OTJAG Attorney) | BG Black (Army Asst Judge Advocate General) | email | Email forwarding draft information paper on the Gray case and the way ahead in both the Loving and Gray cases. | 19-Mar-03 | 1 | Corresponds with Page 87 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 96 | COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email forwarding an information paper on the way ahead in pending Capital Cases. | 19-Mar-03 | 1 | Corresponds with Page 87 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 97 | COL Condron (OTJAG Attorney) | N/A | Info Paper | Information Paper drafted to inform the Army Leadership on the current status of the Loving and Gray death penalty cases | 20-Mar-03 | 3 | Corresponds with Pages 88 through 90 in the lower left corner of the documents. | Released with redaction Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 98 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | email forwarding the Denial of Delay Letter that was send to Loving's and Gray's counsel and discussing the Next Steps in Loving Case | 14-Apr-03 | 2 | Corresponds with Pages 91 and 92 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 99 | COL Condron (OTJAG Attorney) | BG Black (Army Asst Judge Advocate General) | email | Email updating the TAJAG on the Loving Case and possible courses of action. | 20-May-03 | 1 | Corresponds with Page 93 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 100 | LTC Michael Klausner (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | email forwarding the Actions in the Loving Case | 20-May-03 | 1 | Corresponds with Page 93 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 101 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email discussing the Timing of the Loving Packet and suggesting a course of action | 22-May-03 | 1 | Corresponds with Page 94 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 102 | COL Condron (OTJAG Attorney) | BG Black (Army Asst Judge Advocate General) | email | Email updating the TAJAG on three pending death penalty cases and suggesting course of action. | 13-Jun-03 | 1 | Corresponds with Page 95 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 103 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status in the processing of the Gray and Loving case and discussing the future coordination and actions needed to move the actions for White House review. | 5-Mar-03 | 1 | Corresponds with Page 95 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 104 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC) | email | Part of an email string among attorneys discussing the current status in the processing of the Gray and Loving case and discussing the future coordination and actions needed to move the actions for White House review. | 5-Mar-03 | 1 | Corresponds with Page 96 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 105 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing the current status in the processing of the Gray and Loving case and discussing the future coordination and actions needed to move the actions for White House review. | 5-Mar-03 | 2 | Corresponds with Pages 96 and 97 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 106 | COL Condron (OTJAG Attorney) | N/A | Info Paper | Information Paper/Outline discussing what clemency advocacy is warranted in the Loving and Gray cases. | Undated | 3 | Corresponds with Pages 98 through 100 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 107 | Ms. Stephanie Barna | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing coordination with Congress, the media, and others as the Loving and Gray cases proceed towards Presidential review. | 4-Mar-03 | 1 | Corresponds with Page 101 in the lower left corner of the documents. | released |
| 108 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC) | email | Part of an email string among attorneys discussing coordination with Congress, the media, and others as the Loving and Gray cases proceed towards Presidential review. | 4-Mar-03 | 1 | Corresponds with Page 101 in the lower left corner of the documents. | released |
| 109 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing coordination with Congress, the media, and others as the Loving and Gray cases proceed towards Presidential review. | 4-Mar-03 | 1 | Corresponds with Page 101 in the lower left corner of the documents. | Previously Released with redactions        Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 110 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing coordination with Congress, the media, and others as the Loving and Gray cases proceed towards Presidential review. | 4-Mar-03 | 2 | Corresponds with Pages 101 and 102 in the lower left corner of the documents. | Previously Released with redactions        Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 111 | LTC Michael Klausner (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Email discussing possible courses of action for proceeding with the Loving Case | 21-Jan-03 | 1 | Corresponds with Page 103 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 112 | COL Mark Harvey (OTJAG Attorney) | LTC Michael Klausner (OTJAG Attorney) | email | Email discussing possible courses of action for proceeding with the Loving Case | 21-Jan-03 | 1 | Corresponds with Page 103 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 113 | COL John C. Greenhaugh (OTJAG Attorney) | BG Joseph Barnes (Army Asst Judge Advocate General) | email | Email discussing possible courses of action for proceeding with the Loving Case | 11-Jun-99 | 2 | Corresponds with Pages 103 and 104 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 114 | N/A | N/A | Info Paper | Information Paper asking for the TJAG's guidance regarding various issues in the processing of the Loving Case | Undated | 2 | Corresponds with Pages 105 and 106 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 115 | N/A | DOD General Counsel | Info Paper | Draft information paper in the "track changes" format regarding how the Army intends to process the Loving case to the President | 3-Jun-99 | 2 | Corresponds with Pages 107 and 108 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 116 | LTC Michael Klausner (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing a proposed meeting regarding the processing of the capital case of PVT Loving. Includes questions that need to be answered as the process moves forward. | 21-Jan-03 | 1 | Corresponds with Page 109 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 117 | COL Mark Harvey (OTJAG Attorney) | LTC Michael Klausner (OTJAG Attorney) | email | Part of an email string among attorneys discussing a proposed meeting regarding the processing of the capital case of PVT Loving. Includes questions that need to be answered as the process moves forward. | 15-Jun-99 | 1 | Corresponds with Page 109 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 118 | COL Calvin Lederer (OTJAG Attorney) | Mr. James Gelb (Office of the Secretary of the Army) | email | Part of an email string among attorneys discussing a proposed meeting regarding the processing of the capital case of PVT Loving. Includes questions that need to be answered as the process moves forward. | 15-Jun-99 | 1 | Corresponds with Page 109 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 119 | LTC Mark Harvey (OTJAG Attorney) | Mr. James Gelb (Office of the Secretary of the Army) | email | Part of an email string among attorneys discussing a proposed meeting regarding the processing of the capital case of PVT Loving. Includes questions that need to be answered as the process moves forward. | 15-Jun-99 | 1 | Corresponds with Page 109 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 120 | N/A | N/A | Info Paper | Information paper including a series of questions and past actions regarding issues related to the processing of military capital cases. Discusses who will review documents in the case and the rights that the defense counsel should be given in the process. | Undated | 3 | Corresponds with Pages 110 through 112 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 121 | LTC Michael Klausner (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string discussing the possibility of defense counsel-attended hearing was discussed. Discusses the possibility of drafting DOD Directive to control the issue. | 21-Jan-03 | 1 | Corresponds with Page 113 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 122 | COL Mark Harvey (OTJAG Attorney) | LTC Michael Klausner (OTJAG Attorney) | email | Part of an email string discussing the possibility of defense counsel-attended hearing was discussed. Discusses the possibility of drafting DOD Directive to control the issue. | 21-Jan-03 | 1 | Corresponds with Page 113 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 123 | COL Mark Harvey (OTJAG Attorney) | LTC Michael Klausner (OTJAG Attorney) | email | Part of an email string discussing the possibility of defense counsel-attended hearing was discussed. Discusses the possibility of drafting DOD Directive to control the issue. | 27-Jul-99 | 1 | Corresponds with Page 113 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 124 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email discussing the coordination between SecArmy and the TJAG on the Loving Case. Forwarded talking points on the Loving and Gray cases. | 27-Oct-03 | 1 | Corresponds with Page 114 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 125 | N/A | N/A | Info Paper | Talking Points on Loving/Gray Cases which includes selected procedural fact and needed next steps to continue to process the case. | Undated | 6 | Corresponds with Pages 115 through 120 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 126 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email among attorneys discussing the meeting between COL Condron and the SecArmy's office. Also discussed way ahead and reactions to suggestions at the meeting. | 26-Aug-03 | 1 | Corresponds with Page 121 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 127 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the merits of a DOD regulation that would channel the transmittal process through OSD in capital cases | 7-Jan-03 | 1 | Corresponds with Page 122 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 128 | COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the merits of a DOD regulation that would channel the transmittal process through OSD in capital cases | 6-Jan-03 | 2 | Corresponds with Pages 122 and 123 the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 129 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the merits of a DOD regulation that would channel the transmittal process through OSD in capital cases | 6-Jan-03 | 1 | Corresponds with Page 123 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 130 | N/A | N/A | Info Paper | Information paper drafted to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 20-Mar-03 | 2 | Corresponds with Pages 124 and 125 the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 131 | Mr. Michael Shannon (non-attorney Army Staff) | COL Condron (OTJAG Attorney), Ms. Kanellis (non-attorney Army Staff), Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney) | email | Part of an email string discussing a draft Information paper designed to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 18-Mar-03 | 1 | Corresponds with Page 126 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 132 | COL Condron (OTJAG Attorney) | Ms. Kanellis, Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney), Mr. Shannon | email | Part of an email string discussing a draft Information paper designed to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 18-Mar-03 | 3 | Corresponds with Pages 126 through 128 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 133 | COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string discussing a draft Information paper designed to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 18-Mar-03 | 1 | Corresponds with Page 129 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 134 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string discussing a draft Information paper designed to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 18-Mar-03 | 1 | Corresponds with Page 129 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 135 | COL Condron (OTJAG Attorney) | Ms. Kanellis (non-attorney Army Staff), Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney), Mr. Shannon (non-attorney Army Staff) | email | Part of an email string discussing a draft Information paper designed to inform the Army leadership of the current status of the Loving and Gray cases including anticipated defense requests and planned way ahead. | 18-Mar-03 | 3 | Corresponds with Pages 129 through 131 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 136 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focuses in part on the Loving and Gray Cases | 17-Nov-03 | 1 | Corresponds with Page 132 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 137 | COL Woodling (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focus in part on the Loving and Gray Cases | 17-Nov-03 | 1 | Corresponds with Page 132 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 138 | COL Condron (OTJAG Attorney) | LTC Mark Inch (non-attorney Army Staff ) | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focus in part on the Loving and Gray Cases | 17-Nov-03 | 1 | Corresponds with Page 132 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 139 | LTC Mark Inch (non-attorney Army staff officer) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focus in part on the Loving and Gray Cases | 14-Nov-03 | 1 | Corresponds with Page 132 in the lower left corner of the documents. | Previously released w/o redactions (although in redacted pile) |
| 140 | COL Condron (OTJAG Attorney) | Mr. Shannon (non attorney Army Staff) | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focus in part on the Loving and Gray Cases | 27-Oct-03 | 2 | Corresponds with Pages 132 and 133 the lower left corner of the documents. | Previously released w/o redactions (although in redacted pile) |
| 141 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna | email | Part of an email string among attorneys discussing an upcoming meeting with the Secretary of the Army that will focus in part on the Loving and Gray Cases | 27-Oct-03 | 1 | Corresponds with Page 133 in the lower left corner of the documents. | Previously Released with Redaction    Ex. 5 -- Deliberative Process, Pre-decisional    Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 142 | Ms Kanellis (non-attorney Army Staff) | COL Condron (OTJAG Attorney), Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney) | email | Part of an email string among attorneys discussing issues related to the ability of Loving and Gray's counsel to provide input in the process. | 18-Mar-03 | 1 | Corresponds with Page 134 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 143 | COL Condron (OTJAG Attorney) | Ms. Kanellis, Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney), Mr. Shannon (non-attorney Army Staff) | email | Part of an email string among attorneys discussing issues related to the ability of Loving and Gray's counsel to provide input in the process. | 18-Mar-03 | 1 | Corresponds with Page 134 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 144 | Ms Kanellis | COL Condron (OTJAG Attorney), Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney) | email | Part of an email string among attorneys discussing issues related to the ability of Loving and Gray's counsel to provide input in the process. | 18-Mar-03 | 1 | Corresponds with Page 134 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 145 | COL Michael Hoadley (Army Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 18-Mar-03 | 1 | Corresponds with Page 135 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 146 | COL Condron (OTJAG Attorney) | COL Hoadley | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 18-Mar-03 | 1 | Corresponds with Page 135 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 147 | COL Hoadley (Army Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 18-Mar-03 | 1 | Corresponds with Page 135 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 148 | COL Condron (OTJAG Attorney) | COL Hoadley (Army Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 18-Mar-03 | 2 | Corresponds with Pages 135 and 136 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 149 | COL Condron (OTJAG Attorney) | Ms. Kanellis, Ms. Stephanie Barna (Army OGC Attorney), COL Hudson (OTJAG Attorney), Mr. Shannon (non-attorney Army Staff) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 18-Mar-03 | 2 | Corresponds with Pages 137 and 138 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 150 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 4-Mar-03 | 1 | Corresponds with Page 138 in the lower left corner of the documents. | Released Previously with names redacted. |
| 151 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 4-Mar-03 | 1 | Corresponds with Page 138 in the lower left corner of the documents. | Released previously in its entirety |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 152 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 4-Mar-03 | 1 | Corresponds with Page 138 in the lower left corner of the documents. | Released previously in its entirety |
| 153 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 4-Mar-03 | 2 | Corresponds with Pages 138 and 139 in the lower left corner of the documents. | Previously Released with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 154 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing the processing of the Loving and Gray cases including providing information to the inmates defense counsel, a proposed timeline for processing the cases to the President and coordination with the media. | 4-Mar-03 | 1 | Corresponds with Page 139 in the lower left corner of the documents. | Previously Released with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 155 | N/A | N/A | Info Paper | Information Paper summarizing the key points in the Loving case, discussing the possible courses of action for the Secretary of the Army and discussing further DOD processing following the SecArmy's recommendation. | Undated | 2 | Corresponds with Pages 140 and 141 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 156 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC) | email | Part of an email string discussing a meeting between Army attorneys and the SecArmy's office regarding the way ahead in the Loving and Gray cases. | 21-Feb-03 | 1 | Corresponds with Page 142 in the lower left corner of the documents. | Released previously in its entirety |
| 157 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string discussing a meeting between Army attorneys and the SecArmy's office regarding the way ahead in the Loving and Gray cases. | 20-Feb-03 | 1 | Corresponds with Page 142 in the lower left corner of the documents. | Released previously in its entirety |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 158 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string discussing a meeting between Army attorneys and the SecArmy's office regarding the way ahead in the Loving and Gray cases. | 20-Feb-03 | 1 | Corresponds with Page 142 in the lower left corner of the documents. | Released previously in its entirety |
| 159 | COL Condron (OTJAG Attorney) | MG Romig (The Army Judge Advocate General) | email | Part of an email string discussing a meeting between Army attorneys and the SecArmy's office regarding the way ahead in the Loving and Gray cases. | 20-Feb-03 | 1 | Corresponds with Page 142 in the lower left corner of the documents. | Previously Released with redactions         Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 160 | Mr. Cosgrove (OTJAG Attorney) | LTC Cotell (OTJAG Attorney), CPT, Brewer (OTJAG Attorney), Mr. Sanchez (OTJAG Paralegal), Mr. Todd (OTJAG Paralegal), COL Child (OTJAG Attorney), LTC Shields (OTJAG Attorney), CPT McCaffrey (OTJAG Attorney), CPT Hellrung (OTJAG Attorney) | email | Email discussing an inquiry made by the Clemency Parole Board regarding what further review they were supposed to make. | 17-Nov-04 | 1 | Corresponds with Page 143 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 161 | BG Wright (Army Asst Judge Advocate General) | MG Romig (The Army Judge Advocate General) | email | Email discussing the status and coordination of the Loving and Gray cases within DOD. | 12-Apr-05 | 1 | Corresponds with Page 144 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 162 | MG Romig (The Army Judge Advocate General) | BG Wright (Army Asst Judge Advocate General) | email | Email discussing the status and coordination of the Loving and Gray cases within DOD. | 12-Apr-05 | 1 | Corresponds with Page 144 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 163 | Mr. Robert Reed (DOD OGC Attorney) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys regarding coordination with the Public Affairs Office and providing the current status in the military capital cases. | 29-Apr-05 | 1 | Corresponds with Page 145 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 164 | COL Child (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys regarding coordination with the Public Affairs Office and providing the current status in the military capital cases. | 29-Apr-05 | 1 | Corresponds with Page 145 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 165 | Mr. Robert Reed (DOD OGC Attorney) | COL Child (OTJAG Attorney) | email | Email regarding the relationship between pending writs at CAAF and the processing of capital cases to the White House | 23-May-05 | 1 | Corresponds with Page 146 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 166 | COL Child (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email regarding the relationship between pending writs at CAAF and the processing of capital cases to the White House | 23-May-05 | 1 | Corresponds with Page 146 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 167 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Email regarding the timing of the release of letters to Loving and Gray's counsel and discussing status of a press release. | 14-Mar-03 | 1 | Corresponds with Page 147 in the lower left corner of the documents. | Previously released with names redacted. |
| 168 | COL Condron (OTJAG Attorney) | LTC Ryan Yantis (non-attorney Army Staff) | email | Email regarding the timing of the release of letters to Loving and Gray's counsel and discussing status of a press release. | 14-Mar-03 | 1 | Corresponds with Page 147 in the lower left corner of the documents. | Previously released with names redacted. |
| 169 | LTC Yantis (non-attorney Army Staff) | COL Condron (OTJAG Attorney) | email | Email regarding the timing of the release of letters to Loving and Gray's counsel and discussing status of a press release. | 14-Mar-03 | 1 | Corresponds with Page 147 in the lower left corner of the documents. | Previously Released with redactions        Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 170 | COL Condron (OTJAG Attorney) | COL Woodling, BG Black (Army Asst Judge Advocate General) | email | Email Article on the Louis Jones case and possible impact on Loving/Gray | 14-Mar-03 | 1 | Corresponds with Page 147 in the lower left corner of the documents. | Previously Released with redactions        Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 171 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email suggesting that the TJAG discuss the Loving case with DOD General Counsel to facilitate processing. | 23-Jun-04 | 1 | Corresponds with Page 148 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 172 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Proposed Email draft for the TJAG to send to the CSA re the way ahead in pending capital cases. | 19-Dec-03 | 1 | Corresponds with Page 149 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 173 | COL Condron (OTJAG Attorney) | LTC Yantis (non-attorney Army Staff) | email | Meeting on Loving Case with GC and TJAG | 28-Feb-03 | 1 | Corresponds with Page 150 in the lower left corner of the documents. | Released previously in its entirety |
| 174 | LTC Yantis (non-attorney Army Staff) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting on Loving and Gray cases with the Army General Counsel includes recommended topics to cover at the meeting. | 28-Feb-03 | 1 | Corresponds with Page 150 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 175 | COL Condron (OTJAG Attorney) | LTC Yantis (non-attorney Army Staff), LTC Klausner (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting on Loving and Gray cases with the Army General Counsel includes recommended topics to cover at the meeting. | 28-Feb-03 | 2 | Corresponds with Pages 150 and 151 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 176 | Ms. Stephanie Barna (Army OGC Attorney) | COL Woodling (OTJAG Attorney) | email | Part of an email string among attorneys discussing an upcoming Meeting on Loving and Gray cases with the Army General Counsel includes recommended topics to cover at the meeting. | 28-Feb-03 | 1 | Corresponds with Page 151 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 177 | COL Condron (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney) | email | Part of an email string among attorneys discussing an internal review of the Army TJAG's advice memorandum for the SecArmy in the Loving case. | 28-Jul-03 | 1 | Corresponds with Page 152 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 178 | Ms. Stephanie Barna (Army OGC Attorney) | Mr. Anthony Jones (Army OGC Attorney) | email | Part of an email string among attorneys discussing an internal review of the Army TJAG's advice memorandum for the SecArmy in the Loving case. | 22-Jul-03 | 1 | Corresponds with Page 152 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 179 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing an internal review of the Army TJAG's advice memorandum for the SecArmy in the Loving case. | 22-Jul-03 | 2 | Corresponds with Pages 152 and 153 in the lower left corner of the documents. | Previously Released with redactions      Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 180 | COL Condron (OTJAG Attorney) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys discussing the steps that need to be taken to Status of Appellate review in Loving case | 23-May-05 | 1 | Corresponds with Page 154 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 181 | COL Child (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the steps that need to be taken to Status of Appellate review in Loving case | 20-May-06 | 2 | Corresponds with Pages 154 and 155 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 182 | Mr. Robert Reed (DOD OGC Attorney) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys discussing the steps that need to be taken to Status of Appellate review in Loving case | 20-May-05 | 1 | Corresponds with Page 155 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 183 | N/A | N/A | Info Paper | Drafts of an information paper explaining key facts in pending military death penalty cases and what steps to be taken in the future processing of those cases. | 30-June-05, 25-May-05, 12 Apr-05, 6 Apr-01 | 4 | Corresponds with Pages 156 through 159 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 184 | COL Flora Darpino (OTJAG Attorney) | COL Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing whether or not PVT Loving and his counsel should be provided with a copy of the TJAG's advice to the Secretary of the Army. | 25-May-06 | 1 | Corresponds with Page 160 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 185 | LTC Cotell (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing whether or not PVT Loving and his counsel should be provided with a copy of the TJAG's advice to the Secretary of the Army. | 24-May-06 | 1 | Corresponds with Page 160 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 186 | LTC Theresa Gallagher (Army Attorney) | COL Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing whether or not PVT Loving and his counsel should be provided with a copy of the TJAG's advice to the Secretary of the Army. | 24-May-06 | 3 | Corresponds with Pages 160 through 162 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 187 | COL Darpino (OTJAG Attorney) and LTC Gallagher (Army Attorney) | N/A | Info Paper | Draft Information Paper discussing the administrative process of forwarding a capital case to the President of the United States for action on the death sentence | 6-Mar-06 | 3 | Corresponds with Pages 163 through 165 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 188 | COL Darpino (OTJAG Attorney) and LTC Gallagher (Army Attorney) | LTC Gallagher (Army Attorney) | email | Part of an email string among attorneys discussing whether or not PVT Loving and his counsel should be provided with a copy of the TJAG's advice to the Secretary of the Army. | 22-Feb-06 | 1 | Corresponds with Page 166 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 189 | LTC Gallagher (Army Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing whether or not PVT Loving and his counsel should be provided with a copy of the TJAG's advice to the Secretary of the Army. | 22-Feb-06 | 1 | Corresponds with Page 166 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 190 | COL Kathryn Stone (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorneys regarding the relationship between the TJAG's advice and the federal habeus process. Also discusses funding travel to pay for Loving's civilian attorney's travel . | 21-Feb-06 | 1 | Corresponds with Page 167 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 191 | MAJ Paul Perrone (Army Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorneys discussing the relationship between the TJAG's advice and the federal habeus process. Also discusses funding travel to pay for Loving's civilian attorney's travel . | 3-Feb-06 | 1 | Corresponds with Page 168 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 192 | COL Darpino (OTJAG Attorney) and LTC Gallagher (Army Attorney) | LTC Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing the coordination that would be required immediately prior to an execution. | 9-Feb-06 | 1 | Corresponds with Page 169 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 193 | LTC Cotell (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the coordination that would be required immediately prior to an execution. | 9-Feb-06 | 1 | Corresponds with Page 169 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 194 | COL Darpino (OTJAG Attorney) | LTC Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing the coordination that would be required immediately prior to an execution. | 9-Feb-06 | 1 | Corresponds with Page 169 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 195 | MAJ Alexander Conyers (non-attorney Army Staff) | COL Darpino (OTJAG Attorney), LTC Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing the coordination that would be required immediately prior to an execution. | 9-Feb-06 | 1 | Corresponds with Page 169 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 196 | COL Darpino (OTJAG Attorney) | LTC Dean Raab (OTJAG Attorney) | email | Email explaining the movement on the processing of PVT Gray - a death penalty sentenced soldier. | 8-Feb-06 | 1 | Corresponds with Page 170 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 197 | COL Darpino (OTJAG Attorney) | Office of the Secretary of the Army | memo | Notification that PVT Gray's death penalty case had been forwarded to the President. | 1-Sep-05 | 1 | Corresponds with Page 171 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 198 | COL Darpino (OTJAG Attorney) | COL Stone (OTJAG Attorney) | memo | Part of an email string among attorneys discussing the fiscal law issues regarding funding travel for Loving's counsel. | 3-Feb-06 | 1 | Corresponds with Page 172 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 199 | MAJ Perrone (Army Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the fiscal law issues regarding funding travel for Loving's counsel. | 3-Feb-06 | 1 | Corresponds with Page 172 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 200 | CW3 Sharon Potts (Army Warrant Officer, administrative specialist) | Ms. Norris | email | travel orders | 2-Nov-04 | 2 | Corresponds with Pages 173 and 174 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 201 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of email string among attorneys discussing the effect of Loving's CAAF filing on the post trial processing of his case. | 27-Jan-06 | 1 | Corresponds with Page 175 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 202 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorneys discussing the effect of Loving's CAAF filing on the post trial processing of his case. | 31-Jan-06 | 1 | Corresponds with Page 175 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 203 | COL Darpino (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of email string among attorneys discussing the effect of Loving's CAAF filing on the post trial processing of his case. | 30-Jan-06 | 1 | Corresponds with Page 175 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 204 | COL Stone (OTJAG Attorney) | MG Scott Black (The Army Judge Advocate General) | email | Part of an email string among attorneys responding to a request by PVT Gray's counsel to have the Government pay for his travel to consult with PVT Gray | 27-Jan-06 | 1 | Corresponds with Page 176 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 205 | MG Scott Black (The Army Judge Advocate General) | COL Stone, COL Darpino (OTJAG Attorneys) | email | Part of an email string among attorneys responding to a request by PVT Gray's counsel to have the Government pay for his travel to consult with PVT Gray | 27-Jan-06 | 1 | Corresponds with Page 176 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 206 | Mr. Thomas Dunn (attorney for PVT Gray) | MG Scott Black (The Army Judge Advocate General) | email | Email attaching a 2-page letter explaining why the civilian attorney is requesting that the Government fund his travel to represent PVT Gray - a death sentenced soldier. | 27-Jan-06 | 1 | Corresponds with Page 176 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 207 | Mr. Thomas Dunn (attorney for PVT Gray) | MG Scott Black (The Army Judge Advocate General) | letter | 2-page letter explaining why the civilian attorney is requesting that the Government fund his travel to represent PVT Gray - a death sentenced soldier. | 26-Jan-06 | 1 | Corresponds with Pages 177 and 178 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 208 | LTC Cotell (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys notifying them that Loving's recommendation has left DOD for the White House. Includes issues raised by the Defense Appellate Division regarding the continued representation of PVT Loving while case is pending before the President. | 25-Jan-06 | 1 | Corresponds with Page 179 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 209 | COL John Phelps (Army Attorney) | LTC Cotell (OTJAG Attorney) | email | Email requesting guidance on the role of the Army's Defense Appellate Division in representing PVT Loving while his case is being reviewed by the President. | 25-Jan-06 | 1 | Corresponds with Page 179 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 210 | LTC Cotell (OTJAG Attorney) | LTC Cruz (no-attorney, Army Staff), Mr. Haasenritter (no-attorney, Army Staff), COL Harrison (Commander, US Disciplinary Barracks prison)), Mr. Jones (Army OGC Attorney), LTC Cotell (OTJAG Attorney), LTC Shear, LTC Hart (no-attorney, Army Staff), CPT Brewer (OTJAG Attorney), COL Phelps (Army Attorney), COL Salata (Army Attorney), LTC Gallagher (Army Attorney), COL Donahue, LTC Alexander | email | Notification, required by Army Regulation 190-55 that PVT Loving's capital case left DOD for the White House's review. | 25-Jan-06 | 1 | Corresponds with Page 180 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 211 | Mr. Jones (Army OGC Attorney) | Mr. Patterson, LTC Cotell (OTJAG Attorney), | email | Email regarding what steps have been taken or should be taken to coordinate with the media and whether other steps should be expected prior to the completed review of PVT Loving's case by the President. | 27-Jan-06 | 1 | Corresponds with Page 181 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 212 | COL Marc Warren (Special Assistant to The Judge Advocate General) | COL Darpino (OTJAG Attorney) | email | Email sending "track changes" showing suggested edits made to a document that is an executive summary on the plan to send the Loving case to the White House for review. | 23-Jan-06 | 1 | Corresponds with Page 182 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 213 | COL Darpino (OTJAG Attorney) | COL Marc Warren (Special Assistant to The Judge Advocate General) | email | Email attaching an executive summary on the plan to send the Loving case to the White House for review. | 23-Jan-06 | 1 | Corresponds with Page 182 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 214 | COL Darpino (OTJAG Attorney) | COL Marc Warren (Special Assistant to The Judge Advocate General) | Draft Executive Summary | Draft executive summary on the plan to send the Loving case to the White House for review. | Undated | 1 | Corresponds with Page 183 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 215 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of email string among attorneys regarding the forwarding of the PVT Loving Case to the President | 12-Jan-06 | 1 | Corresponds with Page 184 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 216 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorneys regarding the forwarding of the PVT Loving Case to the President | 12-Jan-06 | 1 | Corresponds with Page 184 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 217 | COL Darpino (OTJAG Attorney) | LTC Cotell, CPT Brewer (OTJAG Attorneys) | email | Part of email string regarding DOD's decision to transmit the Loving case to the President | 28-Dec-05 | 1 | Corresponds with Page 185 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 218 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string regarding DOD's decision to transmit the Loving case to the President | 23-Dec-05 | 1 | Corresponds with Page 185 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 219 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of email string regarding DOD's decision to transmit the Loving case to the President | 23-Dec-05 | 1 | Corresponds with Page 185 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 220 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string regarding DOD's decision to transmit the Loving case to the President | 23-Dec-05 | 1 | Corresponds with Page 185 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 221 | COL Darpino (OTJAG Attorney) | Mr. George Sanchez (OTJAG Paralegal) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 31-Aug-05 | 1 | Corresponds with Page 186 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 222 | COL Darpino (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 31-Aug-05 | 1 | Corresponds with Page 186 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 223 | COL Woodling (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 31-Aug-05 | 2 | Corresponds with Pages 186 and 187 the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 224 | COL Darpino (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 31-Aug-05 | 1 | Corresponds with Page 187 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 225 | COL Darpino (OTJAG Attorney) | LTC Cotell (OTJAG Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 29-Aug-05 | 1 | Corresponds with Page 188 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 226 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 29-Aug-05 | 1 | Corresponds with Page 188 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 227 | Mr. Dan Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 29-Aug-05 | 1 | Corresponds with Page 188 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 228 | Mr. William Kelley | Mr. Dell'Orto (DOD OGC Attorney | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 29-Aug-05 | 1 | Corresponds with Page 188 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 229 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Kelley | email | Part of email string among attorney discussing the mechanics of delivering the transmittals in the PVT Gray case to the White House | 29-Aug-05 | 1 | Corresponds with Page 189 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 230 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 190 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 231 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 190 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 232 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 190 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 233 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 3-Aug-05 | 1 | Corresponds with Page 190 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 234 | COL Darpino (OTJAG Attorney) | LTC Cotell (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 191 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 235 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 191 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 236 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 191 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 237 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 3-Aug-05 | 1 | Corresponds with Page 191 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 238 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 11-Aug-05 | 1 | Corresponds with Page 192 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 239 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 11-Aug-05 | 1 | Corresponds with Page 192 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 240 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 10-Aug-05 | 1 | Corresponds with Page 192 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 241 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 10-Aug-05 | 2 | Corresponds with Pages 192 and 193 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 242 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 9-Aug-05 | 1 | Corresponds with Page 193 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 243 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 9-Aug-05 | 1 | Corresponds with Page 193 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 244 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 9-Aug-05 | 1 | Corresponds with Page 193 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 245 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 9-Aug-05 | 2 | Corresponds with Pages 193 and 194 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 246 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 9-Aug-05 | 1 | Corresponds with Page 194 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 247 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 194 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 248 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 8-Aug-05 | 1 | Corresponds with Page 194 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 249 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 3-Aug-05 | 2 | Corresponds with Pages 194 and 195 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 250 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action. | 3-Aug-05 | 1 | Corresponds with Page 195 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 251 | Mr. Kelley | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 195 and in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 252 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Kelley | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 196 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 253 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 197 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 254 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 197 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 255 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 2 | Corresponds with Pages 197 and 198 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 256 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 198 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 257 | Mr. Kelley | Mr. Dell'Orto (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 198 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 258 | Mr. Dell'Orto (DOD OGC Attorney) | Mr. Kelley | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 198 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 259 | COL Darpino (OTJAG Attorney) | BG Daniel Wright (Army Asst Judge Advocate General) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 199 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 260 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 199 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 261 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Part of an email string among attorneys discussing the proper routing of death penalty cases for Presidential review. This includes discussion of guidance in past death penalty cases that were transmitted to the President for action | 3-Aug-05 | 1 | Corresponds with Page 199 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 262 | COL Darpino (OTJAG Attorney) | MG Romig (The Army Judge Advocate General), BG Wright (Army Asst Judge Advocate General) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 29-Jul-05 | 1 | Corresponds with Page 200 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 263 | MG Romig (The Army Judge Advocate General) | BG Wright (Army Asst Judge Advocate General), COL Darpino (OTJAG Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 29-Jul-05 | 1 | Corresponds with Page 200 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|--------|--------|-----------|---------------|-------------|------|-----|----------|-------------------|
| 264 | COL Darpino (OTJAG Attorney) | Mr. Anthony Jones (Army OGC Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 18-Jul-05 | 1 | Corresponds with Page 201 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 265 | Mr. Jones (Army OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 18-Jul-05 | 1 | Corresponds with Page 201 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 266 | COL Darpino (OTJAG Attorney) | Mr. Jones (Army OGC Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 18-Jul-05 | 2 | Corresponds with Pages 201 and 202 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 267 | Mr. Jones (Army OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 18-Jul-05 | 1 | Corresponds with Page 202 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 268 | COL Darpino (OTJAG Attorney) | Mr. Jones (Army OGC Attorney), LTC Cruz (non-attorney Army Staff), LTC Hart (non-attorney Army Staff) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 18-Jul-05 | 1 | Corresponds with Page 202 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 269 | COL Darpino (OTJAG Attorney) | MG Romig (The Army Judge Advocate General), COL Woodling (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 17-Jul-05 | 1 | Corresponds with Page 203 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 270 | MG Romig (The Army Judge Advocate General) | COL Woodling (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General), COL Darpino (OTJAG Attorney) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 15-Jul-05 | 1 | Corresponds with Page 203 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 271 | LTG Campbell | BG Vincent Brooks (non-attorney Army Staff) | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 15-Jul-05 | 1 | Corresponds with Page 204 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 272 | GEN Byrnes (TRADOC) | LTG William Wallace | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 15-Jul-05 | 1 | Corresponds with Page 204 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 273 | COL James Harrison | LTG William Wallace | email | Part of an email string discussing the coordination and preparation required in light of PVT Gray's recommendation being transmitted from DOD to the White House. Includes discussion regarding coordinating for the execution and providing information to the media at appropriate times. | 15-Jul-05 | 2 | Corresponds with Pages 204 and 205 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 274 | COL Darpino (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email discussing the notification letters to be sent in the PVT Gray case alerting key parties to the fact that his case has left the DOD for the President's review. | 14-Jul-05 | 1 | Corresponds with Page 206 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 275 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memoranda notifying the Secretary of the Army that PVT Gray's case had been reviewed by the Secretary of Defense and the case was ready to be forwarded to the White House | Undated | 2 | Corresponds with Pages 207 and 208 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 276 | N/A | N/A | Executive Summary | Draft executive summary on the status of the review in the case of PVT Gray | Undated | 1 | Corresponds with Page 209 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 277 | COL Darpino (OTJAG Attorney) | LTC Mock (non-attorney Army Staff), COL Eugene Smith (non-attorney Army Staff), LTC Cruz (non-attorney Army Staff), Mr. Patterson (non-attorney Army Staff) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 20-Jul-05 | 1 | Corresponds with Page 210 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 278 | LTC Mock (non-attorney Army Staff) | COL Darpino (OTJAG Attorney) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 20-Jul-05 | 1 | Corresponds with Page 210 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 279 | COL Darpino (OTJAG Attorney) | Mr. Patterson (non-attorney Army Staff) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 20-Jul-05 | 2 | Corresponds with Pages 210 and 211 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 280 | Mr. Jones (Army OGC Attorney) | LTC Cruz (non-attorney Army Staff), LTC Hart (non-attorney Army Staff) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 18-Jul-05 | 1 | Corresponds with Page 211 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 281 | COL Darpino (OTJAG Attorney) | COL Charles Pede (Army Attorney) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 3-Aug-05 | 1 | Corresponds with Page 212 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 282 | COL Pede (Army Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 3-Aug-05 | 1 | Corresponds with Page 212 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 283 | LTC Cruz (non-attorney Army Staff) | COL Peter Champagne | email | Part of an email String regarding the processing of the PVT Gray case. Email string includes questions regarding the exact location of PVT Gray's files and the expected next steps in the process. | 15-Jul-05 | 2 | Corresponds with Pages 212 and 213 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 284 | COL Darpino (OTJAG Attorney) | COL Stone (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 13-Sep-05 | 1 | Corresponds with Page 214 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 285 | COL Stone (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 13-Sep-05 | 1 | Corresponds with Page 214 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 286 | COL Darpino (OTJAG Attorney) | COL Stone (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 13-Sep-05 | 2 | Corresponds with Pages 214 and 215 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 287 | LTC Patricia Ham (army Attorney) | COL Darpino, LTC Cotell (OTJAG Attorneys) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 21-Dec-05 | 1 | Corresponds with Page 216 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 288 | COL Darpino (OTJAG Attorney) | LTC Patricia Ham (Army Attorney) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 21-Dec-05 | 1 | Corresponds with Page 216 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 289 | LTC Patricia Ham (Army Attorney) | COL Darpino, LTC Cotell (OTJAG Attorneys) | email | Part of an email string among attorneys discussing the current status of the PVT Gray file and the interplay between the Jurisdiction of the Court of Appeals for the Armed Forces and the President's decision | 21-Dec-05 | 1 | Corresponds with Page 216 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 290 | LTC Theresa Gallagher (Army Attorney) | N/A | Info Paper | Information Paper discussing the administrative process of forwarding a capital case to the President of the United States | 6-Mar-06 | 3 | Corresponds with Pages 217 through 219 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 291 | CPT Carol Brewer (OTJAG Attorney) | COL Stone (OTJAG Attorney) | email | Email forwarding the attached notification by TJAG to the Secretary of the Army and discussing further coordination. | 24-Jan-06 | 1 | Corresponds with Page 220 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 292 | MG Scott Black (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memorandum notifying the Secretary of the Army that DOD had completed its review of the PVT Loving Case | 24-Jan-06 | 1 | Corresponds with Page 221 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 293 | MG Scott Black (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memorandum notifying the Secretary of the Army that DOD had completed its review of the PVT Loving Case | 20-Jan-06 | 1 | Corresponds with Page 223 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 294 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing the current status and the proposed way ahead in the death penalty cases of PVTs Loving and Gray. | 5-Mar-03 | 1 | Corresponds with Page 224 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 295 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status and the proposed way ahead in the death penalty cases of PVTs Loving and Gray. | 5-Mar-05 | 1 | Corresponds with Page 224 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 296 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Part of an email string among attorneys discussing the current status and the proposed way ahead in the death penalty cases of PVTs Loving and Gray. | 5-Mar-05 | 3 | Corresponds with Pages 224 through 226 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 297 | COL Condron (OTJAG Attorney) | LTC Ryan Yantis (non-attorney Army Staff) | email | Email discussing preparations for handling media interest in Loving death penalty case as case makes its way through final phases | 3-Jan-03 | 1 | Corresponds with Page 227 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 298 | COL Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email forwarding information on the Loving and Gray cases | 29-Oct-03 | 1 | Corresponds with Page 228 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 299 | COL Child (OTJAG Attorney) | Mr. Bill DeCicco (CAAF Clerk of Court Office) | email | Part of an email string regarding the date CAAF expects to rule on a pending writ filed by Loving and its interaction with the processing of the case through the White House | 23-May-05 | 1 | Corresponds with Page 229 in the lower left corner of the documents. | Partially released previously Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 300 | Mr. Bill DeCicco (CAAF Clerk of Court Office) | COL Child (OTJAG Attorney) | email | Part of an email string regarding the date CAAF expects to rule on a pending writ filed by Loving and its interaction with the processing of the case through the White House | 23-May-05 | 1 | Corresponds with Page 229 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 301 | COL Child (OTJAG Attorney) | Mr. DeCicco (CAAF Clerk of Court Office) | email | Part of an email string regarding the date CAAF expects to rule on a pending writ filed by Loving and its interaction with the processing of the case through the White House | 23-May-05 | 1 | Corresponds with Page 229 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 302 | COL Child (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email setting out the key parts of the procedural history from Loving's case | 23-May-05 | 1 | Corresponds with Page 230 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 303 | COL Salata (Army Attorney) | COL Child (OTJAG Attorney) | email | Part of an email string regarding the processing of the Loving case while there is still a writ pending at CAAF | 26-May-05 | 1 | Corresponds with Page 230 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 304 | COL Child (OTJAG Attorney) | COL Salata (Army Attorney) | email | Part of an email string regarding the processing of the Loving case while there is still a writ pending at CAAF | 26-May-05 | 2 | Corresponds with Pages 231 and 232 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 305 | BG Wright (Army Asst Judge Advocate General) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Page 233 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 306 | COL Child (OTJAG Attorney) | BG Wright (Army Asst Judge Advocate General) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Page 233 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 307 | BG Wright (Army Asst Judge Advocate General) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Page 233 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 308 | COL Child (OTJAG Attorney) | BG Wright (Army Asst Judge Advocate General) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Pages 233 and 234 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 309 | BG Wright (Army Asst Judge Advocate General) | COL Child (OTJAG Attorney) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Page 234 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 310 | MG Romig (The Army Judge Advocate General) | BG Wright (Army Asst Judge Advocate General) | email | Part of an email string among attorneys discussing the current status of the Loving and Gray cases and the location of the files destined for the President | 28-Apr-05 | 1 | Corresponds with Page 234 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 311 | CPT Carol Brewer (OTJAG Attorney) | COL Darpino, LTC Cotell (OTJAG Attorneys) | email | Part of an email string among attorneys discussing edits to drafts of the memo notifying the Secretary of the Army that DOD had completed its review | 24-Jan-06 | 1 | Corresponds with Page 235 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 312 | COL Stone (OTJAG Attorney) | CPT Carol Brewer (OTJAG Attorney) | email | Part of an email string among attorneys discussing edits to drafts of the memo notifying the Secretary of the Army that DOD had completed its review | 24-Jan-06 | 2 | Corresponds with Pages 235 and 236 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 313 | CPT Carol Brewer (OTJAG Attorney) | COL Stone (OTJAG Attorney) | email | Part of an email string among attorneys discussing edits to drafts of the memo notifying the Secretary of the Army that DOD had completed its review | 24-Jan-06 | 2 | Corresponds with Pages 236 and 237 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 314 | COL Stone (OTJAG Attorney) | CPT Carol Brewer (OTJAG Attorney) | email | Part of an email string among attorneys discussing edits to drafts of the memo notifying the Secretary of the Army that DOD had completed its review | 24-Jan-06 | 1 | Corresponds with Page 237 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 315 | CPT Carol Brewer (OTJAG Attorney) | COL Stone (OTJAG Attorney) | email | Part of an email string among attorneys discussing edits to drafts of the memo notifying the Secretary of the Army that DOD had completed its review | 24-Jan-06 | 1 | Corresponds with Page 238 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 316 | MG Scott Black (The Army Judge Advocate General) | The Secretary of the Army | memo | Notification that PVT Loving's death penalty case had passed the DOD's review and was forwarded to the While House for action. | 24-Jan-06 | 3 | Corresponds with Pages 239 through 241 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 317 | COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email forwarding the Notification that PVT Loving's death penalty case had passed the DOD's review and was forwarded to the While House for action. | 15-Jan-04 | 1 | Corresponds with Page 242 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 318 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memoranda from the Army's Judge Advocate General discussing the PVT Loving case in detail and making a recommendation regarding the adjudged sentence | 13-Jan-04, 16-Jan-03 | 66 | Corresponds with Pages 243 through 307 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Presidential Privilege Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product Ex. 5 -- Attorney-Client |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 319 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email discussing edits made to the draft TJAG recommendation prior to its final drafting. | 10-Apr-03 | 1 | Corresponds with Page 308 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 320 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memoranda from the Army's Judge Advocate General discussing the PVT Loving case in detail and making a recommendation regarding the adjudged sentence | 8-Apr-03 | 23 | Corresponds with Pages 309 through 332 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 321 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email requesting review and explaining edits to a draft Memoranda from the Army's Judge Advocate General discussing the PVT Loving case in detail and making a recommendation regarding the adjudged sentence | 22-Jul-03 | 1 | Corresponds with Page 332 in the lower left corner of the documents. | Released with Redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 322 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | memo | Draft Memoranda from the Army's Judge Advocate General discussing the PVT Loving case in detail and making a recommendation regarding the adjudged sentence | 16-Jul-03 | 32 | Corresponds with Pages 333 through 365 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 323 | LTC Michelle Shields (OTJAG Attorney) | LtCol Craig Williams (Marine Attorney), LT Bob Semple (Navy Attorney), MAJ Christopher Carlson (Marine Attorney), LCDR John Luce (Coast Guard Attorney), LtCol Thomas Wand (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 10-Aug-05 | 1 | Corresponds with Page 366 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 324 | Mr. Robert Reed (DOD OGC Attorney) | Mr. Colwell (Marine Attorney), COL Darpino (OTJAG Attorney), Mr. Jeffrey Good (Cost Guard Attorney), Mr. Kenneth Ian (Navy Attorney), Mr. Jeffrey Rockwell (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 3-Aug-05 | 2 | Corresponds with Pages 367 and 368 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 325 | LTC Shields (OTJAG Attorney) | LtCol Craig Williams (Marine Attorney), LT Bob Semple (Navy Attorney), MAJ Christopher Carlson (Marine Attorney), LCDR John Luce (Coast Guard Attorney), LtCol Thomas Wand (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 368 and 369 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 326 | LTC Shields (OTJAG Attorney) | Mr. Robert Reed (DOD attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 24-Jan-06 | 4 | Corresponds with Pages 370 through 373 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 327 | LTC Patricia Ham (Army Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 9-Dec-05 | 1 | Corresponds with Page 374 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 328 | LTC Shields (OTJAG Attorney) | LTC Patricia Ham (Army Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 9-Dec-05 | 2 | Corresponds with Pages 374 and 375 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 329 | LTC Patricia Ham (army Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 9-Dec-05 | 1 | Corresponds with Page 375 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 330 | LTC Shields (OTJAG Attorney) | LTC Patricia Ham (Army Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 9-Dec-05 | 2 | Corresponds with Pages 375 and 376 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 331 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 28-Nov-05 | 2 | Corresponds with Pages 377 and 378 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 332 | LTC Shields (OTJAG Attorney) | Mr. Keith Lofland (Navy Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 7-Sep-05 | 1 | Corresponds with Page 379 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 333 | LTC Shields (OTJAG Attorney) | LtCol Craig Williams (Marine Attorney), LT Bob Semple (Navy Attorney), MAJ Christopher Carlson (Marine Attorney) , LCDR John Luce (Coast Guard Attorney), LtCol Thomas Wand (Air force Attorney), Mr. Bill Dixon (CAAF Legal Staff), COL William Druschel (Air Force Attorney), CDR Jennifer Herold (Navy Attorney), Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 8-Sep-05 | 3 | Corresponds with Pages 379 through 381 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 334 | LTC Shields (OTJAG Attorney) | E-Mail Listserv | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | Undated | 1 | Corresponds with Page 382 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 335 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 10-Aug-05 | 2 | Corresponds with Pages 382 and 383 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 336 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 20-Jul-05 | 1 | Corresponds with Page 384 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 337 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 19-Jul-05 | 1 | Corresponds with Page 384 in the lower left corner of the documents. | Released previously in its entirety |
| 338 | LTC Shields (OTJAG Attorney) | LtCol Williams (Marine Attorney), LT Semple (Navy Attorney), MAJ Carlson (Marine Attorney), LtCol Jackson (Air Force Attorney), LCDR Luce (Coast Guard Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 19-Jul-05 | 2 | Corresponds with Pages 384 and 385 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 339 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 19-Jul-05 | 1 | Corresponds with Page 386 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 340 | LTC Shields (OTJAG Attorney) | LtCol Williams (Marine Attorney), LT Semple (Navy Attorney), MAJ Carlson (Marine Attorney), LtCol Jackson (Air Force Attorney), LCDR Luce (Coast Guard Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 19-Jul-05 | 3 | Corresponds with Pages 386 through 388 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 341 | COL Darpino (OTJAG Attorney) | MG Romig (The Army Judge Advocate General) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 17-Jul-05 | 2 | Corresponds with Pages 389 and 390 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 342 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 15-Jul-05 | 1 | Corresponds with Page 391 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 343 | Mr. Robert Reed (DOD OGC attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 15-Jul-05 | 1 | Corresponds with Page 391 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 344 | Mr. Robert Reed (DOD OGC Attorney) | CDR Jeffrey Good (Coast Guard Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 15-Jul-05 | 1 | Corresponds with Page 391 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 345 | CDR Jeffrey Good (Coast Guard Attorney) | Mr. Robert Reed (DOD attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 15-Jul-05 | 1 | Corresponds with Page 391 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 346 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 391 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 347 | LTC Shields (OTJAG Attorney) | LtCol Williams (Marine Attorney), LT Semple (Navy Attorney), MAJ Carlson (Marine Attorney), LtCol Jackson (Air Force Attorney), LCDR Luce (Coast Guard Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 15-Jul-05 | 1 | Corresponds with Page 393 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 348 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 394 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 349 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 394 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 350 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 394 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 351 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 394 and 395 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 352 | LtCol Jackson | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 395 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 353 | Mr. James Russell (Air Force Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 6-Jul-05 | 1 | Corresponds with Page 395 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 354 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 395 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 355 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 395 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 356 | Mr. Robert Reed (DOD OGC Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 396 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 357 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 396 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 358 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 396 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 359 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 14-Jul-05 | 1 | Corresponds with Page 397 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 360 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 397 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 361 | LtCol Jackson (Air Force Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 397 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 362 | LtCol Jackson (Air Force Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 11-Jul-05 | 2 | Corresponds with Pages 397 and 398 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 363 | Mr. James Russell (Air Force Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 6-Jul-05 | 1 | Corresponds with Page 398 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 364 | LtCol Jackson (Air Force Attorney) | Mr. James Russell (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 6-Jul-05 | 1 | Corresponds with Page 398 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 365 | Mr. James Russell (Air Force Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 6-Jul-05 | 2 | Corresponds with Pages 398 and 399 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 366 | LtCol Jackson (Air Force Attorney) | Mr. James Russell (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 6-Jul-05 | 1 | Corresponds with Page 399 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 367 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. Also included in this string is discussion regarding what happened to proposed DOD Directive 5510.4 regarding the routing of death penalty cases to the President for action | 13-Jul-05 | 1 | Corresponds with Page 400 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 368 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. Also included in this string is discussion regarding what happened to proposed DOD Directive 5510.4 regarding the routing of death penalty cases to the President for action | 13-Jul-05 | 1 | Corresponds with Page 400 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 369 | LtCol Jackson (Air Force Attorney) | Mr. Robert Reed (DOD OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. Also included in this string is discussion regarding what happened to proposed DOD Directive 5510.4 regarding the routing of death penalty cases to the President for action | 12-Jul-05 | 1 | Corresponds with Page 400 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 370 | CDR Good (Coast Guard Attorney) | Mr. Robert Reed (DOD OGC Attorney), LtCol Jackson | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. Also included in this string is discussion regarding what happened to proposed DOD Directive 5510.4 regarding the routing of death penalty cases to the President for action | 12-Jul-05 | 2 | Corresponds with Pages 400 and 401 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 371 | Mr. Robert Reed (DOD OGC Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. Also included in this string is discussion regarding what happened to proposed DOD Directive 5510.4 regarding the routing of death penalty cases to the President for action | 12-Jul-05 | 1 | Corresponds with Page 401 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 372 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 402 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 373 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 402 and 403 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 374 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 403 and 404 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 375 | Mr. Robert Reed (OTJAG Attorney) | LtCol Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 404 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 376 | LtCol Jackson (Air Force Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 404 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 377 | LtCol Jackson (Air Force Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 11-Jul-05 | 1 | Corresponds with Page 404 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 378 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 405 and 406 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 379 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 404 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 380 | Mr. Robert Reed (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 406 and 407 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 381 | Lt Col Jackson (Air Force Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 407 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 382 | Lt Col Jackson (Air Force Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 11-Jul-05 | 1 | Corresponds with Page 407 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 383 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 408 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 384 | CDR Good (Coast Guard Attorney) | Mr. Robert Reed (OTJAG Attorney), Lt Col Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 408 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 385 | Mr. Robert Reed (OTJAG Attorney) | Lt Col Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 408 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 386 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 409 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 387 | Mr. Robert Reed (OTJAG Attorney) | Lt Col Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 409 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 388 | Lt Col Jackson (Air Force Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 1 | Corresponds with Page 409 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 389 | COL Darpino (OTJAG Attorney) | Mr. Robert Reed (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1207 regarding the forwarding of actions to the President for action. | 1-Dec-05 | 1 | Corresponds with Page 410 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 390 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204, 1205 and 1207 regarding the forwarding of actions to the President for action. | 5-Mar-03 | 1 | Corresponds with Page 410 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 391 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron, CPT Vergona (OTJAG Attorneys) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204, 1205 and 1207 regarding the forwarding of actions to the President for action. | 5-Mar-03 | 2 | Corresponds with Pages 411 and 412 in the lower left corner of the documents. | Released previously with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 392 | BG Scott Black (Army Asst Judge Advocate General) | COL Condron (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 10-Dec-02 | 1 | Corresponds with Page 413 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 393 | COL Condron (OTJAG Attorney) | BG Scott Black (Army Asst Judge Advocate General) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 10-Dec-02 | 1 | Corresponds with Page 413 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 394 | COL Condron (OTJAG Attorney) | BG Scott Black (Army Asst Judge Advocate General) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 9-Aug-02 | 1 | Corresponds with Page 414 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 395 | BG Scott Black (Army Asst Judge Advocate General) | COL Condron (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 8-Aug-02 | 1 | Corresponds with Page 414 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 396 | COL Condron (OTJAG Attorney) | BG Scott Black (Army Asst Judge Advocate General) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 5-Aug-02 | 2 | Corresponds with Pages 414 and 415 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 397 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 3-Jan-06 | 1 | Corresponds with Page 416 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 398 | COL Darpino (OTJAG Attorney) | LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 31-Dec-05 | 1 | Corresponds with Page 416 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 399 | Mr. Robert Reed (OTJAG Attorney) | LTC Condron (OTJAG Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204 regarding the forwarding of actions to the President for action. | 6-Jan-03 | 1 | Corresponds with Page 417 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 400 | N/A | N/A | memo | Minutes from the meeting of the Joint Service Committee on Military Justice discussing proposed changes the Manual for Court Martial including drafts amendments to RCM 1207 and 1204 | 8-Sep-05 | 4 | Corresponds with Pages 418 through 421 the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| ///////////////// | ///////////////// | ///////////// | **BEGINNING OF DOCUMENTS WITHHELD UNDER FOIA AFTER RE-REVIEW COMPLETED ON 22FEBRUARY 2007** | ///////////// | ///// | ///////////////////////////////////// | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product | |
| 401 | MG Huffman (The Army Judge Advocate General) | The President of the United States, THRU the Secretary of the Army | Draft Memo | Draft Memorandum containing the Judge Advocate General of the Army's advice regarding clemency in the capital case of PVT Dwight Loving | 16-Jun-99 | 38 | Corresponds with Pages 1 through 38 the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 402 | N/A | N/A | Matrix | Victim Contact Log consisting of contact information and case-related information on the families of the victims of PVT Loving | Undated | 2 | Corresponds with Pages 39 and 40 the lower left corner of the documents. | Released previously with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 403 | Ms. Stephanie Barna (Army OGC Attorney), Mr. Wilson Shatzer (non-Attorney Army Staff), Mr. Karl Schneider (Deputy assistant Secretary of the Army, Attorney), Ms. Cathy Abell, Ms. Martha Rudd, LTC William Barto (Army Attorney) | Mr. Wilson Shatzer (non-attorney Army Staff), COL Steven Strong (Army Attorney), Mr. James Vick (Non-attorney Army Staff), Ms. Cathy Abell, LTC William Barto (Army Attorney) | email | Email string among attorneys regarding a request for information on the current status of the PVT Loving file in the process | 2-3 Jul-02 | 4 | Corresponds with Pages 41 through 44 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 404 | None Listed | None Listed | Info Paper | Outline of decisions needed from the in the processing of the Loving and Gray Capital Cases | Undated | 1 | Corresponds with Page 45 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 405 | COL Condron (OTJAG Attorney) | None Listed | Info Paper | Information Paper discussing the administrative process of forwarding a capital case to the President of the United States including TJAG duties and SecArmy options | 28-Oct-03 | 1 | Corresponds with Page 46 in the lower left corner of the documents. | Released in entirety previously (redacted stack shows that it was released with only COL Condron's name and phone number redacted - the same stack of redacted documents also has a copy with the "SECARMY Options" section redacted. However, it appears it was also released in its entirety. |
| 406 | None Listed | None Listed | Talking Points | Talking Points on Loving/Gray Cases which includes selected procedural fact and needed next steps to continue to process the case. | Undated | 2 | Corresponds with Pages 47 and 48 the lower left corner of the documents. | Released previously in its entirety |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 407 | None Listed | None Listed | Power Point | Power Point presentation to the SecArmy providing an overview of the Loving case, explaining capital case processing, and providing a recommendation regarding whether the SecArmy should recommend approval of the death penalty to the President | Undated | 7 | Corresponds with Pages 49 through 55 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 408 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | memo | Memorandum containing the TJAG's advice outlining the PVT Loving case in detail and providing a recommendation regarding whether the SecArmy should recommend approval of the death penalty to the President. | 13-Jan-04 | 31 | Corresponds with Pages 56 through 87 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Presidential Privilege Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product Ex. 5 -- Attorney-Client |
| 409 | None Listed | None Listed | Talking Points | Talking Points on Loving/Gray Cases which includes selected procedural fact and needed next steps to continue to process the case. | Undated | 3 | Corresponds with Pages 88 through 90 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 410 | Mr. Shannon | Mr. Wilson Shatzer (non-attorney Army Staff), Mr. David Haasenritter (non-attorney Army Staff), Ms. Stephanie Barna (Army OGC Attorney) | email | Email providing an update on the Loving and Gray cases explaining the expected timeline in processing the cases to the President and the coordination that would be required if the President approves of the sentences | 13-Mar-03 | 1 | Corresponds with Page 91 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 411 | COL Condron (OTJAG Attorney) | Mr. Taylor (Army OGC Attorney) | Info Paper | Information paper drafted to inform Mr. Taylor of the current status of the Loving and Gray cases and to obtain OGC support for the proposed way ahead. Includes key facts in the processing of the Loving and Gray Cases . | 26-Aug-03 | 1 | Corresponds with Page 92 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 412 | None Listed | None Listed | Talking Points | Talking Points on Loving/Gray Cases which includes selected procedural fact and needed next steps to continue to process the case. Also includes a timeline of expected dates in the processing of these two capital cases | Undated | 1 | Corresponds with Page 93 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 413 | Mr. Robert Reed (OTJAG Attorney), COL Darpino (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney), COL Darpino (OTJAG Attorney), Jeffrey Colwell (Marine Attorney) , CDR Good (Coast Guard Attorney), Kenneth Ian ((Navy attorney), Jeffrey Rockwell (Air Force Attorney) | email | Email string among attorneys regarding the processing of the Loving and Gray Actions through DOD including the current status of where the files are located and the proper routing prior to sending the actions to the President | 3-Aug-05 | 2 | Corresponds with Pages 96 and 97 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 414 | COL Condron (OTJAG Attorney) | COL Clyde Tate (Army Attorney) | email | Email between attorneys explaining the need to keep Congressional staffers informed as the case proceeds toward the White House for presidential review. | 22-Jan-04 | 2 | Corresponds with Pages 98 and 99 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 415 | COL Woodling (OTJAG Attorney) | COL Condron, CPT Vergona (OTJAG Attorneys) | email | Email among attorneys discussing a possible addendum to the Loving case file. | 18-Feb-04 | 1 | Corresponds with Page 100 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 416 | CPT Vergona (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email discussing specific parts of the TJAG's advice to the SecArmy in the Loving case | 17-Feb-04 | 1 | Corresponds with Page 101 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 417 | LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney), Lt Col Jackson (Air Force Attorney) | email | Email string among attorneys discussing draft changes to the Manual for Courts Martial including a drafted change to Rule for Court Martial 1204, 1205 and 1207 regarding the forwarding of actions to the President for action. | 12-Jul-05 | 2 | Corresponds with Pages 102 and 103 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 418 | LTC Cruz (non-attorney Army Staff), COL Christopher Garcia (DOD Attorney), COL Anthony Cruz (non-attorney Army Staff) | COL Child (OTJAG Attorney), LTC Cruz (non-attorney Army Staff), COL Garcia (DOD Attorney) | email | Email string discussing the current status of the Loving case. | 11 Feb 05, 15-Dec, 05 | 1 | Corresponds with Page 104 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 419 | BG Wright (Army Asst Judge Advocate General), COL Child (OTJAG Attorney), COL Condron (OTJAG Attorney), Ms. Elizabeth Proctor (OTJAG Administrative Assistant), | COL Child (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General), OTJAG Division Chiefs, US Army Legal Services Agency Division Chiefs | email | Email string regarding the Secretary of the Army's visit to Fort Leavenworth and the need to brief the SecArmy's XO regarding how military executions would take place at Fort Leavenworth. | 3-Jun-05 | 3 | Corresponds with Pages 105 through 107 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 420 | BG Wright (Army Asst Judge Advocate General), COL Child (OTJAG Attorney) | COL Child (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General) | email | Email exchanges among attorneys regarding the proposed letters to send to the families of the PVT Loving's victims | 23-May-05, 24 May-05 | 4 | Corresponds with Pages 108 through 111 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 421 | COL Warren (Special Assistant to The Judge Advocate General), COL Child (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General) | COL Warren (Special Assistant to The Judge Advocate General), COL Child (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General) | email | Part of an email string discussing the SecArmy's upcoming trip to Leavenworth and the need to brief him on the current death penalty cases | 3-Jun-05 | 1 | Corresponds with Page 112 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 422 | Mr. John DePue (DOJ Attorney), COL Child (OTJAG Attorney), Mr. Brian Murtagh, | Mr. John DePue (DOJ Attorney), COL Child (OTJAG Attorney), Mr. Brian Murtagh, | email | Part of an email string among attorneys at Army OTJAG and DOJ discussing the possible federal court actions that may ensue in the Loving case. | 30-Mar-05 | 2 | Corresponds with Pages 113 and 114 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 423 | COL Condron (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | email | Email exchange between attorneys discussing the legal aspects of a Presidential review in light of pending writs at CAAF. | 23-May-05, 20 May-05 | 2 | Corresponds with Pages 115 and 116 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 424 | COL Child (OTJAG Attorney), LTC Stephen Bross (DOD Attorney) | COL Child (OTJAG Attorney), LTC Stephen Bross (DOD Attorney) | email | Email exchange among attorneys regarding the current regulations governing the handling of autopsy support for executions | 28-Apr-05 | 2 | Corresponds with Pages 117 and 118 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 425 | CPT Brewer (OTJAG Attorney), COL Child (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | CPT Brewer, COL Child (OTJAG Attorneys) | email | Email string among attorneys discussing PVT Loving's writ at CAAF which argued that the defense counsel's investigation of mitigating evidence was insufficient | 20-May-05 | 4 | Corresponds with Pages 119 through 122 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 426 | Mr. Robert Reed (DOD OGC Attorney), COL Child (OTJAG Attorney), Mr. Bill DeCicco (CAAF Clerk of the Court Office) | COL Child (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney), Mr. Bill DeCicco (CAAF Clerk of the Court Office) | email | Email string among attorneys discussing the governments option of moving forward with processing in light of pending CAAF writs | 23-May-05 | 2 | Corresponds with Pages 123 and 124 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 427 | Mr. Robert Reed (DOD OGC Attorney), COL Child (OTJAG Attorney) | COL Child (OTJAG Attorney), Mr, Robert Reed (DOD OGC Attorney) | email | Email string among attorneys regarding the proper processing of the Loving case to the President including DOJ's role in the process and the steps that should be taken to notify parties when the transmittal has occurred. | 12-May-05 | 2 | Corresponds with Pages 125 and 126 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 428 | BG Wright (Army Asst Judge Advocate General), COL Child (OTJAG Attorney), MG Romig (The Judge Advocate General of the Army) | COL Child (OTJAG Attorney), BG Wright (Army Asst Judge Advocate General), | email | Email string among attorneys discussing where the Loving packet is currently and the next steps in processing the packet for Presidential review. | 28-Apr-05 | 2 | Corresponds with Pages 127 and 128 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 429 | N/A | N/A | Word Document | Outline discussing the decisions that the Army TJAG needs to make in terms of the rights defense counsel will have in the process to present matters on Loving/Gray's behalf | Undated | 2 | Corresponds with Pages 129 and 130 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 430 | LTC Condron (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email between attorneys discussing the proposed amendment to the Rule for Court-Martial 1204 | 8-Aug-02 | 1 | Corresponds with Page 131 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 431 | Mr. Robert Reed (DOD OGC Attorney) | COL Child (OTJAG Attorney) | email | Email regarding the current status of the Loving and Gray cases needed to update Mr. Reed's office on the current chronology and way ahead in these cases. | 1-Apr-05 | 1 | Corresponds with Page 132 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 432 | COL Condron (OTJAG Attorney) | None Listed | Info Paper | Information paper drafted by attorney regarding the Loving and Gray cases included a synopsis of key events in the case and a few talking points about the review of those cases. | 2-Jul-03 | 2 | Corresponds with Pages 133 and 134 in the lower left corner of the documents. | Previously Released with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 433 | COL Woodling (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Email regarding correspondence to Loving and Gray's counsel regarding re post-trial representation by military defense counsel | 3-Mar-03 | 1 | Corresponds with Page 135 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 434 | LTC Klausner (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email regarding Decision points needed from the TAJAG in an upcoming briefing | 13-Feb-03 | 1 | Corresponds with Page 136 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 435 | None Listed | The Judge Advocate General of the Army | Word Document | Word document outlining the decisions that the Army's Judge Advocate General must make in the processing of PVT Loving's capital case | Undated | 2 | Corresponds with Pages 137 and 138 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 436 | LTC Klausner (OTJAG Attorney) | COL Woodling (OTJAG Attorney) | email | Email forwarding the draft transmittals for the President in the review of PVT Loving's capital case | 20-May-03 | 1 | Corresponds with Page 140 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 437 | The Secretary of the Army (R.L. Brownlee) | The President of the United States | Memo | Draft memo from the Secretary of the Army to the President of the United States containing the recommendation regarding whether PVT Loving's sentence should be approved. | Undated | 2 | Corresponds with Pages 140 and 141 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 438 | MG Romig (The Army Judge Advocate General), COL Condron (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney), BG Black (Army Asst Judge Advocate General) | email | Email string among attorneys discussing the processing of Loving's death penalty case. Includes discussion regarding the briefing given to congressional staffers in the Loving and Gray cases as well as a planned press release | 21-22-Mar-03 | 2 | Corresponds with Pages 142 and 143 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 439 | COL Laurence Rouse (Army Attorney), COL Condron (OTJAG Attorney) | COL Condron (OTJAG Attorney), Mr. Michael Shannon (non-attorney Army Staff), LTC Inch (non-attorney Army Staff), Ms. Stephanie Barna (Army OGC Attorney) | email | Email string among attorneys regarding an upcoming brief by the Army Judge Advocate General to the Secretary of the Army. Includes what information the TJAG plans to provide to the Secretary. | 27-Oct-03 | 2 | Corresponds with Pages 144 and 145 in the lower left corner of the documents. | Previously Released with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 440 | COL Jan Serene (Army Attorney), Mr. Karl Schneider (Deputy Assistant Secretary of the Army, Attorney), COL Condron (OTJAG Attorney) | COL Condron (OTJAG Attorney), COL Jan Serene (Army Attorney), Mr. Karl Schneider (Deputy Assistant Secretary of the Army, Attorney), Mr. Shatzer (non-attorney Army Staff), Mr. James Vick (non-attorney Army Staff) | email | Email regarding the efforts to seek support for executions from the Federal Bureau of Prisons and how long it would take the Disciplinary Barracks to prepare for an execution. Also includes the latest update on moving the Loving case forward. | 3 and 6-Jan-03 | 2 | Corresponds with Pages 146 and 147 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 441 | CPT Patrick Vergona (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Email among attorneys regarding briefing the Secretary of the Army in the Loving case and a synopsis of the Loving case and the procedural steps in a capital case. | 15-Dec-03 | 1 | Corresponds with Page 148 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 442 | CPT Patrick Vergona (OTJAG Attorney) | COL Condron (OTJAG Attorney) | email | Attorney to attorney email regarding questions that the TAJAG had in the Loving case regarding the right to a representative panel | 29-Jul-03 | 1 | Corresponds with Page 149 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 443 | Ms. Stephanie Barna (Army OGC Attorney) | COL Condron, CPT Vergona (OTJAG Attorneys) | email | Email discussing talking points on the Loving and Gray cases for an upcoming briefing at the Army General Counsel's meeting. Also discusses a draft letter to Gray's counsel | 5-Mar-03 | 2 | Corresponds with Pages 150 and 151 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 444 | COL Woodling (OTJAG Attorney), LTC Inch (non-attorney Army Staff), COL Condron (OTJAG Attorney) | COL Condron (OTJAG Attorney), LTC Inch (non-attorney Army Staff), Mr. Shannon (non-attorney Army Staff), Ms, Stephanie Barna (Army OGC Attorney) | email | Part of am email string discussing the upcoming brief to the Secretary of the Army regarding the Loving and Gray cases including the readiness of the disciplinary barracks to carry out an execution | 27-oct-03, 14 and 17-Nov-03 | 2 | Corresponds with Pages 152 and 153 in the lower left corner of the documents. | Previously Released with redactions          Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 445 | None Listed | The Judge Advocate General of the Army | Word Document | Word Document containing talking points for the TJAG on the Loving case including key facts and the courses of action available in the processing of his case to the President | Undated | 3 | Corresponds with Pages 154 through 156 in the lower left corner of the documents. | Released previously in its entirety |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 446 | Mr. Robert Reed (DOD OGC Attorney), COL Condron (OTJAG Attorney) | Mr. Robert Reed (DOD OGC Attorney), COL Condron (OTJAG Attorney), Mr. Anthony Jones (Army OGC Attorney), MG Romig (The Army Judge Advocate General) | email | Email string among attorneys discussing several items related to the Loving and Gray cases including: the CAAF arguments in the Loving case, the status reports for the congressional staffers, the way ahead in the capital cases of Loving and Gray, and questions received after CPT Vergona and COL Condron briefed the Army General Counsel's office on the capital cases. | 14 and 20-Jan-04 | 4 | Corresponds with Pages 157 through 160 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 447 | COL Condron (OTJAG Attorney) | Ms. Stephanie Barna (Army OGC Attorney) | email | Email regarding the upcoming brief by Army OTJAG to the Army General Counsel's office. Includes a draft outline of the issues to be addressed at that meeting. | 5-Mar-03 | 2 | Corresponds with Pages 161 and 162 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 449 | Mr. Robert Reed (DOD OGC Attorney), LTC Condron (OTJAG Attorney) | COL Condron (OTJAG Attorney), Mr. Reed (DOD OGC Attorney) | email | Email string among attorneys discussing the Army's position regarding whether or not a regulation should be promulgated setting out the all capital cases have to go through the Secretary of Defense's office prior to being presented to the White House for review | 6-Jan-03 | 2 | Corresponds with Pages 163 and 164 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 449 | Mr. Robert Reed (DOD OGC Attorney) | COL Condron (OTJAG Attorney) | email | Email regarding several issues in the Loving and Gray cases including an inquiry regarding the briefing for Congressional staffers, what party would be responsible for the actual execution, the role of the Bureau of Prisons, | 21-Mar-03 | 1 | Corresponds with Page 165 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 450 | LTC Shields (OTJAG Attorney), COL Darpino (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney), CDR Good (Coast Guard Attorney), Lt Col Jackson (Air Force Attorney), Mr. James Russell (Air Force Attorney) | COL Darpino (OTJAG Attorney), CDR Good (Coast Guard Attorney), Lt Col Jackson (Air Force Attorney), Mr, Robert Reed (DOD OGC Attorney), Col Jeffrey Rockwell (Air Force Attorney), Brig Gen Loren Perlstein, Mr. James Russell (Air force Attorney), LTC Shields (OTJAG Attorney) | email | Email string among attorneys discussing proposed changes to the Manual for Court Martial. Includes discussion of proposed changes to RCM 1207, 1204, 1205. Focuses on whether to amend the manual to require that all transmittals to the President in capital cases have to go through the Secretary of Defense | 12, 13, 15, 19, 21 Jul-05 | 25 | Corresponds with Pages 166 through 190 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 451 | Mr. Robert Reed (DOD OGC Attorney), COL Darpino (OTJAG Attorney), Mr. Dell'orto (DOD OGC Attorney), Mr. Kelley, LTC Shields (OTJAG Attorney) | COL Darpino (OTJAG Attorney), Mr. Reed (DOD OGC Attorney), Mr. Dell'Orto (DOD OGC Attorney), Lt Col Williams (Marine Attorney), LT Aubrey-Semple (Navy Attorney), MAJ Carlos, Lt Col Jackson (Air Force Attorney), Mr. Luce (Coast Guard Attorney), LTC Shields (OTJAG Attorney) | email | Emails among attorneys discussing the processing of death penalty cases from the Service Secretary to the President. This includes discussions regarding a possible change to the Manual for Court Martial to require that the Service Secretaries send the review through the Secretary of Defense. Also includes current status of the Loving and Gray cases. | 12, 18 and 19 Jan-06, 3, 8,9,10, and 11 Aug-05, 12, 15 and 19 Jul-05 | 19 | Corresponds with Pages 191 through 209 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 452 | None Listed | The Secretary of the Army | memo | Memo setting for synopsis of the procedural history and the facts in the PVT Loving case. | Undated | 3 | Corresponds with Pages 210 through 212 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 453 | COL John Smith (Chief, Government Appellate Division - Army) | Memo for Record (Faxed to COL Trant (OTJAG Attorney)) | Memo For Record | Memo for record detailing a conversation that COL Smith had with Mr. Baskir, the Deputy General Counsel of the Army regarding the issue of race in capital case statistics | Undated | 3 | Corresponds with Pages 213 through 215 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 454 | LTC Harvey (OTJAG Attorney) | COL Phelps (Army Attorney) | Routing and Transmittal Slip | Correspondence re defense request for expert witness and the related memos. | 25-Sep-97 | 1 | Corresponds with Page 216 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 455 | COL Brian Bush (OTJAG Attorney) | The Secretary of the Army | Memo | Position paper drafted by attorney recommending a course of action regarding the Army's policy on responding to requests for expert witnesses in capital cases and explaining the reasoning behind the recommended course of action | 29-May-98 | 3 | Corresponds with Pages 217 through 219 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 456 | Mr. Cave (non-attorney Army Staff) | COL Brian Bush (OTJAG Attorney) | email | Email discussing various aspects of the Government providing the defense with a mitigation expert in military capital cases | 27-May-98 | 1 | Corresponds with Page 220 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 457 | None Listed | None Listed | Info Paper | Information paper drafted to provide the reader with historical and procedural information regarding military capital punishment cases | 16-Dec-99 | 3 | Corresponds with Pages 221 through 223 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 458 | (The Army Judge Advocate General) | The Secretary of the Army (Routed through BG Altenburg (Army Asst Judge Advocate General), COL Marchand (OTJAG Attorney), MG Gray (The Assistant Judge Advocate General) | Memo | Memo explaining the background in the case of PVT Loving, the authority and role of the Secretary of the Army in capital cases, and MG Nardotti's recommendation regarding the approval of the death penalty for PVT Loving | 23-Jul-96 | 17 | Corresponds with Pages 224 through 240 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 459 | CPT Maggs (Army Attorney) | LTC Harvey (OTJAG Attorney) | Memo | Memorandum responding to OTJAG request for a summary of the Justice Department's procedures for deciding whether to see the death penalty; and (2) a description of the crimes committed by the federal inmates currently on death row. | 22-Jun-98 | 7 | Corresponds with Pages 241 through 247 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 460 | LTC Harvey (OTJAG Attorney) | COL Reed (DOD OGC Attorney) | Memo | Memorandum regarding the involvement of the Pardon Attorney in death penalty cases, historical information on death penalty cases from the 1950's, PVT Loving's educational history before joining the Army and whether the TJAG's recommendation should be provided to the defense counsel | 23-Oct-98 | 3 | Corresponds with Pages 248 through 250 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 461 | MAJ Haasenritter (non-attorney Army Staff) | Army Corrections Council | Memo | Memo providing information to the Army Corrections Council concerning execution of death sentenced inmates in the military | 24-Sep-98 | 3 | Corresponds with Pages 251 through 253 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 462 | COL Greenhaugh (OTJAG Attorney), Mr. Reed (DOD OGC Attorney), Mr. Dworkin (DOD OGC Attorney), Ms. Judith Miller (DOD OGC Attorney), Mr. Paul Kofsky (DOD OGC Attorney), LTC Harvey (OTJAG Attorney), BG Joseph Barnes (Army Asst Judge Advocate | COL Greenhaugh (OTJAG Attorney), Mr. Reed (DOD OGC Attorney), Mr. Dworkin (DOD OGC Attorney), Ms. Judith Miller (DOD OGC Attorney), Mr. Paul Kofsky (DOD OGC Attorney), LTC Harvey, BG Joseph Barnes (Army Asst Judge Advocate General), Mr. Dell'Orto (DOD OGC Attorney). | email | Emails among attorneys discussing the processing of the Loving case including the ability of Loving's counsel to advocate on his behalf, the current status of the Loving case, discussion on draft correspondence to be sent to Loving's counsel, whether a regulation should be promulgated to require the processing of capital cases to go through the Secretary of Defense, discussions on a proposed amendment to the Manual for Courts-martial regarding the post-trial processing of military capital cases, | 7-Dec-98, 24 and 27 Apr-99, 3,21 and 25 May-99, 20 Jan-00, 4-Feb-00, 12 and 14 Apr-00, 6-8 Jun-00, 9-dec-00, 21 and 27 Jun-02, 8,9 and 17 Jul-02, 7,8, 14 and 22 jan-03 | 32 | Corresponds with Pages 254 through 286 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 463 | None Listed | None Listed | Draft DOD Directive | Draft DOD Directive Number 5510.4 "Processing of death Penalty Court-Martial Cases | Undated | 5 | Corresponds with Pages 287 through 291 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 464 | COL Harvey (OTJAG Attorney), CAPT Ken Bryant (Navy JAG), COL Greenhaugh (OTJAG Attorney), CAPT Mongold, Col James Russell (Air Force Attorney), Mr. Robert Reed (DOD OGC Attorney), LTC Larry Morris (Army Attorney) | COL Harvey (OTJAG Attorney), CAPT Ken Bryant (Navy JAG), COL Greenhaugh (OTJAG Attorney), CAPT Mongold, Col James Russell (Air Force attorney), Mr. Robert Reed (DOD OGC Attorney), LTC Larry Morris (Army Attorney), Lt Col Marc Fisher, MG Huffman (The Judge Advocate General of the Army) , LTC Denise Lind (Army Attorney), Col James Van Orsdol, Lt Col. Kip Naugle, Mr. Keith Sefton, Mr. Paul Koffsky (DOD OGC Attorney), | email | Email string among attorneys discussing the status of a draft DOD Directive on the processing of capital cases in the military. Includes some draft language for the directive, Discussions regarding the various services' agreements and disagreements about the need for, and substance of such a regulation. | 2 and 25 Nov-98, 21 and 25 May-99, 4-Jun-99, 30-Jul-99, 6 and 16 Aug-99, 21-Sep-99, 10, 12, 29 and 30 Nov-99, 3-Jan-00, 8 and 9 Dec-00 | 22 | Corresponds with Pages 292 through 313 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 465 | MG Romig (The Army Judge Advocate General) | The Secretary of the Army | Memo | Memorandum containing the TJAG's advice outlining the PVT Loving case in detail and providing a recommendation regarding whether the SecArmy should recommend approval of the death penalty to the President. | 13-Jan-04, 16-Jan-03 | 32 | Corresponds with Pages 314 through 345 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 466 | COL Child (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | COL Child (OTJAG Attorney), Mr. Robert Reed (DOD OGC Attorney) | email | Email exchange among attorneys discussing the notification requirement once a capital action has been transmitted to the President | 8-Nov-04 | 2 | Corresponds with Pages 346 and 347 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 467 | LTC Barto (Army Attorney) | Ms. Rudd (non-attorney Army Staff) | email | Email discussing the status of the Loving file in the post-trial processing including a discussion of the deliberations between DOD and the Army regarding DOD's role in the processing of a capital case. | 3-Jul-02 | 2 | Corresponds with Pages 348 and 349 in the lower left corner of the documents. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| ///////////// | ///////////// | ///////////// | ///////////// | **BEGINNING OF DOCUMENTS WITHHELD UNDER THE PRIVACY ACT** | ///////////// | ////// | ///////////////////////////////////////////// | |
| 468 | COL Condron (OTJAG Attorney) | Army TJAG | Word Document | Outline discussing the decisions that the Army TJAG needs to make in terms of the rights defense counsel will have in the process to present matters on Loving/Gray's behalf | Undated | 2 | Corresponds with Pages 1 and 2 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 469 | None Listed | None Listed | Word Document | Talking Points on Loving/Gray Cases regarding the steps needed to process the case to the White House | 2-Jul-03 | 1 | Corresponds with Page 3 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 470 | BG David Grange (Director of Operations, Readiness and Mobilization) | Deputy Chief of Staff for Operations and Plans | Memo | Memo seeking approval to contract out for the execution of death sentence inmates | Undated | 1 | Corresponds with Pages 4 and 5 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 471 | LTC Reinaldo Morales | None Listed | Routing Memo | Routing memo seeking approval to contract out for the execution of death sentence inmates | 1-Jun-96 | 1 | Corresponds with Page 6 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 472 | None Listed | None Listed | Info Paper | Information paper drafted to provide the reader with historical and procedural information regarding military capital punishment cases | 16-Sep-99 | 14 | Corresponds with Pages 7 through 20 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 473 | MAJ Haasenritter (non-attorney Army Staff) | None Listed | Info Paper | Information Paper intended to provide the Army Corrections Counsel with information concerning execution of death sentences in the military including past policy and the current status of military death row inmates. | 24-Sep-98 | 3 | Corresponds with Pages 21 through 24 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |
| 474 | None Listed | None Listed | Talking Points | Talking points on the Loving case for an upcoming meeting with the acting Secretary of the Army. Includes brief synopsis of case and overview of way ahead. | Undated | 3 | Corresponds with Pages 25 through 27 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |
| 475 | COL Condron (OTJAG Attorney) | Mr. Taylor (Army OGC Attorney) | Word Document | Brief outline of the current status of the Loving case and the proposed way ahead. | 26-Aug-03 | 1 | Corresponds with Page 28 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |
| 476 | None Listed | None Listed | Talking Points | Talking points on the Loving case for an upcoming meeting with the acting Secretary of the Army. Includes brief synopsis of case and overview of way ahead. | Undated | 3 | Corresponds with Pages 29 through 31 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |
| 477 | None Listed | None Listed | Word Document | Outline discussing the decisions that the Army TJAG needs to make in terms of the rights defense counsel will have in the process to present matters on Loving/Gray's behalf | Undated | 2 | Corresponds with Pages 32 and 33 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |
| 478 | None Listed | None Listed | Word Document | Talking Points in the Loving case explaining a brief synopsis of the case and the courses of action available in the processing of the case. Includes the way ahead in processing of the case. | Undated | 3 | Corresponds with Pages 34 through 35 in the lower right corner of the documents. | These documents included 186 pages of documents that were referred to our office by the Department of Defense |
| 479 | MG Romig (The Army Judge Advocate General) | The Acting Secretary of the Army | Memo | Draft Memorandum containing the Judge Advocate General of the Army's advice regarding clemency in the capital case of PVT Dwight Loving. Includes a detailed discussion of PVT Loving's case and the applicable law. | 13-Jan-04, 16-Jan-03 | 31 | Corresponds with Pages 37 through 67 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-f. Prosecutorial Files. |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 480 | COL Trant (OTJAG Attorney) | BG Altenburg (Army Asst Judge Advocate General), COL Marchand (OTJAG Attorney), MG Gray (The Assistant Judge Advocate General, MG Nardotti (The Army Judge Advocate General) | Routing and Transmittal Slip | Routing slip forwarding the proposed memo in the Loving case to be sent to the Secretary of the Army. | 23-Jul-96 | 1 | Corresponds with Page 68 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 481 | MG Nardotti (The Army Judge Advocate General) | The Acting Secretary of the Army | Memo | Draft Memoranda containing the Judge Advocate General of the Army's advice regarding clemency in the capital case of PVT Dwight Loving | Undated | 18 | Corresponds with Pages 69 through 87 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. . Prosecutorial Files. |
| 482 | CPT Maggs (Army Attorney) | LTC Harvey (OTJAG Attorney) | Memo | Memorandum responding to OTJAG request for a summary of the Justice Department's procedures for deciding whether to see the death penalty; and (2) a description of the crimes committed by the federal inmates currently on death row. | 22-Jun-98 | 7 | Corresponds with Pages 88 through 94 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraphs 5-5f. Prosecutorial (Military Justice Files) and Courts-Martial Files. |
| 483 | LTC Harvey (OTJAG Attorney) | COL Reed (DOD OGC Attorney) | Memo | Memorandum regarding the involvement of the Pardon Attorney in death penalty cases, historical information on death penalty cases from the 1950's, PVT Loving's educational history before joining the Army and whether the TJAG's recommendation should be provided to the defense counsel | 23-Oct-98 | 3 | Corresponds with Pages 95 through 97 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. . Prosecutorial Files. |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 484 | COL Harvey (OTJAG Attorney) | None Listed | Memo | Information paper providing background of appellate processing of the death penalty case of PVT Loving and examples of state clemency procedures and two processing options | 28-Jul-99 | 10 | Corresponds with Pages 98 through 107 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. **Released with Redactions under FOIA.** |
| 485 | COL John Smith (Chief, Government Appellate Division - Army) | MG Nardotti (The Army Judge Advocate General) | Memo | Memo providing a brief procedural history in the Loving case and discussing the constitutionality of the imposition of the death penalty for violation of UCMJ Article 118(4), felony murder. | 14-Jan-97 | 5 | Corresponds with Pages 108 through 112 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 486 | COL Condron (OTJAG Attorney) | None Listed | Word Document | Information paper updating the status of the Loving and Gray cases including a proposed timeline form processing these two cases | 3-Jul-03 | 2 | Corresponds with Pages 113 and 114 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. **Previously Released with redactions under FOIA** |
| 487 | COL Condron (OTJAG Attorney) | None Listed | Word Document | Information paper providing a brief background of the Loving case, the TJAG's duties as the case moves forward and the SecArmy's options. | 29-Oct-03 | 2 | Corresponds with Pages 115 and 116 in the lower right corner of the documents. | Released previously in its entirety |
| 488 | None Listed | None Listed | Word Document | Information Paper drafted to inform the Army Leadership on the current status of the Loving and Gray death penalty cases | 20-Mar-03 | 1 | Corresponds with Page 117 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. **Released with redaction under FOIA.** |
| 489 | None Listed | None Listed | Word Document | Outline of decisions needed from the in the processing of the Loving and Gray Capital Cases | Undated | 1 | Corresponds with Page 118 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 490 | None Listed | None Listed | Word Document | Information paper providing a brief background of the Loving case, the TJAG's duties as the case moves forward and the SecArmy's options. | 28-Oct-03 | 2 | Corresponds with Pages 119 and 120 in the lower right corner of the documents. | Released previously in its entirety |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 491 | None Listed | None Listed | Word Document | Talking Points paper providing a brief background of the Loving case, the Tag's duties as the case moves forward and the Sectary's options. | 28-Oct-04 | 1 | Corresponds with Page 121 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. . Prosecutorial Files. |
| 492 | N/A | N/A | Matrix | Victim Contact Log consisting of contact information and case-related information on the families of the victims of PVT Loving | Undated | 2 | Corresponds with Pages 122 and 123 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. . Prosecutorial Files. |
| 493 | None Listed | None Listed | Power Point | Power point slides providing a brief synopsis of the Loving case including the key matters in mitigation and status of the writ at CAAF | Undated | 3 | Corresponds with Pages 124 through 126 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. . Prosecutorial Files. |
| 494 | MG Huffman (The Army Judge Advocate General) | The President of the United States (Through the Secretary of the Army) | Memo | Draft Memorandum containing the Judge Advocate General of the Army's advice regarding clemency in the capital case of PVT Dwight Loving. Includes a detailed discussion of PVT Loving's case and the applicable law. | 16-Jun-99 | 38 | Corresponds with Pages 127 through 164 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 495 | MG Romig (The Army Judge Advocate General) | The Acting Secretary of the Army | Memo | Draft Memorandum containing the Judge Advocate General of the Army's advice regarding clemency in the capital case of PVT Dwight Loving. Includes a detailed discussion of PVT Loving's case and the applicable law. | 13-Jan-04 | 32 | Corresponds with Pages 165 through 196 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 496 | None Listed | The Acting Secretary of the Army | Power Point | Power point slides for a briefing seeking the acting Secretary of the Army's recommendation on the death sentence of PVT Loving | Undated | 4 | Corresponds with Pages 197 through 200 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| 497 | Acting Secretary of the Army (R.L. Brownlee) | The President of the United States | Memo | Memorandum containing the recommendation of the Acting Secretary of the Army R.L. Brownlee in the PVT Loving capital case | Undated | 1 | Corresponds with Page 201 in the lower right corner of the documents. | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| ///////////////// | ///////////////// | ///////////////// | **FOIA DOCUMENTS REFERRED TO THE NAVY** | ///////////////// | /////// | ///////////////////////////////////////// | | |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 498 | None Listed | None Listed | Memo | Memorandum discussing the navy's procedural review of an adjudged death sentence and specifically discusses whether the Secretary of the Navy would have the power to commute or otherwise disapprove of a death sentence | 14-Jul-94 | 7 | These are the seven (7) pages that were Navy documents deemed to be responsive. | Withheld in its Entirety. Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| /////////////// | /////////////// | /////////////// | /////////////// | **FOIA DOCUMENT REFERRED FROM ARMY OTJAG TO THE OFFICE OF THE SECRETARY OF THE ARMY** | /////////////// | ///// | /////////////////////////////////////////// | |
| 499 | The Secretary of the Army | The President of the United States | Memo | Memorandum to the President containing the Secretary of the Army's recommendation regarding whether or not PVT Loving's death sentence should be approved. | 8-Nov-04 | 1 | This is the one page referred from the Army OTJAG to the Office of the Secretary of the Army | Withheld in its Entirety. Exempt from release under Army Regulation 340-21, paragraph 5-5f. Prosecutorial Files. |
| /////////////// | /////////////// | /////////////// | /////////////// | **RESPONSIVE DOCUMENTS RELEASED WITH REDACTIONS** | /////////////// | ///// | /////////////////////////////////////////// | /////////////////////////////////////////// |
| 500 | Various | Various | Various | Documents released to the requestor with redactions for names, phone numbers, Social Security Numbers, Etc | Various | | Corresponds with the redactions of obvious names, phone numbers, addresses or similar de minimis redactions of personally identifiable information throughout Pages 1 through 167 in the lower right corner of the documents that were released with redactions. | Redacted in accordance with Exemption (b)(6) to protect individual's privacy interest |
| 501 | LTC Yantis (non-attorney Army Staff), COL Condron, | COL Condron, Ms. Stephanie Barna, LTC Yantis | email | Part of an email string regarding a draft of a press release and discussing the goals of an upcoming meeting with the Army TJAG and the Army General Counsel | 3-Mar-03 | 1 | Corresponds with Page in the lower right corner of the documents. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 502 | COL Condron | Mr. Jones | email | email discussing the status of the Loving case and upcoming briefing from Army OTJAG to Army OGC | 1-Aug-03 | 1 | Corresponds with Page 94 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 503 | None Listed | None Listed | Word Document | Document entitled "Loving Death Penalty case" discussing the history of the Loving case including the debate within DOD regarding the need for a regulation on forwarding cases to the President | Undated | 3 | Corresponds with Pages 134 through 136 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 504 | LTC Yantis; COL Condron; | COL Condron, Ms. Stephanie Barna, LTC Yantis; | email | Email string discussing media strategy, proposed changes and processing of the TJAG's opinion and way ahead in the Loving and Gray cases. | 5-Mar-03 | 2 | Corresponds with Pages 155 and 156 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 505 | COL Condron, Mr. Reed | CPT Vergona, BG Black, COL Condron | email | Email string discussing the plan for briefing Congressional staffers, handling media issues, and requirements to provide notice to Loving's counsel | 21-Mar-03 | 2 | Corresponds with Pages 157 and 158 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 506 | LTC Harvey (OTJAG Attorney) | Mr. William Stranko (Office of the General Counsel) | email | email regarding a request for re-consideration filed by Loving at CAAF and legal analysis of the case | 20-Apr-99 | 2 | Corresponds with Pages 161 and 162 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 507 | COL John Smith (Chief, Government Appellate Division - Army) | MG Nardotti (The Army Judge Advocate General) | Memo | Memo containing the procedural history of the Loving case and discussing the constitutionality of the death penalty in Loving's case | 14-Jan-97 | 5 | Corresponds with Pages 163 through 167 in the lower right corner of the documents released with redactions. | Released with redactions Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| /////////// | ///////////// | ////////////// | **DOCUMENTS WITHHELD IN THEIR ENTIRETY FROM DOCUMENTS REFERRED TO ARMY FROM DOJ** | ///////////// | ////// | /////////////////////////////////////////////// | //////////////////////////////////// |
| 508 | None Listed | None Listed | Word Document | Document discussing proposed principles that should be followed in developing the rules for processing of Death Penalty Cases to the President | Undated | 1 | | Withheld in its entirety Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 509 | COL Harvey | None Listed | Info Paper | Information Paper discussing the background appellate processing of the Loving case including examples of state clemency procedures | 28-Jul-99 | 9 | | Withheld in its entirety Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| 510 | None Listed | None Listed | Draft DOD Directive | Draft DOD Directive 5510.4 "The Processing of Death Penalty Court-Martial Cases" | Undated | 4 | | Withheld in its entirety Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |
| /////////// | ///////////// | ////////////// | **ONE PAGE DOCUMENT REFERRED FROM NAVY TO THE ARMY ON 28 MAR 07** | ///////////// | ////// | /////////////////////////////////////////////// | //////////////////////////////////// |

DWIGHT J. LOVING, Plaintiff v. DEPARTMENT OF DEFENSE, et. al. Defendants, Civ. Action No. 1:06-cv-1655(ESH)
ATTACHED TO DECLARATION OF COL FLORA D. DARPINO

| Item # | Author | Addressee | Document Type | Description | Date | Pgs | Comments | Rmks/Exemption(s) |
|---|---|---|---|---|---|---|---|---|
| 511 | LTC Naugle (USMC Jag) | The Navy TJAG | Memo | Memorandum discussing the various service's viewpoint on the procedures to be used in processing a death penalty case to the President for action | 2-Nov-98 | 1 | | Withheld in its entirety Ex. 5 -- Deliberative Process, Pre-decisional Ex. 5 -- Attorney Work-Product |