# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DWIGHT J. LOVING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-cv-1655 (ESH) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF DEFENSE *et al.*, | ) | ORAL ARGUMENT REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, plaintiff moves this Court for summary judgment that the

records identified as Item Nos. 408, 458, 465, 497, and 499 in defendant's *Vaughn* index

attached to the Declaration of Flora D. Darpino dated March 30, 2007 and Item Nos. 33, 34, 35,

86, and 87 in defendant's *Vaughn* index attached to the Declaration of Robert E. Reed dated

March 27, 2007 are not exempt from disclosure.  Plaintiff further seeks an order directing

defendant to release those records in their entirety.

Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
Charles F. Schill (D.C. Bar # 230326)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-8090
Facsimile: (202) 429-3902

Of Counsel:

Teresa L. Norris*
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
Telephone: (803) 765-1044
Facsimile: (803) 765-1143

* moving for *pro hac vice* admission

*Attorneys for Plaintiff*

Dated:  April 18, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DWIGHT J. LOVING )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT )<br>OF DEFENSE *et al.*, )<br><br>Defendants. ) | Civil Action No. 1:06-cv-1655 (ESH) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dwight J. Loving ("Loving") submits this memorandum in opposition to the

Motion of defendants United States Department of Defense ("DoD") and United States

Department of the Army ("Army") for Summary Judgment, and in support of plaintiff's Cross-

Motion for Summary Judgment.

**INTRODUCTION AND SUMMARY**

In this FOIA action, plaintiff seeks records from DoD and Army concerning policies and

procedures for forwarding cases involving death-sentenced military personnel and also

concerning his death sentence which is pending "approval" by the ultimate sentencing authority

for military capital punishment, the President of the United States.

**BACKGROUND**

Defendants have been frustrating plaintiffs' requests for records concerning the

government's handling of military death penalty cases — including his own — for years.

Having been convicted *seventeen years ago*, in April 1989, plaintiff has *to this day* been unable to review the government's sentencing recommendation prepared in accordance with Rules for Courts-Martial ("R.C.M.") 1204(c)(2) and 1205(b).

By way of background, plaintiff was sentenced to death, a dishonorable discharge, and forfeiture of all pay and allowances, and his death sentence was affirmed by the United States Supreme Court in 1996. *Loving v. United States*, 517 U.S. 748 (1996). However, a unique procedural requirement for death sentencing of servicemembers leaves the ultimate sentencing of a court-martial adjudged death sentence to the President of the United States. Article 71(a) of the Uniform Code of Military Justice ("UCMJ") confers this super-sentencing authority in the President:

> If the sentence of the court-martial extends to death, that part of the sentence providing for death may not be executed until ***approved*** by the President. In such a case, the President may commute, remit, or suspend the sentence, or any part thereof, as he sees fit. That part of the sentence providing for the death may not be suspended.

10 U.S.C. § 871(a) (emphasis added). In other words, in death sentence cases the President acts as the final decision-maker in arriving at the ultimate sentence levied on the convicted servicemember. *Id.* A military death sentence may be "approved by the President" or the President may commute the sentence. *Id.* Of course, the President's final decision can have a grave consequence, or alternatively may provide a lifeline to the convicted. The President has not yet issued the ultimate sentence to be levied on plaintiff.

According to the government, the military has pursued transmittal of plaintiff's case to the President since November 8, 2004. Declaration of Colonel Flora D. Darpino dated March 30, 2007 ("Darpino Decl.") ¶ 5. In particular, on that date, the Acting Secretary of the Army

2

directed transmittal of the case to the President in accordance with R.C.M. 1204(c)(2), Manual

for Courts-Martial. *Id.* The government has further declared that the Secretary of Defense acted

on plaintiff's case on January 8, 2006, and members of the Army Staff acting on behalf of the

Secretary of the Army delivered the case to the President on January 23, 2006. Darpino Decl. ¶

7.

Plaintiff has for years sought disclosure of records pertinent to his sentencing under

Article 71(a), UCMJ, but the government has made clear that documents will not be voluntarily

provided to him. On March 24, 2003, plaintiff's counsel received a letter from TJAG's adviser

that plaintiff would not be notified of, or allowed to participate in the Article 71(a) process. *See*

Exhibit A. More recently, according to a June 30, 2006 Memorandum from Colonel Flora D.

Darpino, Chief, Criminal Law, Department of the Army, Office of the Judge Advocate General

to Colonel John T. Phelps II, Chief, United States Army Defense Appellate Division, "there is no

requirement to give counsel or the accused any documents forwarded to the President in a capital

case," including the recommendation of TJAG. *See* Exhibit B.

Plaintiff thus separately has pursued disclosure of military death sentence records

pursuant to FOIA and the Privacy Act. By letters dated August 11, 2005, plaintiff's counsel sent

each of DoD's Directorate for Freedom of Information and Security Review, and Army's Office

of the Judge Advocate General ("OTJAG"), a FOIA/Privacy Act request on behalf of plaintiff.

*See* Declaration of William T. Kammer dated March 28, 2007 ("Kamer Decl."), Ex. A; Darpino

Decl., Ex. A. Plaintiff's initial requests sought expedited processing pursuant to 5 U.S.C. §

552(a)(6)(E) because "failure to obtain these requested records could reasonably be expected to

pose an imminent threat to PVT Loving's life." *Id.* By letter dated August 26, 2005, Colonel

Flora D. Darpino of Army's OTJAG acknowledged receipt of Loving's request and stated that

3

there would be a delay but that the "request will be processed as soon as possible." *See* <u>Exhibit C</u>. By letter dated September 8, 2005, DoD assigned Loving's request as case number 05-F-2296 and also granted the request for expedited processing. *See* <u>Exhibit D</u>.

By letters dated January 31, 2006, counsel on behalf of plaintiff sent each of DoD and Army's OTJAG an administrative appeal for failure to provide a response determination to the respective FOIA/Privacy Act request. *See* <u>Exhibits E and F</u>. In particular, plaintiff had not received a single document or any other substantive response to the initial requests. The failure to provide a response determination within the statutory time limits was construed as a denial from which plaintiff appealed.

By letter dated April 7, 2006, plaintiff sent DoD a second administrative appeal of the denial of information and requested any records or portions thereof that were withheld or deleted, a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal was based. *See* <u>Exhibit G</u>. By letter dated April 14, 2006, DoD acknowledged the second administrative appeal, stated that the appeal would be "expedited," and stated that because the second appeal also concerned Army the DoD also forwarded it to Army for direct response to plaintiff. *See* <u>Exhibit H</u>.

After being stonewalled for over a year without receiving any responsive records or substantive responses from DoD or Army, and having exhausted administrative remedies, plaintiff filed the present action on September 26, 2006 to force the government to finally act on his requests. As a result, subsequent to the filing of the Complaint, defendants have released hundreds of pages of documents to plaintiff although hundreds more have been withheld. *See, e.g.*, Darpino Decl. ¶¶ 17-19.

4

Plaintiff's FOIA/Privacy Act requests have taken on heightened importance for three primary reasons. First, plaintiff's case was forwarded to the President for action under Article 71(a), UCMJ on January 23, 2006. Darpino Decl. ¶ 7. The sentencing recommendation that is transmitted to the President pursuant to R.C.M. 1204(c)(2) and 1205(b) has not been disclosed to plaintiff, thus depriving him of the opportunity to verify any factual assertions underlying the recommendation much less comment on, or rebut, the rationale of the recommendation itself. It has now been well over a year since the recommendation arrived at the White House and plaintiff has been denied procedural safeguards (disclosure and the chance to comment) designed to ensure its accuracy.

Second, after the transmittal of plaintiff's case to the President and after the filing of the present action, the United States Court of Appeals for the Armed Forces ("CAAF") ruled on September 29, 2006 in connection with habeas corpus proceedings that plaintiff may have grounds for extraordinary relief. *Loving v. United States*, 64 M.J. 132 (2006). In particular, in writing for the Court, Chief Judge Gierke stated:

> Petitioner has presented a potentially meritorious claim of ineffective assistance of counsel arising from his trial defense counsel's failure to conduct a reasonable investigation, for not pursuing leads known to the trial defense counsel relevant to this matter, and for not expanding the mitigation investigation into the defendant's traumatic life history. Petitioner has produced post-trial material which raises substantial questions about the reasonableness of the investigation upon which our 1994 decision rested.

*Id.* at 151-52.[1] The Court ordered "an evidentiary hearing to establish the factual predicate for [plaintiff's] claim." *Id.* at 152. Today, that evidentiary hearing is still pending. Darpino Decl. ¶

---

[1] *See Loving*, 64 M.J. at 132 fn. 3, citing *United States v. Loving*, 41 M.J. 213 (1994) which is the referenced 1994 decision.

4.  Thus, it has become even more evident that plaintiff must verify the factual assertions upon

which the sentencing recommendation to the President is based to ensure that the President has

been advised, for example, of the "potentially meritorious claim of ineffective assistance of

counsel" currently still at issue before CAAF.  And given CAAF's recent conclusion that there

are "substantial questions about the reasonableness" upon which it affirmed in 1994 the decision

of the lower court, *id.*, plaintiff understandably desires to comment on, or rebut as necessary, the

rationale for the recommendation itself.

Third, despite CAAF's September 2006 ruling, CAAF itself has concluded that it only

possesses collateral review jurisdiction during a limited period of time:

> [CAAF] has collateral review jurisdiction over this case during
> "the period after 'there is a final judgment as to the legality of the
> proceedings' under Article 71(c)(1) [UCMJ], but before the case is
> 'final' under Article 76 [UCMJ]."

*Id.* at 135, citing *Loving*, 62 M.J. at 236.  In essence, if the President acts under Article 71(a),

UCMJ prior to the court-ordered evidentiary hearing and thus prior to further review of and

decision on plaintiff's claim for ineffective assistance of counsel, CAAF's collateral review

jurisdiction vanishes and plaintiff's life is finally determined by the hand of the President.

Inasmuch as the President may act prior to resolution of the pending appellate proceedings,

procedural safeguards are warranted, including disclosure and the chance to comment on the

government's sentencing recommendation made to the President, to ensure accuracy.  FOIA and

the Privacy Act are the vehicles by which such procedural safeguards may be exercised.

Justice Thurgood Marshall has cautioned that "death is different." *Ford v. Wainwright*,

477 U.S. 399, 411 (1986), citing *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).  A

military execution is an extraordinary event and unprecedented in modern times, there having

been no executions pursuant to sentence by court martial in over 40 years.  Darpino Decl. ¶ 15.

The last instance in which a military death-sentenced inmate had his case reviewed by the

commander-in-chief was in February 1962 when President Kennedy commuted a death sentence

to a life sentence.  Dwight Sullivan, *A Matter of Life and Death: Examining the Military Death*

*Penalty's Fairness*, 45-Jun Fed. Law. 38, 39 (1998).  Further, there has not been an execution of

a servicemember since the hanging of an Army Private First Class at the United States

Disciplinary Barracks, Fort Leavenworth, Kansas on April 13, 1961.  Dwight H. Sullivan et al.,

*Raising the Bar: Mitigation Specialists in Military Capital Litigation*, 12 Geo. Mason U. Civ. Rts.

L.J. 199, 204-05 (2002).  Without relief granted by the Court in view of plaintiff's present action

under FOIA and the Privacy Act, plaintiff may be left in the dark as history unfolds and his fate

is determined on the basis of a one-sided and potentially incomplete presentation of the record to

the President.

## ARGUMENT

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND DEFENDANTS SHOULD BE DENIED SUMMARY JUDGMENT

## I.    SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted when it can be shown "that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(c); *Washington Post Co. v. Dep't of Health and Human Services*, 865 F.2d 320,

325 (D.C. Cir. 1989).  In a FOIA case, the agency bears the burden of justifying nondisclosure, 5

U.S.C. § 552 (a)(4)(B), and the agency is thus required to submit detailed declarations

identifying the documents at issue and explaining why they qualify for the claimed exemptions.

*See Petroleum Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992); *King v.*

*Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987); *Vaughn v. Rosen*, 484 F.2d 820, 826-28

(D.C. Cir. 1973).  Declarations that are conclusory and nonspecific cannot justify an agency's

decision to withhold the requested records. *See Public Citizen Health Research Group v. FDA*,

185 F.3d 898, 906 (D.C. Cir. 1999); *Voinche v. FBI*, 940 F. Supp. 323, 327 (D.D.C. 1996), *aff'd,*

1997 U.S. App. LEXIS 19089 (D.C. Cir. June 19, 1997).

The FOIA statute is unique in administrative law in that it places the burden of justifying

withholding on the defendant agency and mandates *de novo* judicial review rather than the usual

deferential standard of review.  *See Dep't of Justice v. Reporters Comm. for Freedom of the*

*Press*, 489 U.S. 749, 755 (1989) ("Unlike the review of other agency action that must be upheld

if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places

the burden 'on the agency to sustain its action' and directs the district courts to 'determine the

matter de novo.'") (quoting 5 U.S.C. § 552(a)(4)(B)).  Consistent with the Act's dominant policy

of disclosure rather than secrecy, the exemptions to FOIA are to be narrowly construed.  *See*

*Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  The

drafters of FOIA intended "that the courts interpret this legislation broadly, as a disclosure

statute and not as an excuse to withhold information from the public."  Cong. Rec. 13654 (June

20, 1966) (statement of then-Rep. Donald Rumsfeld).

At the summary judgment stage of a Privacy Act case, "the agency has the burden to

show that it acted in accordance with the statute."  *McCready v. Nicholson*, 465 F.3d 1 (D.C. Cir.

2006).

## II.    WITHHELD DOCUMENTS OF PARTICULAR RELEVANCE

The *Vaughn* submission attached to the Declaration of Flora D. Darpino identifies the

following records sought by plaintiff which have been withheld in their entirety:

1. Item # 408, described as a 31 page Memorandum dated January 13, 2004, authored by MG Romig (The Army Judge Advocate General) and addressed to The Secretary of the Army, "containing the TJAG's advice outlining the PVT Loving case in detail and providing a recommendation regarding whether the SecArmy should recommend approval of the death penalty to the President";

2. Item # 458, described as a 17 page Memo dated July 23, 1996, authored by The Army Judge Advocate General and addressed to The Secretary of the Army, "explaining the background in the case of PVT Loving, the authority and role of the Secretary of the Army in capital cases, and MG Nardotti's recommendation regarding the approval of the death penalty for PVT Loving";

3. Item # 465, described as a 32 page Memorandum dated January 13, 2004 / January 16, 2003, authored by MG Romig (The Army Judge Advocate General) and addressed to The Secretary of the Army, "containing the TJAG's advice outlining the PVT Loving case in detail and providing a recommendation regarding whether the SecArmy should recommend approval of the death penalty to the President";

4. Item # 497, described as an undated, 1 page Memorandum authored by the Acting Secretary of the Army (R.L. Brownlee) and addressed to the President, "containing the recommendation of the Acting Secretary of the Army R.L. Brownlee in the PVT Loving capital case";

5. Item # 499, described as a 1 page Memorandum dated November 8, 2004 authored by the Secretary of the Army and addressed to the President, "containing the Secretary of the Army's recommendation regarding whether or not PVT Loving's death sentence should be approved."

In addition, the *Vaughn* submission attached to the Declaration of Robert E. Reed dated March 27, 2007 ("Reed Decl.") identifies the following records sought by plaintiff which have been withheld in their entirety:

1. Item # 33, described as an undated, 1 page Memorandum authored by the Secretary of Defense and addressed to the President concerning "Processing of Military Capital Cases";

2.  Item # 34, described as an undated, 1 page Memorandum authored by the Office of General Counsel and addressed to the Secretary of Defense concerning "Processing of Military Capital Cases";

3.  Item # 35, described as an undated, 4 page DoD Directive 5510.4 authored by the Office of General Counsel concerning "Processing of Death Penalty Court-Martial Cases";

4.  Item # 86, described as a 1 page Memorandum dated January 8, 2006 from The Secretary of Defense addressed to the President concerning "Military Court-Martial Capital Case Forwarded For Action, *United States v. Dwight J. Loving*";

5.  Item # 87, described as an undated, 1 page Memorandum from the Office of General Counsel addressed to the Counsel to the President concerning "The President's Action in Two Military Capital Cases."

Plaintiff seeks disclosure of these ten documents from defendants (hereinafter referred to as "Withheld Documents.")[2]

## III.  DEFENDANTS HAVE IMPROPERLY WITHHELD INFORMATION PURSUANT TO FOIA EXEMPTIONS 5 AND 6

### A.  As a threshold matter, sentencing recommendations are not exempt from disclosure under FOIA.

Records that reflect sentencing recommendations to a sentencing authority are not *per se* exempt under FOIA.  In particular, in *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988), the Supreme Court held that a prisoner could sue the Justice Department under the Freedom of

---

[2] In the event that defendants further update their *Vaughn* indexes to disclose additional records in the form of communications concerning plaintiff sent to the President, plaintiff reserves the right to seek disclosure of such communications as well.  From defendants' *Vaughn* indexes, it is apparent, for example, that the President may not have been advised of the "potentially meritorious claim of ineffective assistance of counsel" currently still at issue before CAAF.  Defendants appear to have not disclosed any records sent to the President and dated on or after September 29, 2006 when CAAF issued its opinion *Loving v. United States*, 64 M.J. 132 (2006).

10

Information Act to obtain a copy of his presentence investigation report. A "presentence investigation report," while not prepared at the same stage of criminal proceedings as a sentencing recommendation forwarded to the President pursuant to R.C.M. 1204(c)(2) and 1205(b), serves a similar purpose and contains similar content. A presentence investigation report is prepared by a probation officer for use by the district court at sentencing. *Id.* at 3. The report includes factual information to be relied upon in determining an appropriate sentence and the investigating probation officer's recommended sentence. *Id.* at 3-4; *see also* Steven A. Fennell et al., *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv. L. Rev. 1615, 1617 (1980).

In *Julian*, the Supreme Court paved the way for disclosure of presentence reports "when the individual requesting discovery is the subject of the report." 486 U.S. at 12. The Court stated that "there simply is *no* privilege preventing disclosure" in this situation. *Id.* at 14. A prisoner's entitlement to review his or her presentence report extends except as to matters concerning confidential sources, diagnostic opinions, and other information that might cause harm to the prisoner or to third parties. *Id.* at 9. Moreover, the Court held that the presentence reports specifically were not exempt from disclosure by Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5). *Id.* at 14.

Sentencing recommendations forwarded to the President in connection with action under Article 71(a), UCMJ should be entitled to the same treatment as other sentencing recommendations such as those made in presentence reports. Rules for Courts-Martial 1204(c)(2) specifies:

> [T]he Judge Advocate General shall transmit the record of trial, the decision of the Court of Criminal Appeals, the decision of the Court of Appeals for the Armed Forces, and the recommendation

11

of the Judge Advocate General to the Secretary concerned for the action of the President.

The precise content of the "recommendation" is not set forth but nonetheless, from a practical point of view, the document would contain a factual predicate for a recommended ultimate sentence of approval of execution or commutation. Such information is of the same type that is included in presentence reports generated in connection with sentencing following conviction by court-martial, which is preliminary to the ultimate sentencing by the President.

More to the point, the government describes just such factual content in sentencing-related documents of particular relevance and listed in its *Vaughn* submission attached to the Declaration of Flora D. Darpino: Item Nos. 408, 458, 465, 497, and 499. In addition, in its *Vaughn* submission attached to the Declaration of Robert E. Reed, the following records sought by plaintiff are of particular relevance to sentencing: Item Nos. 33, 34, 35, 86, and 87.

It is plaintiff's position that on the limited information provided in the above-referenced entries in the *Vaughn* indexes prepared by the government, disclosure of such records to plaintiff would be consistent with the Supreme Court's holding in *Julian*. Plaintiff is the subject of such Withheld Documents and thus disclosure fits squarely within the rationale of *Julian*.

Further, disclosure would be consistent with other military justice procedures. For example, at the "trial" level, R.C.M. 1106(f)(1) requires that a copy of a sentencing recommendation made by the staff judge advocate to the convening authority be provided to the accused:

> Service of recommendation on defense counsel and accused. Before forwarding the recommendation and the record of trial to the convening authority for action under R.C.M. 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused. A separate copy will be served on the accused.

The purpose of the recommendation is "to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative." R.C.M. 1106(d). Required contents of the sentencing recommendation include the findings and sentence adjudged by the court-martial, a recommendation concerning clemency, and a specific recommendation as to the action to be taken by the convening authority on the sentence. *Id.*

Because sentencing recommendations made by the staff judge advocate are routinely provided to the accused, it follows that sentencing recommendations made by TJAG (and conveyed to the President) also should be furnished.

**B.      Exemption 5 does not apply to the Withheld Documents sought by plaintiff.**

Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). DoD and Army have asserted four types of privilege in withholding documents: deliberative process privilege, presidential communications privilege, attorney-client privilege, and attorney work-product privilege. The failure of each of these privileges to attach to the Withheld Documents sought by plaintiff will now be addressed.

**1.      The Supreme Court held in *Julian* that Exemption 5 is inapplicable in the context of sentencing.**

The Supreme Court has rejected the argument that Exemption 5 bars disclosure of a presentence investigation report "when the individual requesting discovery is the subject of the report." *Julian*, 486 U.S. 13-14. In fact, the Court stated that "there simply is *no* privilege preventing disclosure" in such a circumstance. *Id.* at 14. Thus, the deliberative process privilege, presidential communications privilege, attorney-client privilege, and attorney work-product privilege claimed by defendants under Exemption 5 are inapplicable.

13

With respect to the presidential communications privilege, *In re Sealed Case*, 121 F.3d 729 (D.C. Cir. 1997), is particularly instructive and thus is now discussed separately. Specifically, this Circuit has held that the presidential communications privilege is *not* absolute:

> The President can invoke the privilege when asked to produce documents or other materials that reflect presidential decisionmaking and deliberations and that the President believes should remain confidential. If the President does so, the documents become presumptively privileged. However, the privilege is qualified, not absolute, and can be overcome by an adequate showing of need.

*Id.* at 745 (footnote omitted). A more compelling and utter showing of need beyond the circumstances of plaintiff cannot be imagined. As explained previously, the sentencing recommendation that was transmitted to the President pursuant to R.C.M. 1204(c)(2) and 1205(b) has not been disclosed to plaintiff, and thus plaintiff has been stymied in his attempts to review any factual assertions underlying the recommendation much less comment on, or rebut, the rationale of the recommendation itself. Additionally, given CAAF's recent conclusion that there are "substantial questions about the reasonableness" upon which it affirmed in 1994 the decision of the lower court, *Loving*, 64 M.J. at 151-52, plaintiff understandably desires to comment on, or rebut as necessary, the rationale for the recommendation itself. And, given that CAAF only possesses collateral review jurisdiction during a limited period of time, *e.g.*, prior to when the President acts under Article 71(a), UCMJ, and thus may be unable to act in favor of plaintiff before loss of jurisdiction, there is a substantial need for plaintiff to review the record before the President to ensure accuracy especially with respect to presentation of evidence of mitigating factors.[3]

---

[3] The Supreme Court frowns upon reliance on information presented during sentencing that a defendant is not given an opportunity to rebut, because it is a "constitutional command that

**2.    Defendants have failed to disclose factual information reasonably segregable in the records.**

There has been no showing by defendants that the type of factual information sought by plaintiff in the Withheld Documents could not be reasonably segregated.  In particular, FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).  Defendants have not demonstrated, for example, that non-exempt portions of a document are inextricably intertwined with allegedly exempt portions thereby preventing disclosure.  *See Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (1977).   Moreover, defendants have "the burden of demonstrating that [the] withheld documents contain no reasonably segregable factual information." *Mokhiber v. Dep't of the Treasury*, 335 F. Supp. 2d 65, 69 (D.D.C. 2004).  This they simply have not done.

Turning to the *Vaughn* submission attached to the Declaration of Flora D. Darpino, Item # 408 and Item # 465 are described as "outlining the PVT Loving case in detail" while Item # 458 is described as "explaining the background in the case of PVT Loving, [and] the authority and role of the Secretary of the Army in capital cases."  By the very descriptions provided in the *Vaughn* index, it is clear that these Withheld Documents contain factual information.  At the minimum, therefore, defendants must produce redacted copies of these documents.

With respect to the records identified as Item Nos. 497 and 499 in defendant's *Vaughn* index attached to the Declaration of Flora D. Darpino and Item Nos. 33, 34, 35, 86, and 87 in

---

no person shall be deprived of life without due process of law." *Gardner v. Florida*, 430 U.S. 349, 351 (1977) (court's reliance on a confidential presentence report violated the Eighth and Fourteenth Amendments; defendant has a right to reliable procedures at the sentencing phase of a capital trial).

15

defendant's *Vaughn* index attached to the Declaration of Robert E. Reed, insufficient detail is provided for plaintiff to be able to determine whether these documents contain segregable factual information. To this end, this Circuit has made clear that "[t]he 'segregability' requirement applies to all documents and all exemptions in the FOIA." *Center for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984). Withholding of entire documents is disfavored where there exist non-exempt portions. *See, e.g., Billington v. Dep't of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000). Still further, this Circuit requires explicit findings on the issue of segregability of non-exempt portions of documents. *Id.*

This Circuit has explained that "an entire document is not exempt merely because an isolated portion need not be disclosed." *See Vaughn*, 484 F.2d at 825. Defendants must "describe what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document," such that "both litigants and judges will be better positioned to test the validity of the agency's claim that the non-exempt material is not segregable." *Mead Data Cent., Inc.*, 566 F.2d at 261.

Because of the nature of the Withheld Documents, *in camera* inspection may be appropriate. *See Allen v. CIA*, 636 F.2d 1287, 1298-99 (D.C. Cir. 1980); *see also Carter v. Dep't of Commerce*, 830 F.2d 388, 393 (D.C. Cir. 1987).

C.    **Exemption 6 does not apply to the Withheld Documents sought by plaintiff.**

Exemption 6 shields "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). According to the *Vaughn* indexes listing the Withheld Documents, none of these records have been withheld by defendants on the basis of Exemption 6. Thus, discussion of this FOIA exemption is moot.

16

**D.    None of the Withheld Documents sought by plaintiff are properly withheld under the Privacy Act.**

Of the Withheld Documents, only Item # 497 is identified by the government as being withheld under the Privacy Act.  Darpino Decl. ¶¶ 38-39.  This record is described as an undated, 1 page Memorandum authored by the Acting Secretary of the Army (R.L. Brownlee) and addressed to the President, "containing the recommendation of the Acting Secretary of the Army R.L. Brownlee in the PVT Loving capital case."  *See Vaughn* index attached to Darpino Decl.

Defendants claim that Item # 497 is exempt from disclosure in view of paragraphs 5-5(f) of Army Regulation 340-21 which exempt prosecutorial files from certain parts of the Privacy Act.  *See* 32 C.F.R. § 505.5(f)(iii).  However, following the Supreme Court's holding in *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988) concerning FOIA, the exemption under the Privacy Act should similarly not apply.

**IV.    CONCLUSION**

For the reasons addressed above, defendants' summary judgment motion should be denied, and plaintiff's cross-motion for summary judgment should be granted.

Respectfully submitted,


/s/ Seth A. Watkins_____
Seth A. Watkins (D.C. Bar # 467470)
Charles F. Schill (D.C. Bar # 230326)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-8090
Facsimile: (202) 429-3902

Of Counsel:

17

Teresa L. Norris*
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
Telephone: (803) 765-1044
Facsimile: (803) 765-1143

* moving for *pro hac vice* admission

*Attorneys for Plaintiff*

Dated:  April 18, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DWIGHT J. LOVING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-1655 (ESH) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE
AND PLAINTIFF'S STATEMENT OF GENUINE MATERIAL ISSUES**

Plaintiff responds as follows to numbered paragraphs of Defendants' Statement of Material Facts as to Which There Is No Genuine Issue:

12.    Admitted, except that plaintiff denies he was informed on January 24, 2006 of delivery of his case to the White House for presidential action.  Rather, the Chief, Defense Appellate Division was copied on a letter memorandum addressed to the Secretary of the Army and dated January 24, 2006 concerning forwarding of plaintiff's case to the White House.

36.    Admitted, except plaintiff denies that the bases of withholding by DoD of responsive documents are fully explained in the Declaration of Robert E. Reed and plaintiff also denies that the withheld documents are described in detail in the *Vaughn* index attached to this Declaration.

37.    Admitted, except plaintiff denies that the bases of withholding by Army of responsive documents are fully explained in the Declaration of Colonel Flora D. Darpino and

plaintiff also denies that the withheld documents are described in detail in the *Vaughn* index attached to this Declaration.

This record presents the following genuine issue of material fact:

1.    Whether defendants have carried their evidentiary burden of establishing that the withheld documents are properly exempt from disclosure.

Respectfully submitted,


/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
Charles F. Schill (D.C. Bar # 230326)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-8090
Facsimile: (202) 429-3902

Of Counsel:
Teresa L. Norris*
Blume Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
Telephone: (803) 765-1044
Facsimile: (803) 765-1143

* moving for *pro hac vice* admission

*Attorneys for Plaintiff*

Dated:  April 18, 2007

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DWIGHT J. LOVING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-cv-1655 (ESH) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S STATEMENT OF**
**MATERIAL FACTS NOT IN DISPUTE**

In support of his Cross-Motion for Summary Judgment, plaintiff states the following material facts not in dispute:

1.    The United States Court of Appeals for the Armed Forces ("CAAF") ruled on September 29, 2006 in connection with habeas corpus proceedings that plaintiff may have grounds for  extraordinary relief.  CAAF found that plaintiff has presented a potentially meritorious claim of ineffective assistance of counsel and that plaintiff has produced post-trial material which raises substantial questions about the reasonableness of the investigation upon which CAAF's 1994 decision on sentencing rested.

2.    On April 7, 2006, plaintiff filed an information appeal with the United States Department of Defense ("DoD"), following plaintiff's previous information appeal filed with DoD on January 24, 2006.  The April 7, 2006 information appeal further appealed the denial of information from the White House Military Office.

3.      By letter dated March 3, 2006, received by plaintiff by FAX on April 10, 2006, DoD acknowledged receipt of plaintiff's information appeal and informed plaintiff that the White House Military Office conducted a search and found no documents responsive to plaintiff's requests.

4.      Plaintiff exhausted his administrative appeals prior to filing the present action against the DoD and the United States Department of the Army.

5.      Each of plaintiff's August 11, 2005 letter requests to DoD and Army made under FOIA and the Privacy Act included a U.S. Department of Justice "Certificate of Identity" form executed by plaintiff.

6.      Each of plaintiff's administrative appeals filed with DoD and Army on January 31, 2006 as well as with DoD on April 7, 2006 included a U.S. Department of Justice "Certificate of Identity" form executed by plaintiff.

7.      Subsequent to the filing of the present action, defendants DoD and Army have released hundreds of pages of documents to plaintiff although hundreds more have been withheld.

Respectfully submitted,


/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
Charles F. Schill (D.C. Bar # 230326)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Telephone: (202) 429-8090
Facsimile: (202) 429-3902

Of Counsel:
Teresa L. Norris*
Blume Weyble & Norris, LLC
P.O. Box 11744

2

Columbia, SC 29211
Telephone: (803) 765-1044
Facsimile: (803) 765-1143

* moving for *pro hac vice* admission

*Attorneys for Plaintiff*

Dated:  April 18, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWIGHT J. LOVING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-1655 (ESH) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF DEFENSE *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Upon plaintiff's Cross-Motion For Summary Judgment, it is hereby

ORDERED that plaintiff's Cross-Motion For Summary Judgment is GRANTED, and it is

further

ORDERED that defendants' Motion for Summary Judgment is DENIED.


_____
UNITED STATES DISTRICT JUDGE

This _____ day of _____ 2007.

# EXHIBIT A



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
2200 Army Pentagon
Washington, DC  20310-2200

March 24, 2003

**REPLY TO
ATTENTION OF:**

Criminal Law Division

Ms. Teresa L. Norris
Center for Capital Litigation
P.O. Box 11311
1247 Sumter Street, Suite 303
Columbia, South Carolina  29201

Dear Ms. Norris:

This letter is to inform you, in your capacity as civilian defense counsel for Private (PVT) Dwight J. Loving, of the status of his court-martial case, *U.S. v. PVT Dwight Loving.*

As you are aware, the appellate processing of PVT Loving's case is complete.  Under the provisions of Rule for Courts-Martial (R.C.M.) 1113(c)(3), *Manual for Courts-Martial (MCM)*, a punishment of death may be ordered executed only by the President. In accordance with R.C.M. 1204(c)(2) and 1205(b), The Judge Advocate General of the Army soon will transmit the record of trial; the decisions of the Army Court of Criminal Appeals and the Court of Appeals for the Armed Forces; and the actions of the United States Supreme Court; together with his recommendation in this case, to the Secretary of the Army for the action of the President.

As you know, R.C.M. 1106(f), *MCM*, requires that service of the staff judge advocate's post-trial recommendation be effected on the accused and defense counsel and that defense counsel be afforded the opportunity to comment thereon; that occurred long ago in this case.  The Rules for Courts-Martial applicable to the processing of PVT Loving's case do not require The Judge Advocate General's recommendation to be served on defense counsel or the accused prior to submission to the Secretary of the Army for the action of the President.  Accordingly, neither the file compiled for forwarding to the Secretary nor any recommendation of The Judge Advocate General will be provided for your review.

Included in the file that will be compiled by The Judge Advocate General and forwarded to the Secretary of the Army will be your prior written submissions to The Judge Advocate General of the Army, dated September 10, 1998; a copy of your letter to The Judge Advocate General of the Army, dated November 11, 1996; a copy of your

37

-2-

letter to the Honorable William S. Cohen, dated September 8, 1998; a copy of your letter to the Clerk of Court, United States Court of Criminal Appeals, dated September 10, 1998; a copy of your Freedom of Information Act Request to The Judge Advocate General of the Army, dated September 10, 1998; a copy of your letter to The Judge Advocate General of the Army, dated September 10, 1998; and a copy of your letter to Lieutenant Colonel Mark Harvey, dated February 23, 1999.

Further, you are invited to supplement your original submission with any additional written matters you wish The Judge Advocate General to consider. The Judge Advocate General will append to the file to be forwarded to the Secretary of the Army for action by the President any written matters you elect to submit. Please submit all such written matters to this office no later than April 14, 2003. The processing of PVT Loving's case will not be held in abeyance after that date.

Additionally, I would also like to inform you of the provisions contained in Army Regulation 27-10, *Military Justice*, dated September 6, 2002, regarding your client's right to request representation by military defense counsel in post-conviction habeas corpus petitions. That regulation provides in pertinent part:

### 13–12. Habeas corpus representation
Military prisoners sentenced to death by a court-martial, who seek to file in Federal civilian courts post-conviction habeas corpus petitions, will, upon request to The Judge Advocate General, be detailed military counsel by The Judge Advocate General to assist counsel appointed by the District Court or individually retained for representation in such proceedings and any appeals therefrom. *See* Art. 70(e), UCMJ. This right exists irrespective of any decision by the accused soldier to hire civilian counsel at his own expense for such representation.

If PVT Loving desires to make such a request, please forward it through this office to The Judge Advocate General.

I request that you notify this office immediately of any change in your representation of PVT Loving. If you have additional questions, please refer them to me at 703-588-6788.

Sincerely,

William F. Condron, Jr.
Colonel, U.S. Army
Chief, Criminal Law Division

38

# EXHIBIT B



**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
2200 ARMY PENTAGON
WASHINGTON, DC 20310-2200

REPLY TO
ATTENTION OF:

DAJA-ZA                                                    30 June 2006

MEMORANDUM FOR COL PHELPS, CHIEF, DEFENSE APPELLATE DIVISION

SUBJECT: Transmittals of death penalty cases pertaining to PVTs Loving and Gray

1. I am in receipt of your letter of 20 March 2006, in which you request:

  a. Reconsideration of an earlier The Judge Advocate General (TJAG) decision to not provide Defense Appellate Division (DAD) and civilian attorneys representing PVTs Dwight L. Loving and Ronald Gray with recommendations, endorsements and other documentation that have been provided to the President for his consideration in deciding whether or not to approve a death sentence pursuant to Article 71, Uniform Code of Military Justice (UCMJ).

  b. Clarification of the DAD role in death penalty cases once the matter is sent to the President for final action.

  c. Information on the rules and procedures relating to Presidential clemency.

2. The following responds to each of your questions.

  a. <u>Request for documents provided to the President</u>.

    (1) You request the transmittal letters, time lines, recommendations, reviews and other documentation sent through the Secretary of the Army, Secretary of Defense, and Department of Justice to the White House. In the post trial processing of a death penalty case, Rules for Courts-Martial (R.C.M.) 1204(c)(2) and 1205(b) require that after the Court of Appeals has affirmed and the Supreme Court has taken action on the case, TJAG will transmit the record of trial, the decision of the Court of Criminal Appeals, the decision of the Court of Appeals for the Armed Forces and the recommendation of TJAG to the Secretary concerned for action by the President. This process has taken place in both the Loving and Gray cases.

    (2) Apart from the requirements in R.C.M. 1204(c)(2) and 1205(b), there are no other requirements in the UCMJ concerning the transmittal of a death penalty case to the President. Unlike the requirement specifically outlined in R.C.M. 1106 to provide the

DAJA-ZA
SUBJECT: Transmittals of death penalty cases pertaining to PVTs Loving and Gray

accused and counsel a copy of a Post Trial Staff Judge Advocate recommendation, there is no requirement to give counsel or the accused any documents forwarded to the President in a capital case.

(3) As the final decision authority on this case, the President may choose to release any matters he deems appropriate. In a 16 February 2006 letter, Ms. Teresa Norris, counsel for PVT Loving, expressed her concern to the President that she and the accused have not seen copies of the advice, recommendations and other documents forwarded to the President in the Loving case. The President or his designee may respond to Ms. Norris' request. Likewise, he may choose to release similar information to counsel for PVT Gray.

b. Request for clarification of the role of DAD counsel.

(1) The 20 December 2005 opinion of the Court of Appeals for the Armed Forces (CAAF) in Loving v. United States states that CAAF continues to have jurisdiction over death penalty cases prior to action by the President. Accordingly, DAD continues to have an obligation to zealously represent all of its death penalty clients during the period of continued jurisdiction by CAAF.

(2) After action by the President is complete, AR 27-10, paragraph 13-12, states that military prisoners sentenced to death who seek to file in Federal civilian courts post-conviction habeas corpus petitions, will, upon request to The Judge Advocate General, be detailed military counsel to assist counsel appointed by the District Court or individually retained.

c. Request for information on clemency procedures. You request information concerning the procedures relating to the clemency process. Similarly, Ms. Norris' 16 February 2006 letter to the President also requests information concerning clemency. As the procedures are not determined by the Army, I recommend you wait for the requested guidance from the Office of the President.

FOR THE JUDGE ADVOCATE GENERAL:

FLORA D. DARPINO
COL, JA
Chief, Criminal Law

2

# EXHIBIT C



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1777 North Kent Street
Rosslyn, Virginia 22209-2194

REPLY TO
ATTENTION OF:

August 26, 2005

Criminal Law Division

Teresa L. Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303(29201)
Post Office Box 11311
Columbia, South Carolina 29211

Dear Ms. Norris:

This is to acknowledge receipt of your letter dated August 11, 2005, which was received in this office on August 24, 2005, in which you requested documents which set out or reflect current approval policies or procedures for forwarding cases involving death-sentenced military personnel from The Judge Advocate General to the Secretary of the Army to the President for final decision, documents discussing or recommending procedural options for processing cases of death-sentenced military personnel, documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from The Judge Advocate General to the Secretary of the Army to the President, documents containing an opinion or recommendation about whether PVT Loving's sentence should be approved or commuted, documents to or from The Judge Advocate General, the Secretary of the Army, the Secretary of Defense, or their staff, containing a recommendation or soliciting an opinion on PVT Loving's sentence, and documents generated within the Department of the Army or the Department of Defense pertaining to PVT Loving's sentence. This response is being made on behalf of The Judge Advocate General.

We have conducted searches of the Criminal Law Division and located files which may contain records responsive to your request. We will also direct a copy of your request to departments and agencies that may have responsive documents. Because of the need to examine a large number of records spanning many years and the need to consult with other components of the Department of the Army, the Department of Defense and other agencies, we will be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the statute.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact Captain Carol Brewer at 703-588-6755.

Sincerely,

Flora D. Darpino
Colonel, US Army
Chief, Criminal Law Division
Office of The Judge Advocate General

# EXHIBIT D



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

SEP 0 8 2005
Ref: 05-F-2296

Ms. Teresa L. Norris
Center for Capital Litigation
1247 Sumter Street, Suite 303
P.O. Box 11311
Columbia, SC 29211

Dear Ms. Norris:

This is in an interim response to your Freedom of Information Act (FOIA) request dated August 11, 2005 and received by this office on August 23, 2005. Your request has been assigned case number 05-F-2296.

I am granting your request for expedited processing which will be processed in accordance with procedural requirements established in Department of Defense (DoD) Regulation 5400.7-R, available on the internet at http://www.defenselink.mil/pubs/foi. Expedited processing means that the offices processing your request, including this office, have placed it ahead of all other non-expedited FOIA requests in the processing queue, except for those expedited requests and FOIA litigations that have arrived earlier than your request. Please be aware that the DOD components tasked to search for and review documents responsive to your request are under no obligation to process your request at the expense of performing their normal day-to-day duties. In some instances, the performance of these duties may be primary to the processing of your FOIA request. I have additionally granted your request for a fee waiver.

Sincerely,

Will Kammer

Will Kammer
Chief

# EXHIBIT E

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Seth A. Watkins
202.429.8090
sethwatkins@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

January 31, 2006
By Facsimile (703-696-4506)

**Information Appeal**

Department of Defense
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155

Re:    Freedom of Information Act and Privacy Act Appeal
on Behalf of Private Dwight J. Loving
Case Number 05-F-2296

Dear Sir or Madam:

I am acting as co-counsel with Teresa L. Norris of the Center for Capital Litigation, Columbia, South Carolina, in connection with pending Freedom of Information Act ("FOIA") and Privacy Act requests on behalf of Private ("PVT") Dwight J. Loving. A U.S. Department of Justice "Certification of Identity" form executed by PVT Loving is attached as Exhibit A and authorizes the release of information to me. A Certification of Identity form also was previously submitted by Teresa L. Norris.

This will appeal the denial of information requested on behalf of PVT Loving under FOIA and the Privacy Act. Response is **urgently requested** because counsel for PVT Loving was informed by letter dated January 24, 2006 (Exhibit B) that his case file has now been forwarded to the White House for Presidential review of his death sentence. PVT Loving has been incarcerated since 1988 and only the President of the United States can approve and order the execution of his death sentence. By this latest action, it is clear that there is imminent threat to PVT Loving's life and time is of the essence.

Pending before the Department of Defense ("DoD") is a letter request dated August 11, 2005 (Exhibit C) for which an interim response was mailed by DoD dated September 8, 2005 (Exhibit D).[1]

---

[1] Separate FOIA and Privacy Act requests to Department of Defense-related entities also are pending before the Department of the Army, Office of the Judge Advocate General, Criminal Law Division.

STEPTOE & JOHNSON LLP

Department of Defense
Office of Freedom of Information
January 31, 2006
Page 2

In addition, also pending is a letter request to the White House Military Office ("WHMO") dated August 11, 2005 (Exhibit E). A further letter dated November 10, 2005 (Exhibit F) was sent to Richard Klingler, Associate Counsel to the President, inquiring as to the status of this request. No response has ever been received from WHMO. It is our understanding from the FOIA office of the DoD that the non-response to the WHMO letter request may be appealed to this FOIA office.

To date, PVT Loving has not received any documents or response determination with respect to the two above-identified letter requests under FOIA and the Privacy Act. Clearly, with Presidential review in progress, there is a compelling need for expedited processing of the letter requests pursuant to 5 U.S.C. § 552(a)(6)(E).

In summary, the letter requests seek:

- documents that set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision;

- documents dated between January 1, 1994 and the present discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action;

- documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President;

- documents dated January 1, 1994 or later containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted;

- documents containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted; and

- documents dated January 1, 1994 or later generated with the Department of the Army or the Department of Defense pertaining to PVT Loving's death sentence.

Subsequent to the filing of the letter requests, revised Army Regulation 190-55 entitled "U.S. Army Corrections System: Procedures for Military Executions" was released on

STEPTOE & JOHNSON LLP

Department of Defense
Office of Freedom of Information
January 31, 2006
Page 3

January 17, 2006. Section 2-1 of this Regulation requires that the Judge Advocate General forward any clemency petition by prisoner and/or counsel and the recommendation of the Judge Advocate General to the Secretary of the Army for the decision of the President. The scope of the letter requests on behalf of PVT Loving includes all such documents forwarded from the Judge Advocate General to the Secretary of the Army to the President in connection with PVT Loving.

Moreover, in its January 24, 2006 letter, the Office of the Judge Advocate General informed counsel for PVT Loving that "[t]he case file has been reviewed by The Judge Advocate General, The Secretary of the Army, and The Secretary of Defense." *See* Exhibit B. The scope of the letter requests on behalf of PVT Loving further includes all documents relating to communications and recommendations from these offices concerning PVT Loving's death sentence.

The failure to provide a response determination to a FOIA request within the statutory time limits may be construed as a denial from which a requester may appeal. *See, e.g.,* 5 U.S.C. § 552(a)(6)(C) and DoD 5400.7-R §§ C1.4.7, C5.3.1.

I request that DoD review the record and order the production of responsive documents to me or to the initial requestor, Teresa L. Norris. In the event that any records or portions thereof are withheld or deleted, I request a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal is based.

Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

Sincerely yours,

Seth A. Watkins

Attachments (Exhibits A-F)

cc:    Teresa L. Norris, Esq.,
       Center for Capital Litigation (w/attachments)

# EXHIBIT F

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Seth A. Watkins
202.429.8090
sethwatkins@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC  20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

January 31, 2006
By Facsimile (703-588-0144)

**Information Appeal**

Department of the Army
Office of the Judge Advocate General
Criminal Law Division
1777 North Kent Street
Rosslyn, VA 22209-2194

Re:     Freedom of Information Act and Privacy Act Appeal
        on Behalf of Private Dwight J. Loving

Dear Sir or Madam:

        I am acting as co-counsel with Teresa L. Norris of the Center for Capital Litigation, Columbia, South Carolina, in connection with pending Freedom of Information Act ("FOIA") and Privacy Act requests on behalf of Private ("PVT") Dwight J. Loving.  A U.S. Department of Justice "Certification of Identity" form executed by PVT Loving is attached as Exhibit A and authorizes the release of information to me.  A Certification of Identity form also was previously submitted by Teresa L. Norris.

        This will appeal the denial of information requested on behalf of PVT Loving under FOIA and the Privacy Act.  Response is **urgently requested** because counsel for PVT Loving was informed by letter dated January 24, 2006 (Exhibit B) that his case file has now been forwarded to the White House for Presidential review of his death sentence.  PVT Loving has been incarcerated since 1988 and only the President of the United States can approve and order the execution of his death sentence.  By this latest action, it is clear that there is imminent threat to PVT Loving's life and time is of the essence.

        Pending before the Office of The Judge Advocate General ("OTJAG") are two letter requests:[1]

---

        [1] Separate FOIA and Privacy Act requests to Department of Defense-related entities also are pending before the White House Military Office and the Department of Defense - Office of Freedom of Information.

WASHINGTON    •    NEW YORK    •    PHOENIX    •    LOS ANGELES    •    LONDON    •    BRUSSELS

STEPTOE & JOHNSON LLP

Department of the Army
Office of the Judge Advocate General
January 31, 2006
Page 2

(1) a request dated August 11, 2005 to OTJAG (Exhibit C), acknowledged by
letter from OTJAG dated August 26, 2005 (Exhibit D); and

(2) a request dated August 11, 2005 to the U.S. Army Resources and Programs
Agency ("USARPA") (Exhibit E) which was assigned tracking number FA-
05-547 and was forwarded to OTJAG, Criminal Law Division, by letter from
USARPA dated September 20, 2005 (Exhibit F).

In addition, in connection with a separate letter request to the U. S. Department of Justice
("USDOJ"), documents were forwarded to the Army for a decision concerning release:

(3) a request dated August 11, 2005 to the Pardon Attorney, USDOJ (Exhibit G)
which was assigned request no. 2005-33 and referred responsibility to the
Army for deciding whether to release 80 pages of documents identified by
USDOJ but that originated with the Army (see USDOJ letters dated
September 16, 2005 and January 26, 2006 in Exhibits H and I, respectively).

To date, PVT Loving has not received any documents or response determination with respect to
the above-identified letter requests to the Army under FOIA and the Privacy Act.  Nor has PVT
Loving received any documents or response determination with respect to the 80 pages of
documents related to the above-identified, referred letter request originally sent to USDOJ.
Clearly, with Presidential review in progress, there is a compelling need for expedited processing
of these requests pursuant to 5 U.S.C. § 552(a)(6)(E).

In summary, the letter requests (1)-(2) to the Army and the referred letter request
(3) (collectively, "Letter Requests") seek:

- documents that set out or reflect current approved policies or procedures for
  forwarding cases involving death-sentenced military personnel from the
  service Judge Advocate General to the service Secretary to the President for
  final decision;

- documents dated between January 1, 1994 and the present discussing or
  recommending procedural options for processing cases of death-sentenced
  military personnel, from the end of direct appellate review to Presidential
  action;

- documents which set out procedures or policies used between 1950 and 1962
  for forwarding cases involving death-sentenced military personnel from the
  service Judge Advocate General or service Secretary to the President;

STEPTOE & JOHNSON LLP

Department of the Army
Office of the Judge Advocate General
January 31, 2006
Page 3

- documents dated January 1, 1994 or later containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted;

- documents containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted; and

- documents dated January 1, 1994 or later generated with the Department of the Army or the Department of Defense pertaining to PVT Loving's death sentence.

Subsequent to the filing of the Letter Requests, revised Army Regulation 190-55 entitled "U.S. Army Corrections System: Procedures for Military Executions" was released on January 17, 2006. Section 2-1 of this Regulation requires that the Judge Advocate General forward any clemency petition by prisoner and/or counsel and the recommendation of the Judge Advocate General to the Secretary of the Army for the decision of the President. The scope of the Letter Requests on behalf of PVT Loving includes all such documents forwarded from the Judge Advocate General to the Secretary of the Army to the President in connection with PVT Loving.

Moreover, in its January 24, 2006 letter, OTJAG informed counsel for PVT Loving that "[t]he case file has been reviewed by The Judge Advocate General, The Secretary of the Army, and The Secretary of Defense." The scope of the Letter Requests on behalf of PVT Loving further includes all documents relating to communications and recommendations from these offices concerning PVT Loving's death sentence.

OTJAG's initial response letter dated August 26, 2005 states, in part, that "[w]e have conducted searches of the Criminal Law Division and located files which may contain records responsive to your request." According to the letter, OTJAG also sought responsive documents from other departments and agencies. However, PVT Loving has not yet received *any* documents or response determinations from OTJAG.

The failure to provide a response determination to a FOIA request within the statutory time limits may be construed as a denial from which a requester may appeal. *See, e.g.,* 5 U.S.C. § 552(a)(6)(C) and DoD 5400.7-R §§ C1.4.7, C5.3.1.

I request that OTJAG review the record and order the production of responsive documents to me or to the initial requestor, Teresa L. Norris. In the event that any records or portions thereof are withheld or deleted, I request a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal is based.

STEPTOE & JOHNSON LLP

Department of the Army
Office of the Judge Advocate General
January 31, 2006
Page 4


       Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

       Sincerely yours,

       Seth A. Watkins

Attachments (Exhibits A-I)

cc:    Department of the Army,
      FOIA/Privacy Acts Office (w/attachments, by Facsimile to 703-428-6522)

      Teresa L. Norris, Esq.,
      Center for Capital Litigation (w/attachments)

# EXHIBIT G

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Seth A. Watkins
202.429.8090
sethwatkins@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

April 7, 2006
By First Class Mail and Facsimile (703-696-4506)

**Information Appeal**

James Hogan, Chief
Appeals, Policy and Litigation Branch
Department of Defense
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155

> Re:    Freedom of Information Act and Privacy Act Appeal
> on Behalf of Private Dwight J. Loving
> Case Number 05-F-2296

Dear Mr. Hogan:

I am acting as co-counsel with Teresa L. Norris, Esq. in connection with pending Freedom of Information Act ("FOIA") and Privacy Act requests on behalf of Private ("PVT") Dwight J. Loving. A U.S. Department of Justice "Certification of Identity" form executed by PVT Loving is attached as Exhibit A and authorizes the release of information to me. A Certification of Identity form also was previously submitted by Teresa L. Norris.

I previously filed an Information Appeal in connection with this Case Number 05-F-2296 on January 31, 2006. No acknowledgement has been received from the Department of Defense ("DoD") concerning the January 31, 2006 appeal. Subsequent to that appeal, Ms. Norris received a letter from the DoD dated February 9, 2006 forwarding allegedly "responsive documents" to PVT Loving's requests.

This will appeal the denial of information requested on behalf of PVT Loving under FOIA and the Privacy Act. Response is urgently requested because counsel for PVT Loving was informed by letter dated January 24, 2006 (Exhibit B) that his case file has now been forwarded to the White House for Presidential review of his death sentence. PVT Loving has been incarcerated since 1988 and only the President of the United States can approve and order the execution of his death sentence. By this latest action, it is clear that there is imminent threat to PVT Loving's life and time is of the essence.

STEPTOE & JOHNSON LLP

James Hogan
Department of Defense
April 7, 2006
Page 2

Pending before the Department of Defense ("DoD") is a letter request dated August 11, 2005 (Exhibit C) for which a response was mailed by DoD dated February 9, 2006 (Exhibit D).[1]

In addition, also pending is a letter request to the White House Military Office ("WHMO") dated August 11, 2005 (Exhibit E). A further letter dated November 10, 2005 (Exhibit F) was sent to Richard Klingler, Associate Counsel to the President, inquiring as to the status of this request. No response has ever been received from WHMO. It is our understanding from the FOIA office of the DoD that the non-response to the WHMO letter request may be appealed to this FOIA office. The February 9, 2006 letter from the DoD does not make any mention of the WHMO. PVT Loving thus hereby appeals the denial of information from the WHMO.

In summary, PVT Loving requests:

- documents that set out or reflect current approved policies or procedures for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General to the service Secretary to the President for final decision;

- documents dated between January 1, 1994 and the present discussing or recommending procedural options for processing cases of death-sentenced military personnel, from the end of direct appellate review to Presidential action;

- documents which set out procedures or policies used between 1950 and 1962 for forwarding cases involving death-sentenced military personnel from the service Judge Advocate General or service Secretary to the President;

- documents dated January 1, 1994 or later containing an opinion or recommendation about whether PVT Loving's death sentence should be approved or commuted;

- documents containing a recommendation or soliciting an opinion on the issue of whether PVT Loving's death sentence should be approved or commuted; and

- documents dated January 1, 1994 or later generated with the Department of the Army or the Department of Defense pertaining to PVT Loving's death sentence.

---

[1] Separate FOIA and Privacy Act requests to Department of Defense-related entities also are pending before the Department of the Army, Office of the Judge Advocate General, Criminal Law Division.

STEPTOE & JOHNSON LLP

James Hogan
Department of Defense
April 7, 2006
Page 3

Subsequent to the filing of the letter requests, revised Army Regulation 190-55 entitled "U.S. Army Corrections System: Procedures for Military Executions" was released on January 17, 2006. Section 2-1 of this Regulation requires that the Judge Advocate General forward any clemency petition by prisoner and/or counsel and the recommendation of the Judge Advocate General to the Secretary of the Army for the decision of the President. The scope of the letter requests on behalf of PVT Loving includes all such documents forwarded from the Judge Advocate General to the Secretary of the Army to the President in connection with PVT Loving. PVT Loving hereby appeals the lack of production of any such documents by the DoD as responsive to the letter requests.

Moreover, in its January 24, 2006 letter, the Office of the Judge Advocate General informed counsel for PVT Loving that "[t]he case file has been reviewed by The Judge Advocate General, The Secretary of the Army, and The Secretary of Defense." *See* Exhibit B. The scope of the letter requests on behalf of PVT Loving further includes all documents relating to communications and recommendations from these offices concerning PVT Loving's death sentence. PVT Loving hereby also appeals the lack of production of any such documents by the DoD as responsive to the letter requests.

PVT Loving further appeals the denial of information as evident from the substantial redactions of content in the memoranda and emails provided by the DoD with its February 9, 2006 response letter. The February 9, 2006 response letter states that information is being "withheld because it is deliberative in nature, predecisional, and contains subjective evaluations, opinions and recommendations." The response letter also states that some information is being withheld due to "personal privacy" concerns. Because the extent of redactions of the memoranda and email produced by the DoD, and the lack of any information concerning the content that was redacted, PVT Loving is not able to make any assessment of the propriety of the denial of information. For any records or portions thereof that have been withheld or deleted, PVT Loving requests a specific statement identifying the material withheld, an index or similar statement of the scope of the material withheld, and a citation of the exemption sections upon which the denial on appeal is based.

Response to this appeal should be made to either me or the initial requestor, Teresa L. Norris. Pursuant to the Act's requirements on administrative appeals, I request a response to this appeal within twenty working days.

Sincerely yours,

Seth A. Watkins

Attachments (Exhibits A-F)
cc:    Teresa L. Norris, Esq. (w/attachments)

# EXHIBIT H



**DEPARTMENT OF DEFENSE**
**OFFICE OF FREEDOM OF INFORMATION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

APR 1 4 2006

Ref: 06-A-2296

Mr. Seth A. Watkins
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Dear Mr. Watkins:

This acknowledges receipt of your April 7, 2006 Freedom of Information Act (FOIA) appeal.

Your appeal dated January 31, 2006 was answered by this office on March 3, 2006 (copy enclosed). In that letter we also responded to Ms. Teresa L. Norris' FOIA request to the White House Military Office (WHMO).

I have decided to expedite your appeal. It will be processed in accordance with procedural requirements established in Department of Defense (DoD) Regulation 5400.7-R, available on the internet at http://www.defenselink.mil/pubs/foi/. Expedited processing means that the offices processing your appeal, including this office, have placed it ahead of all other non-expedited FOIA requests in the processing queue, <u>except for those expedited requests and FOIA litigations that have arrived earlier than your appeal</u>. Please be aware that the DoD components tasked to review documents responsive to your appeal are under no obligation to process it at the expense of performing their normal day-to-day duties. In some instances, the performance of these duties may be primary to the processing of the appeal.

Because your appeal also concerns the Department of the Army, we have forwarded it to the Army. The Army will respond directly to you. The address below refers.

Office of the General Counsel of the Army
Attn: Davin Blackborow
104 Army Pentagon
Washington, DC 20310-0104

You may be assured that action on your appeal will be completed as quickly as possible.

Sincerely,

James P. Hogan
Chief, FOIA Policy, Appeals &
Litigation Branch

Enclosure:
As stated



**DEPARTMENT OF DEFENSE**
OFFICE OF FREEDOM OF INFORMATION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

03 MAR 2006

Ref: 05-F-2296
06-A-0886
06-A-2296

Mr. Seth A. Watkins
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Dear Mr. Watkins:

This acknowledges receipt of your Freedom of Information Act (FOIA) appeal of January 31, 2006, in which you appeal two FOIA requests concerning your client, Private Dwight J. Loving.

Regarding your appeal to our lack of response to Ms. Norris' August 11 FOIA request to this office, we have answered Ms. Norris on February 9, 2006 (copy enclosed). Therefore this portion of your appeal is moot.

In reference to your appeal to the White House Military Office (WHMO), this office processes initial requests and appeals concerning WHMO. We were informed by WHMO that they have no record of receipt of Ms. Norris' August 11, 2005 request.

Upon receipt of your appeal, we tasked WHMO for a search for documents responsive to Ms. Norris' initial request. WHMO has conduct a search and found no responsive documents.

This response makes your appeal to WHMOs non-response moot.

2

You may appeal this no record determination by submitting your rationale to support an additional search effort. Any such appeal should be submitted within 60 days of the date of this letter to the address on the letterhead above.

Sincerely,

James P. Hogan
Chief, FOIA Policy, Appeals & Litigation
Branch